```
                                          Pages 1 - 11

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE CHARLES R. BREYER, JUDGE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
  VS.                          )   No. CR 18-00577 CRB
                               )
MICHAEL RICHARD LYNCH and      )
STEPHEN KEITH CHAMBERLAIN,     )
                               )
          Defendants.          )   San Francisco, California
_____)

                                   Wednesday, December 19, 2018
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

```
For Plaintiff:         ALEX G. TSE
                       Acting United States Attorney
                       450 Golden Gate Avenue, 11th Floor
                       San Francisco, California  94102
                  BY:  ROBERT S. LEACH
                       ADAM A. REEVES
                       WILLIAM FRENTZEN
                       ASSISTANT UNITED STATES ATTORNEYS


For Defendant Chamberlain:
                       BIRD MARELLA BOXER WOLPER NESSIM
                         DROOKS LINCENBERG RHOW
                       1875 Century Park East
                       23rd Floor
                       Los Angeles, California  90067-2561
                  BY:  GARY S. LINCENBERG, ESQ.


Reported By:  BELLE BALL, CSR 8785, CRR, RDR
              Official Reporter, U.S. District Court

      (Appearances continued, next page)
```

**APPEARANCES, CONTINUED**:

For Defendant Lynch:
        STEPTOE & JOHNSON, LLP
        1330 Connecticut Avenue, NW
        Washington, D.C.  20036-1795
  **BY:  REID H. WEINGARTEN, ESQ.**

        CLIFFORD CHANCE US LLP
        31 West 52nd Street
        New York, New York  10019-6131
  **BY:  CHRISTOPHER J. MORVILLO, ESQ.**

1   **Wednesday - December 19, 2018**                              **4:12 p.m.**
2                          **P R O C E E D I N G S**
3          **THE COURT:**  Now let's turn to Dr. Lynch and -- and --
4   well, let's see, counsel, who else -- Mr. Chamberlain.
5       And let me start out by -- well, the people can introduce
6   themselves.
7          **THE CLERK:**  Can counsel state your appearances,
8    please.
9          **MR. REEVES:**  Adam Reeves for the United States.
10          **THE COURT:**  Good afternoon.
11          **MR. WEINGARTEN:**  Good afternoon, Your Honor.  Reid
12   Weingarten for Dr. Lynch, with Chris Morvillo.
13          **THE COURT:**  You're here on a family vacation.
14          **MR. WEINGARTEN:**  In part.
15          **THE COURT:**  Welcome, Mr. Weingarten.
16      Mr. Lincenberg?
17          **MR. LINCENBERG:**  Good afternoon, Your Honor.  Gary
18   Lincenberg for Mr. Chamberlain.
19          **THE COURT:**  And you are back again?
20          **MR. LINCENBERG:**  Yes.
21          **THE COURT:**  And it's a pleasure to have you, by the
22   way.
23      Okay.  So where are we on this?  What -- you had some
24   discussions.  I did have a conversation with you the United
25   States Attorney which was faithfully transmitted to you.  And I

1  don't know whether you have any questions or how you want to
2  proceed, but I would be interested in your position.
3           **MR. WEINGARTEN:**  Very happy to make a report,
4   Your Honor.  Thank you for inviting us.
5       And obviously, we took note of the bail conditions that
6  would be set.  We were very pleased to see them.  Whatever else
7  is true in this case, Dr. Lynch will not be a bail jumper.
8       What we also want to do is explain an agonizingly
9  difficult predicament that we face.  And we face it for the
10 following reasons.
11      First and foremost, Dr. Lynch honestly and fervently
12 believes in his innocence, and deeply wants to be vindicated on
13 both sides of the Atlantic.  Why that complicates things, as
14 the Court no doubt knows, HP sued him in London.  The past
15 three years, he has spent countless hours and countless
16 resources with countless English lawyers preparing for this
17 battle.
18      As the Court may or may not know, trial is set in London
19 for March.  The barristers in the court have cleared their
20 dockets, and they have set, I think, nine months for this
21 trial.  It has been estimated that Dr. Lynch, himself, could be
22 on the stand being cross-examined for three weeks.
23      In the course of the plea-indictment discussions with the
24 government, we suggested to the government because the -- the
25 issues in London are virtually identical to the issues here,

| | |
|---|---|
| 1 | that we waive the statute, after all, this case is ancient and |
| 2 | we have advocated endlessly before the government for |
| 3 | indictment and he didn't get indicted until extremely recently, |
| 4 | that we waive the statute, and let the government see what's |
| 5 | going on in England -- this is a real process, this is a real |
| 6 | trial, the issues are virtually identical -- and have the |
| 7 | benefit of all that discovery. |
| 8 | Obviously, that suggestion was rejected.  Now we have to |
| 9 | decide what we do in England.  And normally in cases likes this |
| 10 | with parallel proceedings, the civil case is stayed and the |
| 11 | criminal case goes forward.  Everybody in this courtroom knows |
| 12 | that's normal. |
| 13 | But this may not happen in England because we have been |
| 14 | told by the barristers that there's absolutely no guarantee |
| 15 | that the English court will stay the proceeding.  And it would |
| 16 | be helpful if HP would join in, in a request for the stay.  And |
| 17 | to date, they have not. |
| 18 | So what is realistic is that Dr. Lynch will begin trial in |
| 19 | March, in England, on virtually the same issues.  It would be |
| 20 | cruel and unusual, of course, and obviously, if he was forced |
| 21 | to be in two places at the same time. |
| 22 | He is absolutely indispensable to our preparation here. |
| 23 | And he's also equally indispensable to the situation, to his |
| 24 | trial in England. |
| 25 | So on this particular matter, what we would respectfully |

1  request is an opportunity to work a little bit more with the
2  barristers who have a critical pretrial hearing in January
3  before the Court, to make a judgment whether or not it is
4  useful and fruitful to go before the English court and ask for
5  a stay.
6      And obviously, I believe -- I anticipate from what we've
7  heard that it will largely turn on what HP has to say about
8  this particular issue.
9      Issue number two for us is we --
10     (Off-the-Record discussion between the Court and Clerk)
11          **THE COURT:**  Go ahead.
12          **MR. WEINGARTEN:**  Issue number two, in addition to
13  this agonizingly difficult call in terms of what we did with
14  the English trial, is we're sentient beings.  We are observing
15  what's going on here, post-indictment.  And we allow for the
16  real possibility there will be a superseding indictment.
17     We need clarity on that.  Because after all, for Mister --
18  for Mike Lynch to make a judgment whether or not he's going to
19  fight extradition or contest extradition, he needs to know what
20  he's charged with.  So hopefully we'll get some clarity on
21  that.
22     And finally, in terms of the extradition question, I would
23  simply like to report to the Court the situation that Dr. Lynch
24  faces.
25     Anybody in the business knows forever that the Brits

1  generally return Brits to the United States when the United
2  States asks for it.  They're completely different from the
3  Swiss, the French, and the Germans, who don't extradite their
4  citizens to the United States.  The English do.  It's
5  controversial.  English law has changed.  I can go into this in
6  as much detail as you would like.
7      But recently, there have been a couple of cases where the
8  English have refused to extradite English to the United States.
9      Here's the point.  Here, here's exactly the point.  He has
10 received a flood of information on this extradition question.
11 No decision has been made.
12          **THE COURT:**  Okay.  Let me just ask this question.
13          **MR. WEINGARTEN:**  Sure.
14          **THE COURT:**  As to the third point, I'm not -- I mean,
15 that's -- whatever the law is, the law is.  I will only point
16 out that the Court permitted Mr. Hussain to come here.
17      And I would -- and what I've discussed with the government
18 is that we would have the same terms and conditions.
19          **MR. WEINGARTEN:**  Right.  And we are grateful.
20          **THE COURT:**  Notwithstanding whatever the treaty is; I
21 don't know.  I would be surprised if Dr. Lynch wasn't
22 responsive to court process and court orders.  And you're not
23 suggesting -- to contrary, you're suggesting just the
24 opposite.
25      Okay.  But number two is I don't see an issue,

1  necessarily, of a person being in two places at the same time.
2  Because the way I -- I would anticipate, absent some other
3  matters that I'm unaware of, is that if the defendants present
4  themselves, as an example, sometime in January for a day or a
5  morning, the Court would then proceed by directing the
6  government to produce all the discovery that has been provided
7  to date.  Perhaps other things would happen.
8      And there would be no requirement for -- for Dr. Lynch or
9  Mr. Chamberlain to participate in a trial of these charges,
10 sometime -- until -- until there's been an adequate time to
11 prepare, which would include any delay in the preparation for
12 the criminal trial, as necessitated by the civil trial, if that
13 is actually what occurs.
14     So I'm -- you know, I -- as to the -- the point about not
15 being in two places at the same time, I actually don't think
16 that's going to happen here.  As a matter of fact, I can assure
17 the defendants it won't happen.  It won't happen.  And there's
18 no reason to.
19     In the event that a stay is given on the proceedings in
20 England, then, again, it's not going to speed things up
21 necessarily.  There is a's lot of material that has to be
22 digested, and there may be motions have to be addressed.
23     So I don't think we're looking at trying two cases back to
24 back, or at about the same time.  So I just want to make that
25 clear for the record, because I think that that is the

1  situation that we face.
2          **MR. WEINGARTEN:**  Well, I have a modest ask.  And the
3  modest ask is:  Given the points I've made, give us through
4  the holidays, and let us have the pretrial hearing before the
5  English judge, and then come back to you with a formal --
6          **THE COURT:**  I think that's totally appropriate.
7          **MR. WEINGARTEN:**  Okay.
8          **MR. REEVES:**  (Nods head)
9          **THE COURT:**  So, when is your hearing?
10         **MR. MORVILLO:**  January 22nd.
11         **THE COURT:**  Okay.  So we can set something in the
12 beginning of February.
13         **MR. WEINGARTEN:**  Perfect.
14         **THE COURT:**  Do we have date, Lashanda, that you can
15 give Mr. Weingarten?  And Mister --
16         **THE CLERK:**  February 4th.
17         **THE COURT:**  How do you -- are you on trial in -- are
18 you a defendant in the English proceedings?
19         **MR. LINCENBERG:**  No, I'm not.
20         **THE COURT:**  But I did have a feeling that they are so
21 intertwined, in a sense, that whatever I would do in
22 Dr. Lynch's case I would probably do in your case.
23         **MR. LINCENBERG:**  Thank you, Your Honor.  I think it
24 makes sense if we set a date --
25         **THE COURT:**  I won't have three trials.

1   **MR. MORVILLO:** Right.
2   **THE COURT:** At least, I don't intend to, absent some
3   development.
4       All right. So thank you very much for coming in.
5   **MR. REEVES:** Did you want a date?
6   **THE CLERK:** February 4th, Judge, at 10:00 a.m.
7   **THE COURT:** Okay.
8   **MR. WEINGARTEN:** Yes. Thank Your Honor.
9   **MR. REEVES:** That's a morning, February 4th?
10  **THE CLERK:** Uh-huh.
11  **MR. REEVES:** That's fine. Thank you.
12  **MR. MORVILLO:** That should be fine. I just want to
13  advise the Court, I have a trial set for late January. It may
14  or may not get continued. And I can probably --
15  **THE COURT:** Where is it?
16  **MR. MORVILLO:** It's in Los Angeles Federal Court.
17  And if -- if there's a problem, I'll discuss with counsel or
18  have somebody else from my office come.
19  **THE COURT:** That's fine. I mean, it will just be --
20  basically you're coming in here for a status report. You
21  haven't waived any -- any arguments or any defenses and so
22  forth.
23      And I appreciate it.
24  **MR. MORVILLO:** Thank Your Honor.
25  **THE COURT:** A much better way to proceed. Thank you

```
1    very much.
2            MR. WEINGARTEN:  Thank Your Honor.
3            MR. REEVES:  Thank you, Your Honor.
4            THE COURT:  Okay, thank you.
5        (Proceedings concluded)
```

**CERTIFICATE OF REPORTER**

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Belle Ball

Belle Ball, CSR 8785, CRR, RDR

Monday, January 14, 2019