**Pages 1 - 12**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

UNITED STATES OF AMERICA, Plaintiff,

VS.

MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, Defendants.

**NO. CR 18-00577 CRB**

San Francisco, California
Wednesday, February 27, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

DAVID L. ANDERSON
United States Attorney
450 Golden Gate Avenue
San Francisco, California 94102
**BY: ADAM A. REEVES**
**WILLIAM FRENTZEN**
**ROBERT S. LEACH**
**ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Michael Richard Lynch:

Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, D.C. 20036-1795
**BY: REID H. WEINGARTEN, ESQ.**

Reported By: Ana M. Dub, RDR, CRR, CCRR, CRG, CCG
Official Reporter, CSR No. 7445

**APPEARANCES:   (CONTINUED)**


For Defendant Stephen Keith Chamberlain:
                    Bird Marella Boxer Wolper Nessim Drooks
                    Lincenberg Rhow
                    1875 Century Park East, 23rd Floor
                    Los Angeles, CA  90067-2561
               **BY:   GARY S. LINCENBERG, ESQ.**

**Wednesday - February 27, 2019** **4:27 p.m.**

**P R O C E E D I N G S**

**---o0o---**

**THE CLERK:** Calling Criminal Action CR-18-0577, U.S.A. versus Michael Richard Lynch and Stephen Keith Chamberlain.

Counsel, please step forward and state your appearances for the record.

**MR. LINCENBERG:** Good afternoon, Your Honor. Gary Lincenberg for Mr. Chamberlain, who is not present in court.

**THE COURT:** And his presence was excused?

**MR. LINCENBERG:** Yes.

**THE COURT:** Thank you.

He knows about the hearing?

**MR. LINCENBERG:** Yes, he does.

**THE COURT:** Thank you.

**MR. REEVES:** Adam Reeves, William Frentzen, and Robert Leach for the United States. Good afternoon, Your Honor.

**THE COURT:** Good afternoon.

**MR. WEINGARTEN:** Reid Weingarten for Michael Lynch.

**THE COURT:** Who is not present?

**MR. WEINGARTEN:** Not present.

**THE COURT:** Well, the ball's in your court. What's happening?

**MR. WEINGARTEN:** Good to be here.

You told me to be here with Mike Lynch or not, and I'm

happy to be here, and I'm happy to give a status report.

I think it's appropriate to begin with his health because that's what we talked about last time I was here. I can't remember exactly how much information I shared, but Dr. Lynch came up with a vicious infection. It's a recurring condition for him, and the infection wreaks havoc inside. Doctors treated it. They had to operate, and the healing is proceeding. The concern has been sepsis. It always is in this instance. And so he's watched carefully. And I'm happy to report that all signs are he's going to be fine.

I also report to the Court that there are other issues that have been considered in London that causes him still to be in London, and happy to make a full report about that.

I begin with this view of the world: I think it's extremely likely that one day I'm going to be standing at this podium; you're going to be sitting in that chair; Mike Lynch is going to be at that table; and there's going to be a jury right here. And I assume that to be the case. I think there are three ways that we get there.

One is, the extradition proceeding proceeds and the Government is successful in London. I think that's the least likely. That's according to the extradition lawyers that are representing Mike in London.

I think the second possibility is the extradition process begins -- and it's interesting that -- I don't know if you

recall this discussion that we had when I was last here, but we talked about what would happen if Mike comes here voluntarily and then there's a superseding indictment. And we both agreed that Mike could then contest the charges with extradition here.

And it turns out we were both wrong. I actually looked at the extradition treaty and the law. You postulated that, and I agreed. We were both wrong. It turns out that if --

**THE COURT:** It's more important that I'm wrong.

**MR. WEINGARTEN:** I know. I understand. I understand.

**THE COURT:** If you're wrong, okay. Half the lawyers in front of me are wrong. But when I'm wrong, it's a problem.

**MR. WEINGARTEN:** So 30 seconds of explanation.

**THE COURT:** Okay. Take your time. Go ahead.

**MR. WEINGARTEN:** It turns out there's this thing, the Rule of Specialty; and that is, if a person contests extradition and the Court orders him extradited, he cannot be charged, once he gets to the requesting country, with anything other than the original request. Okay?

So he would waive -- and it's explicit in the treaty. He would waive his ability to contest, on an extradition basis, new charges if he waived now.

**THE COURT:** I'm sorry. You lost me. I'm trying to -- I'm sure you're right, but I don't understand it.

You're saying if he comes here voluntarily --

**MR. WEINGARTEN:** Yes. Yes.

**THE COURT:** -- and if the Government supersedes --

**MR. WEINGARTEN:** Yes.

**THE COURT:** -- the fact that he is here voluntarily would mean that he could not contest --

**MR. WEINGARTEN:** Yes.

**THE COURT:** -- the superseding indictment.

Okay. Well, I understand that.

**MR. WEINGARTEN:** Yes, that's right.

**THE COURT:** Actually, now that it's coming back to me, and perhaps in a clouded way, I thought we talked about: What if he's extradited to the United States and then the Government comes in and files a superseding indictment? Can he then claim a further extradition proceeding? I thought I said I thought he could. But you're telling me I'm wrong; he couldn't.

**MR. WEINGARTEN:** Well, it could be my recollection of the conversation that the issue is different. I thought the question was: If Mike just gets on a plane, comes here -- you recall the concern was about the superseder that we think may well be coming. And my ask was: Leave Lynch in a position to decide whether or not to fight extradition when he sees the charges.

And then the discussion --

**THE COURT:** Be that as it may.

**MR. WEINGARTEN:** Be that as it may.

So Option Number 2 would be for the extradition proceeding

to get started, Mike Lynch gaining the benefits of his citizenship of Great Britain, and that he doesn't contest it, and extradition is ordered and he comes here, and then the Rule of Specialty applies.  So he has the protections under the treaty.  I think that's Option Number 2.

**THE COURT:**  Well, actually, that sounds like a pretty good option.

**MR. WEINGARTEN:**  I think it's a decent one.

And I just want to complete the options.  There's actually a third.

And the third is, he wakes up one morning and says:  I'm going to Heathrow; I'm getting on a plane; and I'm coming over here.

And to that end -- and this is not your problem.  This is my problem.  It's fair to report -- and this is really just a status report -- that the view of this matter by his American lawyers is not the same as the view of this matter --

**THE COURT:**  Well, I don't care what the view of the U.K. bar is.  I mean, it's very interesting.  I have great respect for them.  But that's actually not what I need to deal with.

**MR. WEINGARTEN:**  I understand completely, and I wasn't forcing that on you.  I wanted to come here and give a report to the Court on where things were.

**THE COURT:**  Okay.  So let me ask this question.

And I appreciate that. Listen, lawyers take positions all the time, some of which, obviously, would annoy the Court. But frequently, it's because the client wants to do something or doesn't want to do something or makes a calculation and so forth. And I understand all that. I understand all that.

And I think that perhaps your concern is, if you don't show up in some reasonable amount of time, I'm going to be extremely annoyed that I'm facing Mr. Chamberlain's trial -- that's Trial Number 2 -- after Mr. Hussein's trial, Trial Number 1, and then I'll be facing Trial Number 3 further on down the road, basically, with a lot of the same -- not all -- a lot of the same evidence.

And, of course, that's an accurate reflection of perhaps what the Court must go through. But if that's what the Court must go through, that's what I must go through.

Nevertheless, I think your second suggestion protects some of the -- addresses some of the concerns that have been addressed.

And I think what you are saying, if I can just guess, is that you're concerned that if he insists on the extradition proceeding, that I will somehow, in imposing a condition of bail or pretrial release, take that into account and, therefore, do something more, like, for example, confine him.

Okay. And given what I know today, I would not do that. If, in fact, he voluntarily agrees to extradition in order to

have the protection of extradition, that's fine. I'm not concerned -- I mean, it seems to me that's not a frivolous exercise of a right; it seems to me, given what you have said and what I accept, a meaningful one.

Does it make any difference to me? It may make some difference to the Government because they have to file and go through something, but that's too bad. They get paid whether they do it or not. And that it may be a little bit more of an effort, it's okay. I understand that.

So I leave it at that. I mean, I simply tell the Government, as I said the last time when you weren't here, I think the Government should proceed expeditiously on the extradition proceeding.

Whenever that date is appropriate under U.K. law, he'll have to decide "I want to contest it" or "I want to not contest it." And that's his decision based upon whatever the factors are that he considers relevant at the time.

But I am not of the opinion that I should simply just wait around for something to happen.

Now, obviously, if his health does not permit him to travel, I can take that into account. But I do want to point out -- I have no idea what his present state is, but I do want to point out that it is possible to fly here and spend one evening or one morning or something. I will put it on the calendar immediately, and then I will permit him to return to

the U.K. So we're not talking about an elaborate, lengthy, multi-day proceeding. Okay?

**MR. WEINGARTEN:** Yes.

**THE COURT:** All right. If I leave it up -- I don't know that there's anything else I can say on the subject.

**MR. WEINGARTEN:** Okay. Thank you.

**THE COURT:** Okay. Mr. Reeves, do you have anything you'd like to say on the subject?

**MR. REEVES:** I'd only like to ask that we adjourn the case -- and I understand the Court's comments -- but we adjourn it again for status, perhaps to a date at the end of March or possibly early April.

I spoke with counsel before. Some of the Court's comments have modified what we discussed. I might like a chance to confer with counsel about that date. And it's my hope that by that point in time, some of these issues may have been resolved. I don't know. But certainly, there needs --

**THE COURT:** I have no idea how extradition works. But do you want to say -- what is a convenient date for everybody? April X.

**MR. REEVES:** Could I confer for one second?

**THE COURT:** Yes, you can confer.

(Discussion off the record.)

**THE COURT:** Yes, Mr. Reeves?

**MR. REEVES:** Thank you very much for that time,

Your Honor.

We propose a date that's convenient for the Court in the first week of April, if that's possible, please.

**THE COURT:** Yes, that's just perfect.

**THE CLERK:** April 1st. Do you want to come in on a Monday?

**MR. WEINGARTEN:** A Tuesday?

**THE CLERK:** Tuesday. That's fine. April 2nd in the morning.

**THE COURT:** Thank you. I'll exclude time.

**MR. REEVES:** Thank you, Your Honor.

(Discussion off the record.)

**MR. REEVES:** So we're Tuesday, April 2nd, at 1:30 p.m.

**THE CLERK:** For status.

**MR. REEVES:** For status.

And I am going to eventually prepare a speedy trial exclusion order.

**THE CLERK:** Okay. I'll put it on my minute order.

**MR. REEVES:** Okay. Thank you very much.

(Proceedings adjourned at 4:42 p.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Thursday, February 28, 2019

Ana M. Dub

Ana M. Dub, CSR No. 7445, RDR, CRR, CCRR, CRG, CCG
Official Reporter, U.S. District Court