DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>STEPHEN KEITH CHAMBERLAIN,<br><br>    Defendant. | Case No. CR 18-577 CRB<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO CLARIFY CONDITIONS OF BOND FOR DEFENDANT STEPHEN CHAMBERLAIN<br><br>Hearing Date: September 25, 2019<br>Time: 1:30 p.m.<br>Courtroom 6, 17th Floor |

## **INTRODUCTION**

The Court should deny the ex parte application. To the extent the defendant seeks to travel to the United States to attend Court appearances and defend against the Superseding Indictment, the government will continue to secure his parole into the United States, as it has done previously. No order of this Court is necessary. To the extent the defendant demands entry into the United States for any other purpose, including to conduct business on behalf of co-defendant Michael Lynch's ventures Darktrace Limited and ICP London Limited ("Invoke Capital"), he has not demonstrated he is entitled to

U.S.' OPP'N TO EX PARTE APPLIC. RE CONDITIONS OF BOND,
CASE NO. CR 18-577 CRB      1

1  relief nor is "clarification" of the Court's Order Setting Conditions of Release and Appearance Bond the
2  appropriate vehicle to do so.

## FACTUAL BACKGROUND

On November 29, 2018, the Grand Jury returned an indictment against Michael Lynch and Stephen Chamberlain, former officers of Autonomy Corporation plc.  ECF No. 1.

On February 4, 2019, Mr. Chamberlain made an initial appearance.  ECF No. 13.  The Court issued an Order Setting Conditions of Release and Appearance Bond, setting an unsecured, $1,000 bond.  ECF No. 14.  The Order imposed numerous conditions on Mr. Chamberlain, including that he appear at all proceedings as ordered by the Court and surrender for service of any sentence imposed; that he not commit any federal, state, or local crime; and that he not harass, threaten, injure, tamper with, or retaliate against any witness.  *Id.*  The Court further checked the box for "[t]he following conditions also apply" and wrote:  "1) Cannot travel to another country that does not have an extradition treaty with the U.S. [and] 2) Travel otherwise allowed and he may continue to reside in the U.K."  *Id.*

The defendant, evidently, is not eligible for admission to the United States.  To ensure that the defendant can appear for Court proceedings, the Federal Bureau of Investigation ("FBI") has applied to the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for the defendant's admission under 8 U.S.C. § 1182(d)(5), which permits "parole into the United States temporarily . . . only on a case-by-case basis for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5).  Significant public benefit parole generally may be granted for aliens "who will participate in administrative, judicial, or legislative proceedings" including "individual[s] necessary for prosecution or investigation in the U.S."  *See* https://www.ice.gov/doclib/foia/reports/parole-authority-moa-9-08.pdf ("Parole Authority MOA"); *see also* 8 C.F.R. § 212.5 (providing parole is generally justified only on a case-by-case basis for "significant public benefit" for "[a]liens who will be witnesses in proceedings being, or to be, conducted by judicial, administrative, or legislative bodies in the United States").  "Parole is an extraordinary measure, sparingly used . . . and is not to be used to circumvent normal visa processes and timelines."

Parole Authority MOA at 2.  In its parole application, the FBI is required to assume responsibility to monitor the actions of the parolee while in the United States.

On April 2, 2019, the defendant appeared for a status conference.  In advance of that hearing, the FBI applied for parole on the defendant's behalf, which ICE granted.

In advance of the next scheduled Court appearance, July 10, 2019, the FBI again applied for parole on the defendant's behalf.  On July 1, 2019, upon stipulation by the parties, the Court continued the status conference to July 17, 2019.  ECF No. 32.  The defendant's appearance at the July 17, 2019 status conference was waived.  ECF Nos. 29 & 33.  Nonetheless, the defendant was granted parole, and on July 8, 2019, the FBI contacted the defendant to make arrangements for him to pick up the parole paperwork for travel to the United States, which was scheduled for July 9, 2019.  The defendant informed the FBI he was no longer traveling.

Throughout July and August, the defendant sought the FBI's assistance to travel to the United States from August 4, 2019, through August 9, 2019.  But the defendant's proposed travel to Boston and New York was only for the purpose of business (the defendant is employed by Invoke Capital's venture Darktrace Limited)   Parole for this travel under the significant public benefit exception was not granted.

## **ARGUMENT**

To the extent the defendant seeks to travel to the United States to attend Court appearances and defend against the Superseding Indictment, no order is necessary.  The government diligently has sought, and will continue to seek, his parole into the United States for such purposes under the significant public benefit exception.  The defendant is apparently dissatisfied with the time it takes for such matters to be resolved.  His insistence on an order is an unwarranted attempt to have ICE put any application on his behalf at the top of the line, at the expense of other defendants, witnesses, and other aliens needed for proceedings in the United States.  The Court should decline to interfere at this juncture.

To the extent the defendant demands entry into the United States for any other purpose, including to conduct business, the Bail Reform Act of 1984 does not afford him relief.  *See generally* 18 U.S.C. §§ 3142-3156.  That act authorizes courts to impose conditions on defendants to secure their

appearance for trial, not to impose obligations on the immigration authorities.  For this reason, the Court's form Order Setting Conditions of Release and Appearance Bond includes a condition *limiting* travel to certain jurisdictions, not requiring those jurisdictions to admit the defendant regardless of his qualifications for admission.  *See, e.g.*, ECF No. 14.  The defendant cites no case, statute, or rule for the proposition a criminal defendant must be admitted to the United States for purposes not related to the criminal proceeding, and this Court should refrain from ordering ICE, which is not before the Court, or any other agency, from deviating from their ordinary procedures under existing statutes and regulations.  It would be particularly inappropriate to do so based on the bare bones application before the Court that cites nothing further than the Bail Reform Act.

## **CONCLUSION**

For these reasons, the Court should deny the ex parte application.

DATED:  September 10, 2019

DAVID L. ANDERSON
United States Attorney

/s/
_____
ROBERT S. LEACH
ADAM A. REEVES
WILLIAM K. FRENTZEN
Assistant United States Attorneys