DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER |
| v. | |
| STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | |

## STIPULATION

The United States and the defendant, Stephen Keith Chamberlain, through undersigned counsel, hereby stipulate and agree as follows:

1.     The United States is prepared to begin its production of documents and materials required to be produced to the defendant and his counsel pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, *Giglio v. United States*, and the Jencks Act (18 U.S.C. § 3500). Among other documents and materials, the United States is prepared to produce to the defendant (a) witness statements governed by 18 U.S.C. § 3500, including, but not limited to, grand jury testimony governed by Fed. R. Crim. P. 6(e), SEC investigative testimony, and other sworn witness statements, and (b) other witness statements, including, but not limited to, FBI Form 302 reports of witness interviews (with attached exhibits) and other third

party reports of witness interviews, obtained or created by the government (collectively the "Protected Materials").

2. Counsel for the government submits that it continues to investigate the involvement of other persons and the possibility of other offenses arising from the facts and circumstances of this case. To protect the integrity of the ongoing investigation, counsel for the government submits that it is appropriate to prohibit the defendant from providing or distributing copies of the Protected Materials to, or sharing copies of the Protected Materials with, any co-defendant who has not made an initial appearance, subjects of the ongoing investigation, or other persons outside the scope of the defendant's attorney-client privilege. Counsel for the government acknowledges that the defendant may use information in the Protected Materials for any purpose consistent with defending against the allegations in the Indictment, including asking a witness or a witness's lawyer about information in the Protected Materials.

3. The parties agree and stipulate that there are multiple related civil lawsuits and investigations in the United States and the United Kingdom. To limit potential interference in the ongoing criminal investigation and the trial of any indictment, counsel for the government submits that it is appropriate to prohibit the defendant from furnishing copies of, or producing, the Protected Materials to any party or in connection with any related civil proceeding in the United States or the United Kingdom.

4. Accordingly, the parties stipulate and agree that the Court should issue the protective order sought herein.

5. To the extent that the government is prepared to produce grand jury testimony governed by Fed. R. Crim. P. 6(e), the Court has authority to issue this proposed protective order pursuant to Rule 6(e)(3)(E), which provides that the Court "may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding."

For these reasons, the parties request that the Court please issue an order authorizing disclosure of the Protected Materials subject to the conditions set forth below in the proposed order.

IT IS SO STIPULATED.

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

| | | |
|---|---|---|
| 1 | DATED:  January 16, 2020 | DAVID L. ANDERSON<br>United States Attorney |
| 2 | | |
| 3 | | /s/<br>_____ |
| 4 | | ROBERT S. LEACH<br>Assistant United States Attorney |
| 5 | DATED:  January 16, 2020 | BIRD, MARELLA, BOXER, WOLPERT,<br>NESSIM, DROOKS, LINCENBERG, & RHOW, |
| 6 | | P.C. |
| 7 | | |
| 8 | | /s/<br>_____ |
| 9 | | GARY S. LINCENBERG<br>ARIEL A. NEUMAN |
| 10 | | Attorneys for Defendant Stephen Chamberlain |

## [PROPOSED] ORDER

**FOR GOOD CAUSE SHOWN** in the above stipulation by the parties, it is hereby **ORDERED** that:

1. In its production of documents and materials, the United States may designate as "Protected Materials" (a) witness statements governed by 18 U.S.C. § 3500, including grand jury testimony governed by Fed. R. Crim. P. 6(e), SEC investigative testimony, and other sworn witness statements, and (b) other witness statements, including FBI Form 302 reports of witness interviews (with attached exhibits) and third-party reports of witness interviews, obtained or created by the government. The United States may designate as Protected Material any document attached to a witness statement as an exhibit, but that same document will not be considered Protected Material to the extent it has been produced separately by the United States or is otherwise available to the defendant or his attorneys.

2. Defendant may at any time serve upon counsel for the United States a written notice objecting to any designation by the United States pursuant to paragraph 2. If agreement cannot be reached promptly, defendant may seek relief from the Court.

3. Possession of copies of the Protected Materials shall be limited to the defendant and his attorneys, including any investigators, paralegals, law clerks, assistants, expert witnesses and other persons who are within the attorney-client privilege (hereinafter collectively referred to as "members of

the defense team"). Members of the defense team shall not include individuals (or attorneys) who have entered into a joint defense agreement or other similar agreements with the defendant (or his attorneys).

4. The defendant, his attorneys, and members of his defense team may use information in the Protected Materials for any purpose consistent with defending against the allegations in the Indictment, including asking a witness or a witness's lawyer about information in the Protected Materials, except they are prohibited from providing or distributing copies of the Protected Materials to, or sharing copies of the Protected Materials with, other persons without prior authorization from the Court.

5. The defendant, his attorneys, and members of his defense team shall not use copies of or furnish copies of or produce the Protected Materials in any related civil proceeding without prior authorization from the Court.

IT IS SO ORDERED.

DATED:

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge