**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>            Plaintiff,  )<br>  )<br>  VS.  )<br>  )<br>MICHAEL RICHARD LYNCH,  )<br>  )<br>            Defendant.  )<br>_____) | **NO. CR 18-00577 CRB** |

San Francisco, California
Wednesday, October 7, 2020

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS**

**APPEARANCES:**   (via Zoom)

For Plaintiff:
              DAVID L. ANDERSON
              United States Attorney
              450 Golden Gate Avenue
              San Francisco, California  94102
       **BY: WILLIAM FRENTZEN**
            **ROBERT LEACH**
            **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant Michael Richard Lynch:

              CLIFFORD CHANCE US LLP
              31 West 52nd Street
              New York, New York  10019
       **BY: CHRISTOPHER J. MORVILLO**
            **ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Reported By:  Marla F. Knox, RPR, CRR, RMR
              Official Reporter

```
1   APPEARANCES:   (CONT'D)

2
    For Defendant Michael Richard Lynch:
3
                            STEPTOE & JOHNSON LLP
4                           1330 Connecticut Avenue, NW
                            Washington, DC  20036
5                   BY:     REID H. WEINGARTEN
                            ATTORNEY AT LAW
6

7   For Defendant Stephen Keith Chamberlain:

8                           BIRD MARELLA BOXER WOLPER NESSIM
                            DROOKS LINCENBERG RHOW
9                           1875 Century Park East - 23rd Floor
                            Los Angeles, California  90067
10                  BY:     GARY S. LINCENBERG
                            ATTORNEY AT LAW
11
```

```
 1   Wednesday - October 7, 2020                              2:19 p.m.
 2                        P R O C E E D I N G S
 3                              ---000---
 4        THE CLERK:  Calling criminal action CR18-0577, USA
 5   versus Michael Richard Lynch.
 6        Counsel, please state your appearances.
 7        MR. FRENTZEN:  Good afternoon again, Your Honor,
 8   William Frentzen for the Government.  And I have co-counsel
 9   with me.
10        THE COURT:  Good afternoon.
11        MR. WEINGARTEN:  Good afternoon, Your Honor, it is
12   Reid Weingarten in Washington D.C.  Good to see you.
13        THE COURT:  Nice to see you.
14        MR. MORVILLO:  Good afternoon, Your Honor, Chris
15   Morvillo for Dr. Lynch from Connecticut.
16        MR. LINCENBERG:  Good afternoon, Your Honor, Gary
17   Lincenberg on behalf of Steve Chamberlin.
18        THE COURT:  Okay.  So I received a -- today a status
19   report indicating that there was -- well, it indicated that
20   there were ongoing discussions with respect to the -- missed --
21   Dr. Lynch's return to the United States or presence in the
22   United States.
23        And my first question is:  What exactly is the status of
24   the proceedings in England and, you know, where are we on that?
25        I guess, Mr. Weingarten or Mr. Morvillo, go ahead.
```

1  **MR. MORVILLO:** Your Honor, the extradition is under way. The Government has filed -- the Defense has filed their defense to the extradition over the summer. The Government's response is due, I believe, a week from Friday. The Defense will have an opportunity to respond to that.

And there is a hearing currently set in London for the week of January 11th. I think it is a three or four-day hearing, Your Honor.

**THE COURT:** Okay. However, what the status report indicated to me was that matters would be expedited if, in fact, the Court could give certain assurances. And somebody explain exactly what that meant.

**MR. FRENTZEN:** Your Honor, if I may, from our perspective, I think one of the issues raised by the Defense in the United Kingdom was pretrial detention as -- of Dr. Lynch as rationale against extradition.

And it was the Government's view that, you know, while we can't agree fully on all conditions, with Counsel for Dr. Lynch, that we believe that the Court is going to be able to fashion conditions of release of some variety such that even if we have to go through the full extradition process to get Dr. Lynch here, that, you know, we envision him being in some sort of situation, perhaps, without travel or with monitoring.

And I'm not asking Counsel on the other side to comment on that. I'm simply saying that from the Government's

1  perspective, the Court could issue a preliminary ruling that,
2  whatever the conditions are that we put in place, that the
3  Court would not be detaining Dr. Lynch pretrial, you know, I
4  mean, of course, unless he does something crazy.  But that is a
5  whole other matter if he violates.
6      So we thought it useful to have that -- to request that
7  from the Court.  We asked for the hearing because we recognize
8  this is an unusual posture, but we think that it could at least
9  facilitate the discussion in the UK around the extradition.
10         **THE COURT:**  Well, let me -- so, in other words, what I
11 understand the Government to be saying to me is that in the
12 Government's view, there could be a set of conditions -- short
13 of confinement -- that would assure his presence for the
14 proceedings and that he would not constitute a danger or risk
15 of flight.
16     Is that -- I think in a sense that's what -- that is what
17 the Government is saying that is its position.
18         **MR. FRENTZEN:**  That's correct, Your Honor.
19         **THE COURT:**  And is asking the Court whether the Court
20 could assure the parties that it would, in that regard, follow
21 the recommendation of the Government.  I think that's what is
22 being asked.
23     Is that right, Mr. Morvillo and Mr. Weingarten?  It seems
24 to me that that's what you are seeking?
25         **MR. MORVILLO:**  That's --

1    **THE COURT:**  I don't know whether you were seeking it,
2    by the way.  Maybe it is the Government that is seeking it, but
3    that would be -- that's what strikes me as what is on the
4    table.  Is that right?
5        **MR. MORVILLO:**  I think, Your Honor, what I'm hearing
6    is the Government is asking you as a part of their strategy in
7    London to make a statement, a preliminary ruling, that
8    Dr. Lynch will not be detained.  Obviously, we would not object
9    to that.
10       **THE COURT:**  And that would be in aid of the
11   extradition or would it be in aid of trying to resolve the
12   matter short of extradition?
13       **MR. MORVILLO:**  We are hearing the Government -- and
14   obviously the Government can speak for itself -- this is part
15   of their strategy to litigate in London.
16       Our only involvement here is we would never object to the
17   Court saying, of course, Mr. Lynch will not be detained when he
18   comes --
19       **THE COURT:**  Okay.  But you are not saying -- you are
20   not saying that this would be part of a process by which the
21   formal requirements of extradition could be waived?
22       **MR. MORVILLO:**  We are not having that conversation
23   with the Government right now, Your Honor.
24       **THE COURT:**  Okay.  So this would be simply in aid of
25   what the Government's position is and whether the Court would

1  adopt it in terms of -- if there is an extradition.
2         **MR. MORVILLO:**  That's my understanding.
3         **THE COURT:**  And absent any other circumstances that
4  are not yet known -- I mean, something unknown.  Is that right?
5     In other words, I don't know what the Government knows.
6  The Government is saying:  Based on what we know, this is what
7  our position is.  And, Judge, would you go along with that?
8  Would you say that that's appropriate?  Would you commit?
9     I think it is a commitment, isn't it?
10        **MR. MORVILLO:**  That's what I'm hearing.
11        **THE COURT:**  That's what I'm hearing.
12        **MR. MORVILLO:**  The same thing that you are --
13        **THE COURT:**  And the answer is yes.  Yes, I will make
14  that commitment based on the representation of the Government
15  that based upon what they presently know, they wouldn't seek
16  detention and the Court would not impose detention.
17        **MR. MORVILLO:**  And, of course, we would not object to
18  that.
19        **THE COURT:**  No.  I mean, why would you?
20        **MR. MORVILLO:**  Yes.  Why would we?
21        **THE COURT:**  Why would you?
22     All right.  So is there anything else for me to do in that
23  regard?  I mean, I made my commitment.
24        **MR. FRENTZEN:**  Your Honor, I think --
25        **THE COURT:**  Yeah, go ahead.

1 **MR. FRENTZEN:** And that may be sufficient. And I will
2 confer with Counsel. It may be appropriate that we send the
3 Court a proposed order after we run it by Defense Counsel that
4 would be very short and say essentially what I think the Court
5 has said.
6 **THE COURT:** Okay. And if so, I will sign it.
7 **MR. FRENTZEN:** Thank you, Your Honor.
8 **THE COURT:** All right. So moving ahead, we still have
9 the -- we are still talking about not knowing what is going to
10 happen to Dr. Lynch until some time in January; is that
11 correct? Is that a correct -- I'm now looking at re-- what do
12 I do about the next date, looking at that kind of time
13 schedule?
14 Do I -- have I got it right? Are we talking about
15 January?
16 **MR. WEINGARTEN:** Maybe Mr. Morvillo addresses that
17 one.
18 **THE COURT:** Did you hear me, Mr. Morvillo?
19 **MR. MORVILLO:** No, I'm sorry, Your Honor. My video
20 cut out and I was --
21 **THE COURT:** No, no. You sort of disappeared from the
22 galley -- from the galley here.
23 My question is: Is that it seems that the only thing left
24 now for me to do is to -- is to figure out another date for a
25 status; and that what I'm hearing is that that won't be a

meaningful date unless it is subsequent in the hearing in London.

**MR. MORVILLO:** It is my recollection, Your Honor, that you scheduled a status conference for this case for February 3rd or 4th, I believe.

**THE COURT:** Oh, I will leave it there. I will leave it there. Okay.

Mr. Lincenberg, you have been eloquent this morning. Is there anything else? You know I will continue your matter as well, and I will exclude time in light of these circumstances.

**MR. LINCENBERG:** Thank you, Your Honor.

**THE COURT:** Anything else?

**MR. LINCENBERG:** No.

**MR. FRENTZEN:** Not from the Government. Thank you, Your Honor.

**THE COURT:** Okay. Mr. Weingarten and Morvillo, all right?

**MR. WEINGARTEN:** Nothing else from us.

**MR. MORVILLO:** All good, Your Honor.

**THE COURT:** Okay. Thank you very much.

**MR. FRENTZEN:** Thank you, Your Honor.

(Proceedings adjourned at 2:28 p.m.)

---oOo---

### CERTIFICATE OF REPORTER

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Thursday, October 8, 2020

_____

Marla F. Knox, RPR, CRR
U.S. Court Reporter