DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. CR 18-577 CRB |
|---|---|---|
| Plaintiff, | ) ) ) | STIPULATION AND [PROPOSED] ORDER |
| v. | ) ) | |
| STEPHEN KEITH CHAMBERLAIN, | ) ) ) | |
| Defendant. | ) ) ) | |

**<u>STIPULATION</u>**

WHEREAS, on November 29, 2018, the Grand Jury returned an Indictment against Stephen Keith Chamberlain, a resident of the United Kingdom [ECF No. 1];

WHEREAS, on February 4, 2019, defendant Chamberlain ("the defendant") appeared before the Court (with counsel specially appearing), was arraigned on the Indictment, and pleaded not guilty to all counts;

WHEREAS, on March 21, 2019, the Grand Jury returned a Superseding Indictment against Chamberlain [ECF No. 21];

1    WHEREAS, on January 23, 2020, the Court entered a protective order respecting certain
2 discovery [ECF No. 54];

3    WHEREAS, on January 27, 2020, the government produced a substantial volume of discovery to
4 the defendant, including materials subject to the protective order;

5    WHEREAS, on February 21, 2020, the government made an additional production of discovery
6 to the defendant;

7    WHEREAS, on March 16, 2020, the Court issued General Order No. 72 (IN RE: Coronavirus
8 Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before May 1,
9 2020," and that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the
10 effect of the above public health recommendations on the availability of counsel and court staff to be
11 present in the courtroom, the time period of the continuances implemented by this General Order will be
12 excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by
13 ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial
14 pursuant to 18 U.S.C. section 3161(h)(7)(A)";

15    WHEREAS, on April 3, 2020, upon the stipulation of the parties, the Court issued an order
16 finding that the time to June 17, 2020 (the date the parties were scheduled to appear for a status
17 conference) shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A),
18 (B)(ii) & (iv) [ECF No. 60];

19    WHEREAS, on April 30, 2020, the Court issued General Order No. 72-2 (IN RE: Coronavirus
20 Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before June 1,
21 2020";

22    WHEREAS, on May 21, 2020, the Court issued General Order No. 72-3 (IN RE: Coronavirus
23 Disease Public Health Emergency), providing that "[n]o new jury trial will be conducted through June
24 30, 2020";

25    WHEREAS, on June 17, 2020, the Court convened a status conference and, after hearing from
26 the parties, set a further status conference for February 3, 2021, and excluded time under the Speedy
27 Trial Act from June 17, 2020, through February 3, 2021;

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1    WHEREAS, on or about January 29, 2021, after consultation with the parties, a Clerk's Notice
2    was issued continuing the status conference to May 20, 2021;
3    WHEREAS, issues arising from the COVID-19 pandemic continue to impede the parties' ability
4    to effectively prepare the case for trial, including the ability to meet with witnesses, some of whom
5    reside outside the United States;
6    WHEREAS, during the week of February 8, 2021, hearings were held in the extradition
7    proceeding relating to co-defendant Michael Richard Lynch, and the parties anticipate further oral
8    submissions on May 4, 2021;
9    WHEREAS, the parties stipulate and agree that an exclusion of time under the Speedy Trial Act
10   from February 3, 2021, to May 20, 2021, is appropriate due to the complexity of the case, the need for
11   defense counsel to review relevant evidence including recently produced discovery and discovery
12   arising from the extradition proceeding, consult with the defendant in the United States and effectively
13   prepare, and the ongoing COVID-19 pandemic;
14   THEREFORE, the parties stipulate and agree, and respectfully request that the Court order, that
15   excluding time from February 3, 2021, to May 20, 2021, will allow for the effective preparation of
16   counsel given the complexity of the case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).  The parties further
17   stipulate and agree that the ends of justice served by excluding the time from February 3, 2021, to May
18   20, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the
19   defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).  The parties stipulate and agree the
20   Court shall enter the proposed order below.
21   IT IS SO STIPULATED.
22   DATED:  February 17, 2021                                 DAVID L. ANDERSON
                                                               United States Attorney
23
                                                                /s/
24                                                             _____
                                                               ROBERT S. LEACH
25                                                             Assistant United States Attorney
26
27
28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

| | |
|---|---|
| DATED:  February 17, 2021 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG, & RHOW, P.C. |

/s/
_____
ARIEL A. NEUMAN
Attorneys for Defendant Stephen Chamberlain

## [~~PROPOSED~~] ORDER

Based upon the facts set forth in the stipulation of the parties and the representations made to the Court, and for good cause shown, the Court finds that failing to exclude the time from February 3, 2021, to May 20, 2021, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case.  18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).  The Court further finds that the ends of justice served by excluding the time from February 3, 2021, to May 20, 2021, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, and with the consent of the parties, IT IS HEREBY ORDERED that the time from February 3, 2021, to May 20, 2021, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).

IT IS SO ORDERED.

DATED:  February 19, 2021

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge