Gary S. Lincenberg - State Bar No. 123058
　glincenberg@birdmarella.com
Ariel A. Neuman - State Bar No. 241594
　aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
　rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>　　　　Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**DEFENDANT CHAMBERLAIN'S REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**<br><br>Date:　December 1, 2021<br>Time:　1:30pm<br>Crtrm.: 6<br><br>Assigned to Hon. Charles R. Brever |

## I. Introduction

In light of the government's representations to the Court in its Response to Chamberlain's Motion for Bill of Particulars (ECF No. 85), as well as the parties' meet-and-confer discussion on November 22, 2021, Chamberlain withdraws his Motion for Bill of Particulars as to Counts One through Sixteen based on the Government's representation that this case will be tried "largely on the same facts" as the *Hussain* trial and that "there will be no surprises." Resp. at 5. This satisfies counsel's concern that Chamberlain not have to analyze a plethora of other accounting decisions, communications and transactions dating back over a decade. Counsel will prepare for trial accordingly.

Count 17, however, was not a part of the Hussain trial. It contains a number of disconnected overt acts, none of which involve actions of Mr. Chamberlain except for the overt act alleged at paragraph 34(e).[1] The Government should be required to provide the particulars with respect to Chamberlain as to Count 17. Based on counsels' meet and confer, Chamberlain submits that it will not present a great burden on the Government to do so.

## II. The Court Should Grant Chamberlain's Motion for a Bill of Particulars as to Count Seventeen

### A. The Government's Procedural Argument Fails

The government asks the Court to dismiss Chamberlain's motion without prejudice and revisit the motion if and when Lynch appears before the Court, arguing that adjudication of Chamberlain's motion now risks giving defendants "two bites at the apple."[2]

---

[1] Overt acts identified in paragraphs 34(h) and 34(o) mention Chamberlain's name, but do not appear to allege any misconduct committed by Chamberlain.

[2] The government misrepresents Chamberlain's relationship to Lynch when it says that Chamberlain "now works for" Lynch. (ECF No. 90 at 2). In fact,

The government cites no authority for this proposed limitation. Chamberlain's motion requests particulars that relate to the charges and allegations that involve him. To the extent the Superseding Indictment contains insufficient particulars that prevent Chamberlain from meaningfully preparing a defense to the charges against him, there is no reason he should be required to wait until Lynch is extradited before he is given that information.

### B. The Government's Substantive Arguments Fail

As to Count Seventeen, the government's only argument is that Chamberlain is simply seeking "more information" about his alleged conduct. That mischaracterizes Chamberlain's motion, which asks for the particulars of what is charged::

> For each overt act allegedly committed in furtherance of the conspiracy charged in Count 17 in Paragraphs 34(a) through (q) of the SI, identify (1) which of the four alleged objects of the conspiracy (as stated in Paragraph 32) the government alleges were furthered by the act; (2) the identities of all alleged coconspirators the government alleges participated in the act; and (3) the basis on which the government contends that the act furthered the alleged conspiracy.

ECF No. 85 at 3.

As explained in Chamberlain's motion, his request is necessary because of the way the government charged Count Seventeen. Paragraph 32 of the Superseding Indictment identifies four separate criminal statutes that Chamberlain allegedly conspired to violate:

(a) circumventing a system of internal accounting controls of an issuer of securities in violation of 15 U.S.C. § 78m;

(b) tampering with witnesses, victims, and informants, in violation of 18 U.S.C. § 1512;

---

Chamberlain is currently not working as, at a point following the indictment, he was placed on leave. Previously, Chamberlain worked for a company called Darktrace. Chamberlain has never been employed by Lynch.

(c) obstructing proceedings before departments, agencies, and committees, in violation of 18 U.S.C. § 1505; and

(d) engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957.

Based upon the evidence known to Chamberlain, the parties' meet and confer, and reason, it appears that Chamberlain is alleged to have conspired to violate only the securities statute listed in Paragraph 33(a)—and not the statutes listed in subparagraphs (b)–(d). Oral argument should be used to confirm the government's position on this.

Paragraph 33 identifies five separate objectives of the alleged conspiracy:

(a) falsifying, destroying, and stealing business records of HP;

(b) altering, destroying, mutilating, and concealing records, documents, and objects with intent to impair their integrity and availability for use in official proceedings;

(c) paying hush money and other benefits to influence delay, and prevent the testimony of persons in official proceedings;

(d) otherwise obstructing, influencing, and impeding official proceedings; and

(e) laundering the proceedings of the Autonomy acquisition.

It appears that the government will argue that Chamberlain sought to violate objective 33(a)—falsification of HP records—and not subparagraphs (b)-(e).

Paragraph 34 charges fifteen overt acts. On its face, Chamberlain is only alleged to have committed one of these:

> On or about February 3, 2012, CHAMBERLAIN and Hussain directed an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012.

SI ¶ 34(e). This relates to the securities fraud statute set forth at paragraph 32(a) and the objective set forth at paragraph 33(a), but not to the other statutes and objectives. So that Chamberlain has the particulars of Count 17, oral argument should be used

to confirm this. *See United States v. Etienne*, No. 17-cr-93-WHA, 2019 WL 2548790, at *5 (N.D. Cal. June 20, 2019) (ordering the government to provide a bill of particulars explaining how an alleged crime "furthered the conspiracy").

Accordingly, the Court should grant Chamberlain's motion for a bill of particulars as to Count Seventeen.

DATED: November 24, 2021

Gary S. Lincenberg
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Gary S. Lincenberg
Attorneys for Defendant Stephen Keith Chamberlain