Gary S. Lincenberg - State Bar No. 123058
  glincenberg@birdmarella.com
Ariel A. Neuman - State Bar No. 241594
  aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
  rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**DEFENDANT CHAMBERLAIN'S RESPONSE TO GOVERNMENT'S MOTION FOR RULE 17 SUBPOENAS**<br><br>Date:   November 8, 2021<br>Time:   1:30 p.m.<br>Crtrm.: 6<br><br>Assigned to Hon. Charles R. Brever |

Chamberlain does not in principle oppose the government's request that the Court issue subpoenas to the seven individuals identified in the government's motion. But the government has not yet prepared the actual proposed subpoenas, and Chamberlain respectfully submits that the Court should not rule on the government's motion until it has done so. To that end, the parties are meeting and conferring in an effort to reach agreement on the form and content of the government's proposed subpoenas, and have agreed that a hearing on this motion be set on December 8, 2021, or at a time convenient to the Court.

Chamberlain also notes two factual misstatements in the government's brief. First, the government states that Chamberlain "now works for [Lynch]". Mot. at 2. That statement is not correct. Chamberlain is currently on leave from his prior employment by a company called Darktrace. Before that, he worked for Sepura, HP, and Autonomy, respectively. He has never "worked for" Lynch.

Second, the government states that all seven proposed subpoena recipients "followed Lynch from Autonomy to HP in 2011, and then to Invoke Capital or Darktrace in 2012 or later." Mot. at 3. That also is not accurate. First, not all of the individuals worked for Autonomy at the time of the HP acquisition. Second, Autonomy naturally became part of HP following the acquisition in 2011; those who were at Autonomy merely continued their employment with Autonomy post-acquisition. In other words, no one "followed" Lynch to HP. Third, most of these individuals did not depart HP with Lynch in 2012. Thus, the government's characterization of the chronology is misleading.

Finally, the government leaves the misleading impression that it has been deprived of information from these witnesses. However, six of the seven proposed subpoena recipients on the government's list have provided statements and/or testimony relating to the government's allegations—either in government interviews, the grand jury, and/or the U.K. civil trial.

Nevertheless, Chamberlain does not oppose a streamlined subpoena that

focuses on the Count 17 allegations relating to the disputed claim that Lynch attempted to improperly influence the testimony of these witnesses.

DATED: November 24, 2021

Gary S. Lincenberg
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

By: _____
Gary S. Lincenberg
Attorneys for Defendant Stephen Keith Chamberlain