1 | STEPHANIE M. HINDS (CABN 154284)
United States Attorney

2

3 | THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

4 | ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)

5 | Assistant United States Attorneys

6 | 1301 Clay Street, Suite 340S
Oakland, California 94612

7 | Telephone: (510) 637-3680
Fax: (510) 637-3724

8 | Email: Robert.Leach@usdoj.gov
Email: Adam.Reeves@usdoj.gov

9

Attorneys for United States of America

10

11 | UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

12

SAN FRANCISCO DIVISION

13

14 | UNITED STATES OF AMERICA,            )   Case No. CR 18-577 CRB
                                       )
15 |         Plaintiff,                  )   STIPULATION AND [PROPOSED] ORDER
                                       )
16 |      v.                            )
                                       )
17 | STEPHEN KEITH CHAMBERLAIN,         )
                                       )
18 |         Defendant.                 )
                                       )
19 | _____     )

20 | **STIPULATION**

21 |     WHEREAS, on November 29, 2018, the Grand Jury returned an Indictment against Stephen

22 | Keith Chamberlain, a resident of the United Kingdom (Document 1);

23 |     WHEREAS, on February 4, 2019, defendant Chamberlain ("the defendant") appeared before the

24 | Court (with counsel specially appearing), was arraigned on the Indictment, and pleaded not guilty to all

25 | counts;

26 |     WHEREAS, on March 21, 2019, the Grand Jury returned a Superseding Indictment against

27 | Chamberlain (Document 21);

28 |

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1

2      WHEREAS, on January 23, 2020, the Court entered a protective order respecting certain

3   discovery (Document 54);

4      WHEREAS, on January 27, 2020, the government produced a substantial volume of discovery to

5   the defendant, including materials subject to the protective order;

6      WHEREAS, on February 21, 2020, the government made an additional production of discovery

7   to the defendant;

8      WHEREAS, on March 16, 2020, the Court issued General Order No. 72 (IN RE: Coronavirus

9   Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before May 1,

10  2020," and that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the

11  effect of the above public health recommendations on the availability of counsel and court staff to be

12  present in the courtroom, the time period of the continuances implemented by this General Order will be

13  excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by

14  ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial

15  pursuant to 18 U.S.C. section 3161(h)(7)(A)";

16     WHEREAS, on April 3, 2020, upon the stipulation of the parties, the Court issued an order

17  finding that the time to June 17, 2020 (the date the parties were scheduled to appear for a status

18  conference) shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A),

19  (B)(ii) & (iv) (Document 60);

20     WHEREAS, on April 30, 2020, the Court issued General Order No. 72-2 (IN RE: Coronavirus

21  Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before June 1,

22  2020";

23     WHEREAS, on May 21, 2020, the Court issued General Order No. 72-3 (IN RE: Coronavirus

24  Disease Public Health Emergency), providing that "[n]o new jury trial will be conducted through June

25  30, 2020";

26

27

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1    WHEREAS, on June 17, 2020, the Court convened a status conference and, after hearing from

2    the parties, set a further status conference for February 3, 2021, and excluded time under the Speedy

3    Trial Act from June 17, 2020, through February 3, 2021;

4    WHEREAS, on or about January 29, 2021, after consultation with the parties, a Clerk's Notice

5    was issued continuing the status conference to May 20, 2021;

6    WHEREAS, on March 31, 2021, a Clerk's Notice was issued advancing the status conference to

7    May 19, 2021;

8    WHEREAS, issues arising from the COVID-19 pandemic continue to impede the parties' ability

9    to effectively prepare the case for trial, including the ability to meet with witnesses, some of whom

10   reside outside the United States;

11   WHEREAS, during the week of February 8, 2021, hearings were held in the extradition

12   proceeding relating to co-defendant Michael Richard Lynch, and the extradition proceeding was

13   adjourned for further oral submissions on May 4, 2021;

14   WHEREAS, the hearing date for further oral submissions was subsequently continued to July 22,

15   2021;

16   WHEREAS, on or about July 22, 2021, Judge Michael Snow of the City of Westminster

17   Magistrates' Court issued Findings of Fact and Reasons, rejecting Mr. Lynch's challenge to extradition,

18   ordering that extradition is compatible with Mr. Lynch's rights, and sending the case to the U.K.

19   Secretary of State for a decision as to whether the defendant is to be extradited;

20   WHEREAS, the parties stipulate and agree, and respectfully request that the Court order, that the

21   status conference currently set for September 29, 2021, be continued to February 16, 2022;

22   WHEREAS, on September 27, 2021, the Court found that an exclusion of time under the Speedy

23   Trial Act from September 29, 2021, to February 16, 2022, was appropriate due to the complexity of the

24   case, the need for defense counsel to review relevant evidence including recently produced discovery

25   and discovery arising from the extradition proceeding, consult with the defendant in the United States

26   and effectively prepare, and the ongoing COVID-19 pandemic (Document 80);

27

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1    WHEREAS, on November 1, 2021, the defendant Stephen Chamberlain made pretrial motions

2  for the Issuance of Rule 17 Subpoenas and Letters Rogatory (Document 81) and for a Bill of Particulars

3  (Document 85).

4    WHEREAS, pursuant to 18 U.S.C. § 3161(h)(1)(D), the time within which the trial of the

5  offense must commence is excluded under the Speedy Trial Act from delay resulting from any pretrial

6  motion through the conclusion of the hearing on or other prompt disposition of the motion.

7    WHEREAS, on November 15, 2021, the government made a pretrial motion for the Issuance of

8  Rule 17 Subpoenas (Document 91).

9    WHEREAS, on December 1, 2021, the Court heard arguments on the pretrial motions and (1)

10  ruled on the defendant's motion for the Issuance of Rule 17 subpoenas; (2) deferred and did not rule on

11  the defendant's motion for a Bill of Particulars and the government's motion for the Issuance of Rule 17

12  Subpoenas; and (3) adjourned the matter to February 16, 2022, for a further hearing, excluding time

13  under the Speedy Trial Act (Document 62).

14    WHEREAS, on January 28, 2022, the UK Secretary of State issued an Order for Extradition

15  Pursuant to Section 93(4) of the Extradition Act 2003, directing that defendant Lynch be extradited to

16  the United States.

17    WHEREAS, on February 15, 2022, the Court further adjourned the hearing on the pending

18  motions to March 16, 2022 (Document 103).

19    WHEREAS, in early March 2022, counsel for defendant Chamberlain and counsel for the

20  government plan to confer about the pending motions; and counsel for defendant Chamberlain plans to

21  review certain discovery made available at the United States Attorney's Office.

22    THEREFORE, the parties stipulate and agree, and respectfully request that the Court order, that

23  (1) excluding time from February 16, 2022, through March 16, 2022, during the pendency of the pretrial

24  motions, is appropriate under 18 U.S.C. § 3161(h)(1)(D); (2) the exclusion of time will also allow for

25  the effective preparation of counsel given the complexity of the case, *see* 18 U.S.C. § 3161(h)(7)(B)(ii)

26  & (iv); and (3) the ends of justice served by excluding the time from February 16, 2022, to March 16,

27  2022, from computation under the Speedy Trial Act outweigh the best interests of the public and the

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1   defendant in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).  The parties stipulate and agree

2   the Court shall enter the proposed order below.

3          IT IS SO STIPULATED.

4   DATED:  February 24, 2022                    STEPHANIE M. HINDS
                                                 United States Attorney
5
                                                 */s/ Adam A. Reeves*
6                                                _____
                                                 ROBERT S. LEACH
7                                                ADAM A. REEVES
                                                 Assistant United States Attorneys
8
    DATED:  February 24, 2022                    BIRD, MARELLA, BOXER, WOLPERT,
9                                                NESSIM, DROOKS, LINCENBERG, & RHOW,
                                                 P.C.
10

11                                               */s/ Gary S. Lincenberg*

12                                               _____
                                                 GARY S. LINCENBERG
13                                               Counsel for Defendant Stephen Chamberlain

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB

1

**[PROPOSED] ORDER**

2        **FOR GOOD CAUSE SHOWN**, based upon the facts set forth in the stipulation and the

3 representations of the parties, the Court hereby finds that excluding the time from February 16, 2022, to

4 March 16, 2022, is warranted during the pendency of the pretrial motions pursuant to 18 U.S.C. §

5 3161(h)(1)(D), and failing to exclude time from February 16, 2022, to March 16, 2022, would

6 unreasonably deny defense counsel and the defendant the reasonable time necessary for effective

7 preparation, taking into account the exercise of due diligence and the complexity of the case.  18 U.S.C.

8 § 3161(h)(7)(B)(ii) & (iv).  The Court further finds that the ends of justice served by excluding the time

9 from February 16, 2022, to March 16, 2022, from computation under the Speedy Trial Act outweigh the

10 best interests of the public and the defendant in a speedy trial.  Therefore, with the consent of the parties,

11 it is hereby ordered that the time from February 16, 2022, to March 16, 2022, shall be excluded from

12 computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).

13        **IT IS SO ORDERED**.

14

15 DATED:

16                                                    _____

                                                     THE HONORABLE CHARLES R. BREYER
17                                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
CASE NO. CR 18-577 CRB