Gary S. Lincenberg - State Bar No. 123058
   glincenberg@birdmarella.com
Ariel A. Neuman - State Bar No. 241594
   aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
   rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>    Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**DEFENDANT STEPHEN CHAMBERLAIN'S STATEMENT REGARDING GOVERNMENT'S PROPOSED BILL OF PARTICULARS**<br><br>Date:  June 3, 2022<br>Time:  1:30 p.m.<br>Crtrm.: __<br><br>Assigned to Hon. Charles R. Brever |

## I. INTRODUCTION AND BACKGROUND

Defendant Stephen Chamberlain submits this statement to address the insufficiency of the Government's proposed bill of particulars (which the Government submitted in connection with the parties' May 4, 2022 Stipulation). ECF No. 110, Ex. A.

As the Stipulation notes, the parties have substantially narrowed the scope of the issues presented to the Court by Mr. Chamberlain's November 1, 2021 Motion for Bill of Particulars. ECF No. 85. Based on the Government's representation that its case against Mr. Chamberlain as to Counts 1 through 15 will involve the same transactions for which it introduced evidence of impropriety in the *United States v. Hussain* trial, Mr. Chamberlain previously agreed to withdraw his motion as to those counts.

With respect to Count 17, Mr. Chamberlain's motion initially asked the Court to order,

> For each overt act allegedly committed in furtherance of the conspiracy charged in Count 17 in Paragraphs 34(a) through (g) [of the First Superseding Indictment ("FSI")], identify (1) which of the four alleged objects of the conspiracy (as stated in Paragraph 32) the government alleges were furthered by the act; (2) the identities of all alleged coconspirators the government alleges participated in the act; and (3) the basis on which the government contends that the act furthered the alleged conspiracy.

ECF No. 85 at 19.

Thereafter, as part of the parties' meet-and-confer discussions, Mr. Chamberlain proposed a draft bill of particulars that, in his view, would adequately clarify the nature of Count Seventeen as charged against him. A copy of that proposal is attached as **Exhibit 1**. Mr. Chamberlain's proposal would have the government state that the only overt act with which Mr. Chamberlain is charged is the one that names him as an actor: Paragraph 34(e), which alleges that "[o]n or about February 3, 2012, CHAMBERLAIN and Hussain directed an HP finance

employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012." It would narrow the applicable scope of Paragraph 32 to the related statute: circumvention of a system of internal accounting controls in violation of 15 U.S.C. § 78m, as alleged in Paragraph 32(a). And it would clarify that the objective described in Paragraph 33 that Mr. Chamberlain is alleged to have furthered is the falsification of HP's business records, as alleged in Paragraph 33(a).

In response, the Government proposed a broader bill of particulars (submitted as Exhibit A to the parties' stipulation, ECF No. 110) that would include two additional overt acts that relate to Mr. Chamberlain: Paragraphs 34(h) ("In or about May 2012, a co-conspirator instructed an HP employee to erase CHAMBERLAIN's laptop computer and any backup.") and 34(k) ("On or about July 6, 2012, LYNCH caused the incorporation of ICP London Limited ('Invoke') in the British Virgin Islands. LYNCH used Invoke and entities affiliated with Invoke as a means to pay former Autonomy employees, including Hussain."). It correspondingly alleges that Mr. Chamberlain conspired to violate witness tampering and obstruction laws, and that Mr. Chamberlain furthered the objective of "altering, destroying, mutilating, and concealing records, documents and objects with intent to impair their integrity and availability for use in official proceedings" and "otherwise obstructing, influencing, and impeding official proceedings." ECF No. 111 at 6.

Mr. Chamberlain respectfully submits that the Government's proposed bill of particulars fails to meet the requirements of Federal Rule of Criminal Procedure 7 because it fails to describe, with adequate precision, what specific conduct Mr. Chamberlain committed in connection with the overt acts alleged in Paragraphs 34(h) and 34(k) of the FSI.

## II. ARGUMENT

### A. The Government's Proposed Bill of Particulars Fails to Provide Mr. Chamberlain the Precise Nature of the Charges Against Him

Although narrower than the version of Count 17 alleged in the FSI, the Government's proposed bill of particulars still fails to "inform [Mr. Chamberlain] of the nature of the charge against him with sufficient precision to enable him to prepare for trial." *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979). Specifically, the Government's proposal does not explain what acts *Mr. Chamberlain* is alleged to have committed in connection with the overt acts in Paragraph 34(h) and 34(k), neither of which describes him as an active participant.

Paragraph 34(h) alleges that another unnamed "co-conspirator" instructed another unknown "HP employee" to erase Mr. Chamberlain's computer "[i]n or about May 2012"—months after he stopped working for Autonomy. It does not allege that Mr. Chamberlain knew of or in any way assisted the unnamed HP employee in erasing his computer. The Government's proposed bill of particulars does not supplement this allegation in any way—it only states that this allegation "relat[es] to" Mr. Chamberlain. That does not inform Mr. Chamberlain, with the required precision, how he is alleged to have participated in the destruction of his computer data (and against what specific facts he will have to defend in connection with that charge).

Likewise, Paragraph 34(k) alleges, "On or about July 6, 2012, LYNCH caused the incorporation of ICP London Limited ('Invoke') in the British Virgin Islands. LYNCH used Invoke and entities affiliated with Invoke as a means to pay former Autonomy employees, including Hussain." The only actor named in this allegation is Mr. Lynch. The allegation does not state that this overt act was committed with any co-conspirators. The Government's proposed bill of particulars does not add any new detail: it does not allege any facts indicating that Mr. Chamberlain aided this effort by Mr. Lynch, or that Mr. Chamberlain in any way

joined a conspiracy to influence witnesses or otherwise impede the government's investigation. As with the government's reference to Paragraph 34(h), Mr. Chamberlain is left to guess what acts he is charged with committing, and how to defend against those charges.

The only "overt act" alleged in Count 17 that actually describes conduct by Mr. Chamberlain is Paragraph 34(e)—"direct[ing] an HP finance employee to falsely record revenue." The statute this allegedly relates to is 15 U.S.C. § 78m. The related objective is "falsifying, destroying, and stealing business records of HP". Paragraphs 32 and 33 of the FSI should therefore be narrowed appropriately. These revisions are reflected in Mr. Chamberlain's proposed bill of particulars, attached as Exhibit 1.

**B.   The Government Should Not Be Permitted to Charge Mr. Chamberlain Based on Acts for Which It Does Not Have Supporting Evidence**

During the meet-and-confer process, the government has acknowledged that it is not presently aware of specific evidence suggesting that Mr. Chamberlain participated in the destruction of his laptop, or in Mr. Lynch's hiring of former Autonomy employees. Thus, Mr. Chamberlain cannot even locate any particulars in the discovery. Instead, the government's proposed bill of particulars states only that Paragraphs 34(h) and 34(k) describe acts that "relate" to Mr. Chamberlain. That does not provide particulars of any criminal act committed by Mr. Chamberlain. While Paragraph 34(h) "relates" to Mr. Chamberlain because it concerns the destruction of his former computer, the Government has not alleged (or identified evidence suggesting) that Mr. Chamberlain was involved in that act. The same is true for Paragraph 34(k): while that allegation may "relate" to Mr. Chamberlain because he is a former employee who was eventually hired by Darktrace, the government has not alleged (or identified evidence that would support an allegation) that Mr. Chamberlain participated in that process, and Mr. Chamberlain could not be

convicted of conspiracy based on that act alone without evidence of such participation.

Counsel is unaware of—and the government has not identified any—evidence that Mr. Chamberlain actually participated in either of the two additional acts that the government seeks to include in its proposed bill of particulars, and there is no reason to permit the government to maintain these allegations without specifying what specific acts Mr. Chamberlain committed to support a theory that he participated in the alleged acts. Accordingly, its proposed bill of particulars still fails to comply with the requirements of Federal Rule of Criminal Procedure 7 as to Count 17.

### III.   CONCLUSION

For these reasons, the Court should conclude that the Government's proposed bill of particulars fails to comply with the requirements of Rule 7, and that the Government should file Mr. Chamberlain's proposed bill of particulars.

DATED:  May 13, 2022

Gary S. Lincenberg
Ariel A. Neuman
Ray S. Seilie
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.


By:   /s/ Gary S. Lincenberg
          Gary S. Lincenberg
Attorneys for Defendant Stephen Keith Chamberlain

# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**UNITED STATES' BILL OF PARTICULARS FOR COUNT SEVENTEEN OF THE FIRST SUPERSEDING INDICTMENT AS TO DEFENDANT STEPHEN CHAMBERLAIN**<br><br>**[PROPOSED BY DEFENDANT STEPHEN CHAMBERLAIN]**<br><br>Assigned to Hon. Charles R. Brever |

The United States files this bill of particulars as to Count Seventeen of the First Superseding Indictment ("FSI"), as charged against Defendant Stephen Chamberlain.

1. The overt act alleged in Count Seventeen of the First Superseding Indictment against Mr. Chamberlain is the act alleged in Paragraph 34(e), to wit that "[o]n or about February 3, 2012, CHAMBERLAIN and Hussain directed an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012."

2. The specific offense in Paragraph 32 that Mr. Chamberlain is alleged to have conspired to commit is "(a) circumventing a system of internal accounting controls of an issuer of securities registered under Section 12 of the Securities Exchange Act of 1934, in violation of [15 U.S.C. § 78m]."

3. The conspiracy objective alleged in Paragraph 33 in which Mr. Chamberlain is alleged to have participated is to "cover up" or "conceal" the "scheme to defraud set forth in paragraphs 19 through 24" by falsifying business records of HP.

DATED: March __, 2022                    Respectfully submitted,

                                         STEPHANIE M. HINDS
                                         United States Attorney


                                         _____
                                         ROBERT S. LEACH
                                         ADAM A. REEVES
                                         Assistant United States Attorneys