STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ADAM A. REEVES (NYBN 2363877)
ROBERT S. LEACH (CABN 196191)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   Email:  adam.reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | |
| v. | **THE UNITED STATES' STATEMENT REGARDING THE GOVERNMENT'S PROPOSED BILL OF PARTICULARS** |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | Date: June 3, 2022<br>Time: 1:30 p.m.<br>Court: Hon. Charles R. Breyer |
| Defendants. | |

## INTRODUCTION

When the defendant requested Rule 17 subpoenas, the government did not object. *See* Document 90 (the United States' Omnibus Response to the Defendant's Motions) at 3 ("Generally, the government does not oppose the evidence sought by defendant Chamberlain's motion for Rule 17(c) subpoenas.").

When the defendant requested a list of co-conspirators, the government agreed, notwithstanding *United States v. DiCesare*, 765 F.2d 890, 897-898 (9th Cir. 1985) (affirming

denial of bill of particulars that "requested the names of any unknown coconspirators"). *See* Document 90 at 6 ("[O]nce Lynch has been successfully extradited and made to appear before the Court, the United States will not object to the pre-trial identification of all co-conspirators").

When the defendant requested a bill of particulars with regard to Count Seventeen, the government, without conceding the necessity, agreed, notwithstanding *United States v. Robertson*, 15 F.3d 862, 874 (9th Cir. 1994) (affirming denial of motion for a bill of particulars because it is unwarranted unless the defendant "demonstrates surprise, prejudice, or an increased risk of double jeopardy").

When the government offered the proposed Bill of Particulars (Document 110-1 (Government's Proposed Bill of Particulars)), however, the defendant objected because it contained too many – not too few – particulars. Instead, the defendant wants "identified evidence," something to which he is clearly not entitled. *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (motion for bill of particulars properly denied because not tool for defendants to obtain disclosure of all government's evidence before trial). *See* Document 114 (Defendant's Stephen Chamberlain's Statement Regarding Government's Proposed Bill of Particulars) at 5 ("the Government has not alleged (or identified evidence suggesting) the Mr. Chamberlain was involved [in the destruction of his laptop]. … [T]he government has not alleged (or identified evidence that would support an allegation) that Mr. Chamberlain participated in the process [to use Invoke and entities affiliated with Invoke as a means to pay former Autonomy employees]).

The government's proposed Bill of Particulars is more than sufficient to satisfy Rule 7 to provide the defendant with "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Perhaps too much so. In a case with this much history, the government has endeavored to be, wherever possible, an open book. The defendant's effort to artificially abridge that book or otherwise curtail the full breadth of the allegations against him should be denied.

THE UNITED STATES' STATEMENT REGARDING
THE GOVERNMENT'S PROPOSED BILL OF PARTICULARS
CASE NO. CR 18-577 CRB

2

# ARGUMENT

## I. THE PROPOSED BILL OF PARTICULARS SATISFIES RULE 7

### A. Legal Standard

"A defendant is not entitled to know all the evidence the government intends to produce, but only the government's theory of the case." *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) (affirming denial of bill of particulars). *See also Remmer v. United States*, 205 F.2d 277, 282 (9th Cir. 1953) (affirming denial of bill of particulars) ("The most to which appellant was entitled to prior to trial was disclosure of the theory of the Government's case.") "[A bill of particulars'] function is not to provide a defendant with names of government witnesses." *Yeargain,* 314 F.2d at 882. "A bill of particulars may not be used merely as a discovery device to acquire evidentiary details about the government's case." 44 Geo. L.J. ann. Rev. Crim. Proc. (205) at 339, *citing United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (motion for bill of particulars properly denied because not tool for defendants to obtain disclosure of all government's evidence before trial). In the absence of surprise or prejudice, there is no absolute requirement that the government identify other relevant persons at all. *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985) (affirming denial of bill of particulars).

### B. The Defendant's Demand For "Identified Evidence" Should Be Rejected

The crux of the defendant's argument is that "the Government should not be permitted to charge Mr. Chamberlain based on acts for which it does not have supporting evidence." Document 114 at 5. This contention misstates both the allegations in Count Seventeen and the evidence that supports them.

Defendant Chamberlain is alleged to have been in a conspiracy, the objects of which were "to cover up, conceal, influence witnesses to, and otherwise obstruct investigations of the scheme to defraud" charged in the Superseding Indictment. Document 21 (Count Seventeen) at 16. As charged by the Grand Jury, it is one conspiracy to "cover up" and "conceal" the fraud at Autonomy carried out with multiple acts, like the falsification of records at HP, allegedly by

defendant Chamberlain (Overt Act 34(e)) and the destruction or "eras[ing]" of the defendant's laptop, allegedly by other co-conspirators (Overt Act 34(h)).  Document 21 at 14.  Evidence that defendant Chamberlain did the former (the alleged falsification of records) may give rise to a reasonable inference that the defendant intended the latter (the alleged destruction of the records showing the falsification), even if there is no specific evidence he was directly involved in the destruction.  For this reason, the government's proposed Bill of Particulars alleging that that Overt Act 34(h) "relates" to the defendant is appropriate, certainly to avoid surprise or prejudice to the defendant that the evidence at trial may support such inferences.

The defendant makes a similar argument for Overt Act 34(k), namely, that there allegedly is no "identified evidence" supporting the allegation in the government's proposed Bill of Particulars that Overt Act 34(k) also relates to the defendant.  This is also incorrect.  There is no dispute that, in 2016, defendant Chamberlain was hired by Darktrace, an "affiliate" of Invoke Capital.  At trial, the government anticipates showing that Lynch exercised control over Darktrace through Invoke Capital.  As a consequence, an issue at the trial will be whether Lynch "influence[d]" Chamberlain by "paying" him "benefits" as charged.  Document 21 (Superseding Indictment) at ¶ 33.  Again, for this reason, the government's proposed Bill of Particulars alleging that that Overt Act 34(k) "relates" to the defendant is appropriate, certainly to avoid surprise or prejudice to the defendant.

In the end, the evidence may or not may support the allegations in the proposed Bill of Particulars.  That is the purpose of the trial, not the bill of particulars.  Together, the Superseding Indictment and the proposed Bill of Particulars, as supplemented by the discovery in this case, more than satisfy Rule 7 because they properly inform the defendant of the "essential facts constituting the offense." Fed. R. Crim. P. 7(c)(1).  Indeed, forcing the government to adopt the defendant's artificially narrowed bill of particulars risks surprise and prejudice when the government shows at trial the relation of the defendant to the acts of his other co-conspirators, the very outcome against which a bill of particulars is designed to protect.

## CONCLUSION

The defendant's effort to artificially constrain the government's case against him should be denied. The defendant's objections to the government's proposed Bill of Particulars should be overruled without prejudice to raise this issue again once defendant Lynch is successfully extradited to the United States and the case can begin for all purposes. *See* Document 90 at 4 ("Respectfully, the proper remedy, given the current procedural posture of the case, is to deny the motion for a bill of particulars without prejudice and with leave to refile any such motion when both defendants can be heard.").

DATED: May 18, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Adam A. Reeves*
_____
ADAM A. REEVES
ROBERT S. LEACH
Assistant United States Attorneys

THE UNITED STATES' STATEMENT REGARDING
THE GOVERNMENT'S PROPOSED BILL OF PARTICULARS
CASE NO. CR 18-577 CRB