CAND 89 B  (Rev. 12) Subpoena to Testify in a Criminal Case

# UNITED STATES DISTRICT COURT

### Northern District of California

| UNITED STATES OF AMERICA | ) |
| Plaintiff | ) Case No. |
| v. | ) |
| Defendant(s). | ) |

TO:

YOU ARE COMMANDED to appear at the place, date, and time specified below, or any subsequent date and time set by the court, to testify in the above-referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE<br>☐ United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA, 4321 | ☐ United States Courthouse<br>28 0 South First Street<br>San Jose, CA, 5113 | ☐ United States Courthouse<br>1301 Clay Street<br>Oakland, CA, 4612 | COURTROOM JUDGE<br><br>DATE AND TIME |

☐ You are also commanded to bring with you the following document(s) or object(s):

NOTE: Subpoena forms for the production of documents or objects in advance of the trial hearing or proceeding at which the items are to be offered in evidence (CAND 89 B, *Subpoena to Produce Documents or Objects in a Criminal Case*) or for the production of state law enforcement personnel or complaint records (CAND 89 E, *Subpoena to Produce State Law Enforcement Personnel Or Complaint Records in a Criminal Case*) are available at the Court's Internet site: cand.uscourts.gov.

| CLERK OF COURT | DATE |
| *(By) Deputy Clerk* | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

This subpoena is issued on application
of the United States of America

Stephanie M. Hinds
United States Attorney

CAND 9A (Rev.8/13) Subpoena to Testify in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | FEES AND MILEAGE TENDERED TO WITNESS<br><br>☐ YES  ☐ NO  AMOUNT $ | |
| SERVED BY (PRINT NAME) | TITLE | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS: |

ADDITIONAL INFORMATION

Section 12 of the Securities Exchange Act of 1934, and (b) to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of HPQ, an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934, and did aid and abet in the same.

In violation of Title 18, United States Code, Sections 1348 and 2.

COUNT SEVENTEEN:    (18 U.S.C. § 371 – Conspiracy)

31. The allegations in Paragraphs 1 through 24 are realleged and incorporated as if fully set forth here.

32. Beginning in or about October 2011, and continuing until in or about November 2018, in the Northern District of California and elsewhere, the defendants,

MICHAEL RICHARD LYNCH and
STEPHEN KEITH CHAMBERLAIN,

and others, did knowingly conspire to commit offenses against the United States, namely (a) circumventing a system of internal accounting controls of an issuer of securities registered under Section 12 of the Securities Exchange Act of 1934, in violation of Title 15, United States Code, Section 78m, (b) tampering with witnesses, victims, and informants, in violation of Title 18, United States Code, Section 1512, (c) obstructing proceedings before departments, agencies, and committees, in violation of Title 18, United States Code, Section 1505, and (d) engaging in monetary transactions in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

33. The objectives of the conspiracy were, among other things, to cover up, conceal, influence witnesses to, and otherwise obstruct investigations of the scheme to defraud set forth in Paragraphs 19 through 24 by, among other things, (a) falsifying, destroying, and stealing business records of HP, (b) altering, destroying, mutilating, and concealing records, documents, and objects with intent to impair their integrity and availability for use in official proceedings, (c) paying hush money and other benefits to influence, delay, and prevent the testimony of persons in official proceedings, (d) otherwise obstructing, influencing, and impeding official proceedings, and (e) laundering the proceeds of the Autonomy acquisition.

//

SUPERSEDING INDICTMENT                13

Overt Acts

34. In furtherance of the conspiracy and to effect the objects thereof, in the Northern District of California and elsewhere, LYNCH, CHAMBERLAIN, and others committed the following overt acts:

    a. On or about October 7, 2011, LYNCH transferred £100,000,000 from an account at UBS to an account at HSBC Private Bank.

    b. On or about October 7, 2011, LYNCH transferred £100,000,000 from an account at UBS to an account at Barclay's Private Bank.

    c. On or about October 7, 2011, LYNCH transferred £100,000,000 from an account at UBS to an account at JP Morgan International Bank.

    d. On or about October 7, 2011, LYNCH transferred £100,000,000 from an account at UBS to an account at Merrill Lynch Portfolio Managers.

    e. On or about February 3, 2012, CHAMBERLAIN and Hussain directed an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012.

    f. In or about May 2012, Hussain instructed an HP executive to falsify a revenue forecast.

    g. In or about May 2012, a co-conspirator caused the destruction of hard drives in HP's Cambridge office.

    h. In or about May 2012, a co-conspirator instructed an HP employee to erase CHAMBERLAIN's laptop computer and any backup.

    i. In or about May 2012, a co-conspirator attempted to remove the laptop of another co-conspirator from HP's offices.

    j. On or about June 1, 2012, LYNCH transferred £20,000,000 from an account at UBS to an account at Merrill Lynch Portfolio Managers.

    k. On or about July 6, 2012, LYNCH caused the incorporation of ICP London Limited ("Invoke") in the British Virgin Islands. LYNCH used Invoke and entities affiliated with Invoke as a means to pay former Autonomy employees, including Hussain.

SUPERSEDING INDICTMENT    14

1        l.    On or about July 29, 2012, in an interview with counsel for HP, LYNCH made false and misleading statements to counsel for HP.

        m.    In or around January 2013, and thereafter, LYNCH refused to return books and records and other property belonging to HP.

        n.    In or about February 2013, a co-conspirator stole HP's confidential information by uploading thousands of documents from her company laptop to a USB device/pen drive, in violation of HP's policies and internal controls. The co-conspirator subsequently provided some or all of the documents to LYNCH and Hussain.

        o.    In or around May 2016, LYNCH caused an Invoke affiliate to hire CHAMBERLAIN.

        p.    On or about February 19, 2018, LYNCH purchased shares of an Invoke affiliate from Hussain for approximately $3.5 million.

        q.    On or about June 27, 2018, LYNCH purchased shares of an Invoke affiliate from Hussain for approximately $730,000.

In violation of Title 18, United States Code, Section 371.

**FORFEITURE ALLEGATION:**   (18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 – Criminal Forfeiture)

35.    The allegations in Paragraphs 1 through 34 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461.

36.    Upon conviction of any of the offenses alleged in Counts One through Fifteen, the defendants,

                MICHAEL RICHARD LYNCH and
                STEPHEN KEITH CHAMBERLAIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to a sum of, not less than $804 million by LYNCH and $4 million by CHAMBERLAIN, each sum representing the

SUPERSEDING INDICTMENT            15