STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    Fax: (510) 637-3724
    Email:  Robert.Leach@usdoj.gov
    Email:  Adam.Reeves@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER |
| v. | |
| STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | |

**<u>STIPULATION</u>**

WHEREAS, on November 29, 2018, the Grand Jury returned an Indictment against Stephen Keith Chamberlain, a resident of the United Kingdom (Document 1);

WHEREAS, on February 4, 2019, defendant Chamberlain ("the defendant") appeared before the Court (with counsel specially appearing), was arraigned on the Indictment, and pleaded not guilty to all counts;

WHEREAS, on March 21, 2019, the Grand Jury returned a Superseding Indictment against Chamberlain (Document 21);

1  WHEREAS, on or about September 19, 2019, the United States filed its request for extradition of the co-defendant, Michael Richard Lynch, with the government of the United Kingdom;

WHEREAS, on January 23, 2020, the Court entered a protective order respecting certain discovery (Document 54);

WHEREAS, on January 27, 2020, the government produced a substantial volume of discovery to the defendant, including materials subject to the protective order;

WHEREAS, on February 21, 2020, the government made an additional production of discovery to the defendant;

WHEREAS, on March 16, 2020, the Court issued General Order No. 72 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before May 1, 2020," and that "[d]ue to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of counsel and court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. section 3161(h)(7)(A)";

WHEREAS, on April 3, 2020, upon the stipulation of the parties, the Court issued an order finding that the time to June 17, 2020 (the date the parties were scheduled to appear for a status conference) shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv) (Document 60);

WHEREAS, on April 30, 2020, the Court issued General Order No. 72-2 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o jury trial will be commenced before June 1, 2020";

WHEREAS, on May 21, 2020, the Court issued General Order No. 72-3 (IN RE: Coronavirus Disease Public Health Emergency), providing that "[n]o new jury trial will be conducted through June 30, 2020";

STIPULATION AND [PROPOSED] ORDER
Case No. CR 18-577 CRB

2

1  WHEREAS, on June 17, 2020, the Court convened a status conference and, after hearing from
2  the parties, set a further status conference for February 3, 2021, and excluded time under the Speedy
3  Trial Act from June 17, 2020, through February 3, 2021 (Documents 62 and 64);

4  WHEREAS, on or about January 29, 2021, after consultation with the parties, a Clerk's Notice
5  was issued continuing the status conference to May 20, 2021;

6  WHEREAS, during the week of February 8, 2021, hearings were held in the extradition
7  proceeding relating to co-defendant Michael Richard Lynch, and the extradition proceeding was
8  adjourned for further oral submissions on May 4, 2021;

9  WHEREAS, on March 31, 2021, a Clerk's Notice was issued advancing the status conference to
10 May 19, 2021;

11 WHEREAS, on May 18, 2021, upon the stipulation of the parties, the Court continued the status
12 conference to September 29, 2021, and excluded time under the Speedy Trial Act (Document 78);

13 WHEREAS, on or about July 22, 2021, Judge Michael Snow of the City of Westminster
14 Magistrates' Court issued Findings of Fact and Reasons, rejecting Mr. Lynch's challenge to extradition,
15 ordering that extradition is compatible with Mr. Lynch's rights, and sending the case to the U.K.
16 Secretary of State for a decision as to whether the defendant is to be extradited;

17 WHEREAS, on September 27, 2021, the Court continued the status conference and found that an
18 exclusion of time under the Speedy Trial Act from September 29, 2021, to February 16, 2022, was
19 appropriate due to the complexity of the case, the need for defense counsel to review relevant evidence
20 including recently produced discovery and discovery arising from the extradition proceeding, consult
21 with the defendant in the United States and effectively prepare, and the ongoing COVID-19 pandemic
22 (Document 80);

23 WHEREAS, on November 1, 2021, the defendant Stephen Chamberlain made pretrial motions
24 for the Issuance of Rule 17 Subpoenas and Letters Rogatory (Document 81) and for a Bill of Particulars
25 (Document 85).

STIPULATION AND [PROPOSED] ORDER
Case No. CR 18-577 CRB

1    WHEREAS, pursuant to 18 U.S.C. § 3161(h)(1)(D), the time within which the trial of the offense must commence is excluded under the Speedy Trial Act from delay resulting from any pretrial motion through the conclusion of the hearing on or other prompt disposition of the motion.

WHEREAS, on November 15, 2021, the government made a pretrial Motion for the Issuance of Rule 17 Subpoenas (Document 91).

WHEREAS, on December 1, 2021, the Court heard arguments on the pretrial motions and (1) ruled on the defendant's Motion for the Issuance of Rule 17 subpoenas; (2) deferred and did not rule on the defendant's Motion for a Bill of Particulars and the government's Motion for the Issuance of Rule 17 Subpoenas; and (3) adjourned the matter to February 16, 2022, for a further hearing, excluding time under the Speedy Trial Act (Document 62).

WHEREAS, on January 28, 2022, the UK Secretary of State issued an Order for Extradition Pursuant to Section 93(4) of the Extradition Act 2003, directing that defendant Lynch be extradited to the United States.

WHEREAS, on February 15, 2022, the Court further adjourned the matter to March 16, 2022 (Document 103).

WHEREAS, on February 28, 2022, upon stipulation of the parties, the Court issued an order excluding time under the Speedy Trial Act to March 16, 2022 (Document 105).

WHEREAS, on March 11, 2022, the Court, at the request of the parties, again adjourned the hearing on the pending motions to April 20, 2022 (Document 106 & 108).  The Court, upon stipulation of the parties, issued an order excluding time under the Speedy Trial Act to April 20, 2022 (Document 108).

WHEREAS upon stipulation of the parties, and to permit them time to confer about the pending motions, the Court subsequently continued the April 20, 2022, hearing to June 3, 2022, and issued an order excluding time under the Speedy Trial Act to June 3, 2022 (Documents 111 and 113).

WHEREAS, from January through May 2022, counsel for defendant Chamberlain and counsel for the government conferred in detail about the then-pending motions and discussed the review of certain discovery made available by the United States Attorney's Office.

STIPULATION AND [PROPOSED] ORDER
Case No. CR 18-577 CRB

4

1  WHEREAS, on June 3, 2022, the Court heard further argument on the pending motions and denied, without prejudice, the defendant's Motion for a Bill of Particulars and granted the government's Motion for the Issuance of Rule 17 Subpoenas (Document 119).

WHEREAS, on July 12, 2022, the Court issued an order excluding time under the Speedy Trial Act from June 3, 2022, through December 7, 2022 (Document 125).

WHEREAS, on December 8, 2022, the Court conducted a status hearing, heard arguments about the defendant's Rule 17 subpoenas, and scheduled a further status hearing on May 31, 2023.  The Court further ruled from the bench that time under the Speedy Trial Act should be excluded from December 8, 2023, to May 31, 2023, for, among other reasons, effective preparation of counsel (Document 134)

WHEREAS the parties continue to have a need to review pending discovery (including discovery sought by Rule 17 subpoenas issued by the Court);

THEREFORE, the government respectfully requests, without opposition from Chamberlain, that the Court order that the time from December 8, 2022, to May 31, 2023, during the pendency of the litigation over the co-defendant's extradition from the United Kingdom to the United States, be excluded from the computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(6) because this is a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been made or granted.  The parties further stipulate and agree, and respectfully request that the Court order, that (1) excluding time from the date of this Order, to May 31, 2023, will also allow for the effective preparation of counsel given the complexity of the case, *see* 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv), and (2) the ends of justice served by excluding the time from the date of this Order, to May 31, 2023, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial, *see* 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).  The parties stipulate and agree the Court shall enter the proposed order below.

IT IS SO STIPULATED.

STIPULATION AND [PROPOSED] ORDER
Case No. CR 18-577 CRB

5

| | | |
|---|---|---|
| 1 | DATED: February 10, 2023 | STEPHANIE M. HINDS<br>United States Attorney |
| 2 | | |
| 3 | | */s/ Adam A. Reeves* |
| 4 | | ROBERT S. LEACH<br>ADAM A. REEVES<br>Assistant United States Attorneys |
| 5 | DATED: February 10, 2023 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG, & RHOW, P.C. |
| 6 | | |
| 7 | | |
| 8 | | */s/ Gary S. Lincenberg* |
| 9 | | GARY S. LINCENBERG<br>Counsel for Defendant Stephen Chamberlain |

28  STIPULATION AND [PROPOSED] ORDER
Case No. CR 18-577 CRB

**[PROPOSED] ORDER**

**FOR GOOD CAUSE SHOWN**, based upon the facts set forth in the stipulation and the representations of the parties, the Court hereby (1) finds that the exclusion from the computation under the Speedy Trial Act of the period of time from December 8, 2022, to May 31, 2023, during the pendency of the co-defendant's extradition from the United Kingdom to the United States, is warranted pursuant to 18 U.S.C. § 3161(h)(6) because this is a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been made or granted.

The Court further hereby finds that failing to exclude time from the date of this Order to May 31, 2023, would unreasonably deny defense counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and the complexity of the case. 18 U.S.C. § 3161(h)(7)(B)(ii) & (iv).  The Court further finds that the ends of justice served by excluding the time from the date of this Order to May 31, 2023, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.  Therefore, with the consent of the parties, it is hereby ordered that the time from the date of this Order to May 31, 2023, shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A), (B)(ii) & (iv).

**IT IS SO ORDERED**.

DATED:

_____
THE HONORABLE CHARLES R. BREYER
United States District Judge