# EXHIBIT 9



MDR:KJH:JEC:MHP:jmf
DOJ No. 182-53177

**U.S. Department of Justice**

Criminal Division
Office of International Affairs

_Washington, D.C. 20530_

January 29, 2016

VIA E-MAIL AND FEDEX

Jude DeSouza
United Kingdom Central Authority
Home Office
3rd Floor, Seacole Building
2 Marsham Street
London, England SW1P 4DF

SUBJECT: Request for Assistance in the Investigation of Autonomy Corporation

Dear Mr. DeSouza:

Attached is a request for assistance pursuant to the 1994 Treaty of Mutual Legal Assistance in Criminal Matters between the United States of America and the United Kingdom, as amended by the 16 December 2004 Instrument and exchange of notes. Should you have any questions regarding the assistance requested, please contact me by telephone at 202-598-8012 or by e-mail at Martyna.Pospieszalska@usdoj.gov. In my absence, please contact Jason Fischer, International Affairs Specialist, by telephone at 202-305-1995 or by e-mail at Jason.Fischer@usdoj.gov. Thank you for your assistance in this matter.

Sincerely,

Mary D. Rodriguez
Acting Director

By: _[signature]_ for
Martyna H. Pospieszalska
Trial Attorney

Enclosure



MDR:KJH:JEC:MHP:jf  
DOJ No. 182-53177  
*Office of International Affairs*

U.S. Department of Justice

Criminal Division

*Washington, D.C. 20530*

January 29, 2015

TO: The Central Authority of the United Kingdom

SUBJECT: Request for Assistance in the Investigation of Autonomy Corporation

  The Central Authority of the United States of America requests the assistance of the Central Authority of the United Kingdom under the 1994 Treaty of Mutual Legal Assistance in Criminal Matters between the United States of America and the United Kingdom, as amended by 16 December 2004 Instrument and exchange of notes ("the Treaty"). The United States Attorney for the Northern District of California ("the prosecutor") and the Federal Bureau of Investigation (collectively, "the U.S. authorities") have been investigating violations of U.S. criminal law involving a scheme to defraud Hewlett-Packard Company ("HP") based on Autonomy Corporation plc's ("Autonomy") materially misstated financial statements. U.S. authorities are investigating whether Autonomy misstated its financial performance in annual and quarterly reports as a part of a scheme to defraud HP and others.

  Autonomy was a publicly traded company in the United Kingdom until its sale in October 2011 to HP. The investigation to date reflects that individuals at Autonomy including Michael Richard Lynch ("Lynch"), Sushovan Tareque Hussain ("Hussain"), Stephen Keith Chamberlain ("Chamberlain"), Andrew Mark Kanter ("Kanter"), and other senior officers of Autonomy caused financial statements with material misstatements to be released. Accordingly, the U.S. authorities seek assistance in obtaining bank and brokerage records of several accounts in the UK to demonstrate these accounts received money from the scheme to defraud. The U.S.

authorities also seek records from the receiving agent that was involved with HP's acquisition of Autonomy, who is believed to possess evidence that the alleged conspirators tendered their Autonomy shares and received payment for them. Finally, the U.S. authorities seek phone records for one of the alleged conspirators.

## CONFIDENTIALITY

The details of this criminal investigation are considered sensitive. Accordingly, please keep this request confidential in all respects, and do not share its contents, its subject matter, or the fact that the request has been made with any private persons (including the subjects of the investigation), or any government officials whose knowledge is not absolutely necessary for purposes of executing this request. In addition, please advise all who must be made aware of this request for assistance that the request, its contents, and its subject matter are to be kept confidential and should not be shared. If the request cannot be executed without public disclosure, the United States asks that the authorities of the United Kingdom notify the Central Authority of the United States before any action is taken towards execution.

## THE FACTS

Autonomy was a company incorporated in England and Wales with a registered office in Cambridge, United Kingdom. Its principal activities were software development and distribution. Autonomy maintained dual headquarters in San Francisco, California, and Cambridge, United Kingdom. Autonomy was a publicly traded company whose shares were listed on the London Stock Exchange and were bought, held, and sold by individuals and entities throughout the United States, including the Northern District of California.

USAO 00003561

Lynch co-founded Autonomy and served as its Chief Executive Officer (CEO) from 1996 until May 2012. Hussain was the Chief Financial Officer (CFO) of Autonomy from June 2001 until May 2012. Chamberlain was the Vice President of Finance from 2005 until March 2012. Kanter was Autonomy's Chief Operating Officer (COO) and General Counsel from 2001 to May 2012.

From 2009 through July 2011, Autonomy published annual and quarterly reports including its financial results. Autonomy stated in its annual and quarterly reports that its financial statements were prepared in accordance with International Financial Reporting Standards ("IFRS"). Autonomy also stated or suggested that it followed Generally Accepted Accounting Principles ("GAAP") in the United States for software revenue recognition. For example, Autonomy stated on its website:

> for revenue recognition we voluntarily adhere to the principles set out in US GAAP SOP 97-2, which is far more detailed, prescriptive and conservative than IFRS, and that has made it the 'gold standard' for other software companies like Oracle and Microsoft.

Lynch, Hussain, Chamberlain, and Kanter each reviewed Autonomy's quarterly reports. Lynch and Hussain also signed statements of responsibility with respect to Autonomy's 2009 and 2010 annual reports, as well as its reports for the quarters ended June 2009, June 2010, and June 2011. Lynch and Hussain, along with Kanter, also participated in calls with analysts who followed Autonomy's stock.

During the period from at least the first quarter of 2009 through October 2011, Lynch and others engaged in a scheme designed to falsely inflate the revenue that Autonomy had earned, and would report those false revenues in its annual and quarterly reports. As a result, Lynch and others were able to create the false appearance that the company was growing quickly, and

3

thereby inflate the price of Autonomy's stock. For example, in certain instances where Autonomy was unable to close a sale of software with a client by the end of a quarter, Autonomy claimed to have "sold" the software to a "value added reseller" (VAR) instead.[1] However, Autonomy had not satisfied certain IFRS requirements concerning its sale to the VAR, including that Autonomy had not transferred to the buyer the significant risks and rewards of ownership of the goods; it retained effective control over the goods sold; and it was not probable that the economic benefits associated with the transaction would flow to Autonomy. In fact, the VARs lacked the ability or intent to pay and had no independent use for the software.

In addition to improperly recognizing revenue on certain "VAR" transactions in violation of the IFRS requirements, Autonomy also engaged in certain reciprocal transactions whereby it sold software to a customer at one price and purchased products or services from the same customer at a greater price – thus resulting in a "roundtrip" of cash that made Autonomy's revenue (and growth) greater than they really were. Finally, Autonomy also failed to disclose that it engaged in substantial sales of third-party computer hardware, without modification and unaccompanied by any Autonomy software. Omitting this information made Autonomy look like a quickly growing software company rather than a more slowly growing hardware company. After HP acquired Autonomy, HP discovered that Autonomy owed a substantial amount to an HP competitor for computer hardware and ultimately learned of the full scope of Autonomy's hardware sales.

Hussain's Telephone Numbers

E-mails and documents provided by HP and other records obtained by U.S. authorities, demonstrate that Hussain used two cellular phone numbers to communicate with Autonomy

---

[1] A VAR is a company that adds features or services to an existing product and then resells it.

4

employees and others in the U.S. relating to VAR and other transactions throughout the scheme: +447833467012, operated by Vodaphone, and +447595219540, operated by Telefonica UK Limited. For example, U.S. phone records reflect that +447595219540 was used to call the CFO of one of the VARs on or about January 1, 2010. The CFO of the VAR has indicated to U.S. authorities that Hussain called him that day to request that the VAR agree to a software sale, on which Autonomy ultimately improperly recognized revenue in their reports for the year 2009. U.S. phone records also reflect that +447833467012 was used on or about April 4, 2011, to call an Autonomy employee located in the U.S. who was responsible for facilitating VAR transactions. In addition, +447833467012 was provided as the contact number for Hussain on a contact list for those working on HP's acquisition of Autonomy.

<u>Barclays PLC & UBS AG Accounts Utilized by Autonomy Officers</u>

During the scheme to inflate Autonomy's value and shares, Autonomy made payments, including payment for their salaries, to Lynch into Barclays PLC ("Barclays Bank") account number 10594105; to Hussain into HSBC account number 51471627; and to Chamberlain into Barclays Bank account number 50884103.[2] Hussain, Chamberlain, and Kanter also exercised stock options through accounts held by UBS AG ("UBS") in London, but the account numbers remain unknown. U.S. authorities learned of these bank accounts and stock option exercises from information in the possession of HP, including a spreadsheet of stock option exercises by Hussain, Chamberlain, and Kanter.

---

[2] U.S. authorities do not know the address for these accounts. Barclays Bank appears to be a subsidiary of Barclays PLC, which is located at 1 Churchill Place, London E14 5HP, United Kingdom, telephone number +44207116100.

USAO 00003564

HP's Acquisition of Autonomy

In or around December 2010 or January 2011, Lynch authorized an investment banker based in California to approach HP and others about the possibility of acquiring Autonomy. On or about August 18, 2011, HP and Hewlett-Packard Vision B.V. ("HP Vision"), an indirect wholly-owned subsidiary of HP, entered into an Offer Agreement with Autonomy and publicly announced an offer to acquire the outstanding shares of Autonomy for £25.50 ($42.11) per share in cash. The offer directed that acceptances be delivered to Capita Registrars Limited ("Capita"), located at the Registry, 34 Beckenham Road, Beckenham, Kent BR3 4TU (Telephone +442037285000), which acted as a receiving agent for the offer and handled payment of acquisition funds to Autonomy shareholders.

To facilitate the sale, Capita opened bank accounts at the Royal Bank of Scotland to receive payments from HP. Specifically, account number 22369035 (Sort Code 15-10-00) was opened under the name "Capita Registrars Limited CREST Clearing Account," and account number 23083615 (Sort Code 15-10-00) was opened under the name "Capita Registrars Limited Re: Hewlett-Packard Vision B.V. / Autonomy Corporation plc – Takeover Case Consideration A/C." Lynch, Hussain, Chamberlain, and Kanter were among those who accepted the offer. Each tendered their shares as part of the acquisition and received millions of dollars as a result. Angela Maria Bacares ("Bacares"), Lynch's wife and at times an Autonomy employee, also tendered shares in her name and profited as a result of the acquisition.

Accounts Suspected of Receiving Proceeds of the Sale of Autonomy to HP

Prior to October 2011, according to e-mails and account statements between Lynch and a UBS money manager provided to U.S. authorities by HP, Lynch and Bacares maintained a wealth management and/or securities brokerage account or accounts holding Autonomy shares at

6

UBS in London. The account number(s) is unknown. As of March 2013, U.S. authorities have have determined that Lynch continues to be associated with accounts at UBS in London, but those account number(s) remain unknown.

The U.S. authorities also have learned through investigation that, in 2008, Lynch and Bacares each established accounts with Merrill Lynch Portfolio Managers Limited in the UK. In or around July 2013, Merrill Lynch Portfolio Managers Limited was acquired by Julius Baer Group and custody of the assets in the accounts were transferred to Guernsey. Assets in the Merrill Lynch and Julius Baer accounts contain part of the proceeds that Lynch received from the sale of Autonomy. Lynch holds relationship number 4508.1443 and Bacares holds relationship number 4508.1772. Although the assets in the account were transferred to Guernsey, U.S. authorities believe Julius Baer Group affiliates in the UK – Julius Baer International Limited and Julius Baer Portfolio Managers Limited – may still hold relevant records because that is where Lynch resides.

Finally, during the course of their investigation, the U.S. authorities have learned that Lynch maintained bank, brokerage, or investment accounts at J.P. Morgan International Bank Limited in the UK, including account numbers 9337000, 9337001, 9337050, 9337051; that, as of March 2013, Lynch held an account at Credit Suisse in London (account number unknown); and that Bacares held private bank account number 01495496 (Sort Code 400731) at HSBC in the UK, which may have received proceeds from the Julius Baer accounts. As of January 2014, Hussain also held an account at HSBC Bank PLC in the UK, but the account number remains unknown. In order to further the investigation into the scheme, as well as identify assets that may be subject to forfeiture under U.S. law, U.S. authorities seek the assistance of the

7

USAO 00003566

appropriate UK authorities to identify the bank accounts currently unknown to U.S. authorities, and to obtain bank records for the accounts outlined in this request.

## THE OFFENSES

**18 U.S.C. § 371. Conspiracy to commit offense or to defraud United States.**
If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be . . . imprisoned not more than five years . . . .

**18 U.S.C. § 1343. Fraud by wire, radio or television.**
Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be . . . imprisoned not more than 20 years . . . . If the violation occurs in relation to . . . or affects a financial institution, such person shall be . . . . imprisoned not more than 30 years . . . .

**18 U.S.C. § 1348. Securities and commodities fraud.**
Whoever knowingly executes, or attempts to execute, a scheme or artifice—
(1) to defraud any person in connection with any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 15 U.S.C 78*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d); or
(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any of any commodity for future delivery, or any option on a commodity for future delivery, or any security of an issuer with a class of securities registered under Section 12 of the Security Exchange Act of 1934 (15 U.S.C*l*) or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78*o*(d). such] security . . . shall be . . . imprisoned not more than 25 years . . . .

**18 U.S.C. § 1349. Attempt and conspiracy.**
Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

## PERSONS AND ENTITIES INVOLVED

TARGETS/SUBJECTS

1. **MICHAEL RICHARD LYNCH**
   Alias:                Dr. Michael Lynch
                         Mike Lynch

8

|  |  |
|---|---|
| Date of Birth: | June 16, 1965 |
| Place of Birth: | United Kingdom |
| Citizenship: | United Kingdom |
| Passport Number: | UK passport (094434703) |
| Address: | 26 St. Leonards Terrace, London, England, SW3 4QG |
|  | Loudham Hall, Pettistree, Woodbridge IP13 0NN |

2. **SUSHOVAN TAREQUE HUSSAIN**

|  |  |
|---|---|
| Date of Birth: | March 29, 1964 |
| Place of Birth: | Bangladesh |
| Citizenship: | United Kingdom |
| Passport Number: | UK passport (099206851) |
| Address: | 95 Gresham Street, London, England |
|  | 2 Chipstead Lane, Sevnoaks, TN13 2AG, United Kingdom |

3. **STEPHEN KEITH CHAMBERLAIN**

|  |  |
|---|---|
| Alias: | Steve Chamberlain |
| Date of Birth: | June 21, 1972 |
| Citizenship: | United Kingdom |
| Race: | Caucasian |
| Passport Number: | UK passport (650803696) |
| Address: | Willingham, Cambridge |

4. **ANDREW MARK KANTER**

|  |  |
|---|---|
| Alias: | Andy Kanter |
| Date of Birth: | July 6, 1969 |
| Place of Birth: | United States |
| Citizenship: | United States |
| Address: | 24 Batemans Row, London, UK |

5. **ANGELA MARIA BACARES**

|  |  |
|---|---|
| Alias: | Angela Lynch |
| Date of Birth: | April 16, 1967 |
| Place of Birth: | United States |
| Citizenship: | United Kingdom |
| Passport Number: | UK passport (540328464) |
| Address: | 26 St. Leonards Terrace, London, England, SW3 4QG |

## ASSISTANCE REQUESTED

I. <u>Bank and Brokerage Records</u>

For the period from January 1, 2009, to the present, please provide complete certified records from BARCLAYS PLC (including, without limitation, BARCLAYS BANK PLC and

- 9 -

USAO 00003568

any subsidiary and/or affiliate), located at 1 Churchill Place, London E14 5HP, United Kingdom, relating to:

1. Account 10594105 held by Michael Richard Lynch;
2. Account 50884103 held by Stephen Keith Chamberlain; and
3. any and all any accounts traceable to these accounts held by or for the benefit of:
   a. Michael Richard Lynch; and/or
   b. Stephen Keith Chamberlain.

For the period from January 1, 2009, to the present, please provide complete certified records from CREDIT SUISSE AG (including, without limitation, Credit Suisse Securities (Europe) Ltd, Credit Suisse (UK) Limited, Credit Suisse International, and any subsidiary or affiliate), located at One Cabot Square, London E14 4QJ, United Kingdom, relating to any accounts held by or for the benefit of Michael Richard Lynch.

For the period from January 1, 2009, to the present, please provide complete certified records from HSBC BANK PLC (and any subsidiary or affiliate), located at 8 Canada Square, London E14 5HQ, relating to:

1. Account number 01495496 held by Angela Bacares;
2. Account number 51471627 held by Sushovan Tareque Hussain; and
3. any and all any accounts traceable to these accounts held by or for the benefit of:
   a. Angela Bacares; and/or
   b. Sushovan Tareque Hussain.

For the period from January 1, 2009, to the present, please provide complete certified records from J.P. MORGAN INTERNATIONAL BANK LIMITED (including, without limitation, J.P. Morgan Securities plc, J.P. Morgan Limited, and any subsidiary or affiliate), located at 1 Knightsbridge, London SW1X 7LX, United Kingdom, relating to the following accounts held by or for the benefit of Michael Richard Lynch:

1. Account number 9337000;

10

USAO 00003569

    2.    Account number 9337001;
    3.    Account number 9337050;
    4.    Account number 9337051; and
    5.    any and all any accounts traceable to these accounts held by or for the benefit of Michael Richard Lynch.

For the period from January 1, 2013, to the present, please provide complete certified records from JULIUS BAER INTERNATIONAL LIMITED and JULIUS BAER PORTFOLIO MANAGERS LIMITED (including, without limitation, any subsidiary or affiliate) relating to:

    1.    account or relationship numbers 4508.1443, held by Michael Richard Lynch, and/or 4508.1772, held by Angela Maria Bacares; and
    2.    any and all any accounts traceable to these accounts held by or for the benefit of Michael Richard Lynch and/or Angela Maria Bacares.[3]

For the period from January 1, 2009, to the present, please provide complete certified records from MERRILL LYNCH INTERNATIONAL (including, without limitation, Merrill Lynch International Bank Limited, Merrill Lynch Portfolio Managers Limited, and any subsidiary or affiliate), located at 2 King Edward Street, London EC1Q 1 HQ, United Kingdom, relating to any accounts held by or for the benefit of Michael Richard Lynch and/or Angela Maria Bacares.

For the period from January 1, 2011, to May 2012, please provide complete certified records from ROYAL BANK OF SCOTLAND PLC (including, without limitation, any subsidiary or affiliate), located at City Office, 62/63, Threadneedle Street, London EC2R 8LA, relating to:

    1.    Account number 22369035 held in the name of "Capita Registrars Limited CREST Clearing Account" (Sort Code 15-10-00); and
    2.    Account number 23083615 held in the name of "Capita Registrars Limited Re: Hewlett-Packard Vision B.V. / Autonomy Corporation plc – Takeover Case Consideration A/C" (Sort Code 15-10-00).

---

[3] Please note U.S. authorities have also requested these documents from the Bailiwick of Guernsey. However, UK authorities seek any records that may remain in the United Kingdom.

11

USAO 00003570

For the period from January 1, 2009, to the present, please provide complete certified records from UBS AG (including UBS Group, UBS AG, Investment Bank, UBS Wealth Management, UBS Securities Limited, and any parent, subsidiary, or affiliate), located at 1 Finsbury Avenue, London EC2M 2PP, United Kingdom, relating to:

1. trading in Autonomy securities (including options) by Michael Richard Lynch, Sushovan Tareque Hussain, Andrew Mark Kanter, and/or Stephen Keith Chamberlain;
2. any and all any accounts traceable to these accounts held by or for the benefit of
   a. Michael Richard Lynch;
   b. Sushovan Tareque Hussain;
   c. Stephen Keith Chamberlain;
   d. Andrew Mark Kanter; and/or
   e. Angela Maria Bacares;
3. Communications with Michael Richard Lynch, Sushovan Tareque Hussain, Andrew Mark Kanter, and/or Stephen Keith Chamberlain.

Records from the above-listed banks should include, but not be limited to:

- original signature cards;
- documentation of account opening;
- account ledger cards;
- periodic account statements;
- records (copied front and back) of all items deposited, withdrawn, or transferred;
- wire transfers;
- correspondence to, from, or on behalf of the account holder;
- shares and/or securities purchased and/or sold;
- copies of electronic recordings of any conversations;
- instructions relating to the receipt or transfer of any funds into or out of the account;
- powers of attorney and other banking authorizations; and
- memoranda related to the account.

Additionally, the period from January 1, 2009, to the present, please provide all identifying information of any accounts held at BARCLAYS PLC, CREDIT SUISSE AG, HSBC BANK PLC, J.P. MORGAN INTERNATIONAL BANK LIMITED, JULIUS BAER INTERNATIONAL LIMITED, JULIUS BAEAR PORTFOLIO MANAGERS LIMITED,

12

USAO 00003571

MERRILL LYNCH INTERNATIONAL, ROYAL BANK OF SCOTLAND PLC, and UBS AG or elsewhere held in the name of or for the benefit of Michael Richard Lynch, Sushovan Tareque Hussain, Andrew Mark Kanter, Stephen Keith Chamberlain; and/or Angela Maria Bacares. The identifying information should include the bank name, bank address, account number, account holder(s), account signatories, account balance, and account opening documents.

## II. Business Records

For the period January 1, 2011, to May 2012, please provide complete certified records from CAPITA REGISTRARS LIMITED (including, without limitation, Capita PLC and any subsidiary and/or affiliate) relating to:

1. services performed by CAPITA REGISTRARS LIMITED in connection with the HP's acquisition of Autonomy;
2. payments to Autonomy shareholders in connection with the HP acquisition;
3. Michael Richard Lynch, Sushovan Tareque Hussain, Stephen Keith Chamberlain, and/or Andrew Mark Kanter, including, without limitation, communications with any of them; payments to any of them; and documents relating to their acceptance of the offer;
4. acceptances of HP and HP Vision's offer by UBS AG, CREDIT SUISSE AG, MERRILL LYNCH INTERNATIONAL, J.P. INTERNATIONAL BANK LIMITED, and/or any subsidiary or affiliate.

For the period from January 1, 2011, to May 2012, please provide complete certified records from ROYAL BANK OF SCOTLAND PLC (including, without limitation, any subsidiary or affiliate) relating to:

1. the bank's services in connection with the HP's acquisition of Autonomy;
2. Capita Registrars Limited's services in connection with HP's acquisition of Autonomy.

Records from CAPITA REGISTRARS LIMITED and ROYAL BANK OF SCOTLAND PLC should include, but not be limited to:

- agreements and communications with HP, HP Vision, Autonomy, or Autonomy shareholders;

13

USAO 00003572

- correspondence with Michael Richard Lynch, Sushovan Tareque Hussain; Stephen Keith Chamberlain, and/or Andrew Mark Kanter;
- Spreadsheets showing payments to shareholders;
- Bank documents & statements; and
- Wire transfers.

For the period from January 1, 2009, to May 31, 2012, please provide complete certified records from VODAPHONE relating to phone numbers +447833467012, and records from TELEFONICA UK LIMITED relating to phone numbers +447595219540.

Records from VODAPHONE and TELEFONICA UK LIMITED should include, but not be limited to account statements showing calls made and received, and subscriber information.

### PROCEDURES TO BE FOLLOWED

#### I.  Business/Bank Records

Under United States law, foreign business records are usually admitted into evidence in a proceeding in the United States after the party offering them proves, through the testimony at trial of a qualified witness, that:

1. the records produced are true and accurate copies of original records in the custody of the business;

2. the business made or kept the originals in the ordinary course of business and as a regular business practice; and

3. the originals were made, at or near the time of the occurrence of the transactions they record, by a person who either had knowledge of those transactions or received the information from a person with such knowledge.

The testimony of a qualified witness may be unnecessary at trial in the United States where that witness makes or provides a written declaration in a foreign jurisdiction (*i.e.*, the United Kingdom) that (1) contains essentially the same information noted in items 1-3 above and (2) subjects the witness to criminal penalties under the laws of the foreign jurisdiction if the declaration is false. Article 8(5) of the Treaty provides for such a declaration.

14

USAO 00003573

In accordance with Article 8 of the Treaty, please have the appropriate authorities in the United Kingdom do the following:

1. require each bank/business official producing records to complete, and sign the attached Certificate of Authenticity of Business Records;

2. attach the completed certificate to the corresponding records produced by the bank/business official and transmit the records with certificate, through or as directed by the Central Authority for the United Kingdom, to the Office of International Affairs, U.S. Department of Justice.

In accordance with Article 10(2) of the Treaty, please invite each bank/business official producing records to appear, if it should become necessary, at a date to be determined, in San Francisco, California, at the expense of the United States government, to testify at trial.

We thank you for your assistance with this matter and ask that you keep us apprised of all developments.

29 January 2016
Date

Sincerely,

Kenneth J. Harris
Acting Deputy Director
Office of International Affairs
Criminal Division
U.S. Department of Justice

15

USAO 00003574

## CERTIFICATE OF AUTHENTICITY OF BUSINESS RECORDS

I, _____ (Name), attest on penalty of criminal punishment for false statement or false attestation that I am employed by _____ (Name of Business from which documents are produced) and that my official title is _____ (Official Title). I further state that each of the records attached hereto is the original or a duplicate of the original of records in the custody of _____ (Name of Business from which documents are produced). I further state that:

 A) such records were made at or near the time of the occurrence of the matters set forth, by (or from information transmitted by) a person with knowledge of those matters;

 B) such records were kept in the course of a regularly conducted business activity;

 C) the business activity made the records as a regular practice; and

 D) if any of such records is not the original, such record is a duplicate of the original.

_____ (Signature)

_____ (Date)

Sworn to or affirmed before me, _____ (Name), a ___ (notary public, judicial officer, etc.), this _____ day of _____, 20_____.

16

USAO 00003575