Gary S. Lincenberg - State Bar No. 123058
    glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
Michael C. Landman – State Bar No. 343327
    mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>   Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**Defendant Stephen Chamberlain's Joinder in Defendant Michael Lynch's Motion to Dismiss Counts One through Sixteen**<br><br>Date:    November 1, 2023<br>Time:    1:30 p.m.<br>Place:   Courtroom 6<br><br>Assigned to Hon. Charles R. Breyer |

1  Stephen Chamberlain fully joins and incorporates herein Michael Lynch's Motion to
2  Dismiss Counts One through Sixteen and its supporting points and authorities. For the reasons
3  provided in that motion, the Court should dismiss Counts One through Sixteen of the Superseding
4  Indictment. Dkt. 21 ("SI"). Mr. Chamberlain submits this additional brief to provide additional
5  information that supports Dr. Lynch's extraterritoriality argument as to Mr. Chamberlain's
6  conduct in particular.
7  As Dr. Lynch's motion explains, the conspiracy alleged in Count One is really two
8  conspiracies: a conspiracy to defraud Autonomy's UK-based shareholders, and a separate
9  conspiracy to defraud Bidco—HP's Dutch subsidiary—into acquiring Autonomy in 2011. If the
10 conspiracies are properly considered separately, it is clear that the government's allegations are
11 impermissibly based on extraterritorial conduct.
12 The extraterritoriality concern is heightened as to the conduct alleged against Mr.
13 Chamberlain. Most of that conduct pertains to the first conspiracy—i.e., the conspiracy to defraud
14 Autonomy's UK-based shareholders by inflating its revenue figures. But Mr. Chamberlain's
15 involvement in the preparation of Autonomy's financial statements took place entirely within the
16 UK. During his time at Autonomy, including during the period relevant to the SI, Mr.
17 Chamberlain worked out of an office in Cambridge, reviewing Autonomy's financial statements to
18 ensure compliance with UK financial regulations and communicating with Autonomy's UK
19 auditors to do so. The SI confirms,

> Defendant STEPHEN KEITH CHAMBERLAIN was a resident of the United Kingdom. From approximately 2005 until 2011, he was Vice President of Finance at Autonomy. CHAMBERLAIN was a qualified Chartered Accountant. As one of Autonomy's most senior finance officers, CHAMBERLAIN was responsible for the preparation of Autonomy's financial statements. CHAMBERLAIN was also responsibility for the accuracy of statements made by him and others at Autonomy to Autonomy's independent auditor in the United Kingdom.

SI ¶ 5.

Each sentence in this paragraph confirms the extraterritorial nature of Mr. Chamberlain's alleged conduct. Mr. Chamberlain performed his work for Autonomy in his capacity as a Chartered Accountant, a position governed by and subject to the laws and regulations of the UK.

Autonomy's financial statements were prepared pursuant to accounting standards applicable to companies in the UK—i.e., the International Financial Reporting Standards (IFRS) and International Accounting Standards (IAS). In connection with the preparation of Autonomy's public financial statements, Mr. Chamberlain worked with and spoke to Autonomy's UK-based auditors at Deloitte, within Autonomy's UK offices. And the alleged inaccuracies in Autonomy's financial statements are based on noncompliance with the criteria set forth in IFRS and IAS standards, none of which are accounting standards that would apply in the United States. SI ¶ 22(b).

Second, as to the alleged conspiracy to defraud Bidco into acquiring Autonomy, the SI's only allegation about Mr. Chamberlain's participation in the due diligence process is that he and others "caused Autonomy to provide to HP and its advisors false and misleading listings of Autonomy's top contracts and customers." SI ¶ 23(aa). But there is no allegation that Mr. Chamberlain actually communicated with HP representatives regarding these listings. Instead, the evidence is that Mr. Chamberlain was directed by Autonomy's executives (including Mr. Hussain) to prepare information that others then transmitted to HP. All of these communications took place within the UK and were made to other individuals within the UK.

Third, the extraterritorial nature of the government's allegations against Chamberlain is further underlined by the pending complaint he faces from UK regulators. On May 17, 2018, the UK's Financial Reporting Council filed a Formal Complaint against Mr. Chamberlain, seeking to impose professional consequences on Mr. Chamberlain for his work with Autonomy. Mr. Chamberlain submits that even if the government's allegations were substantiated, given the nature of those allegations, it should be a UK regulator with familiarity with UK laws who ultimately determines whether he complied with UK professional standards when reviewing Autonomy's financial statements.

In short, Mr. Chamberlain's alleged conduct took place in the UK, involved communications to others in the UK, and purportedly violated accounting standards applicable in the UK. For these reasons, in addition to the ones presented in his motion, the Court should grant Dr. Lynch's motion to dismiss.

| | | |
|---|---|---|
| 1 | DATED: September 29, 2023 | Gary S. Lincenberg |
| 2 | | Ray S. Seilie |
| | | Michael C. Landman |
| 3 | | Bird, Marella, Boxer, Wolpert, Nessim, |
| | | Drooks, Lincenberg & Rhow, P.C. |

By: _____/s/ Gary L. Lincenberg_____
        Gary S. Lincenberg
Attorneys for Defendant Stephen Keith Chamberlain