PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States,
Acting under Authority Conferred by 28 U.S.C. § 515

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA GREEN (NYBN 5226204)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6912
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov
           Adam.Reeves@usdoj.gov
           Kristina.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-CR-577 CRB |
| Plaintiff, | **UNITED STATES' VOLUNTARY BILL OF PARTICULARS** |
| v. | |
| MICHAEL RICHARD LYNCH, and STEPHEN KEITH CHAMBERLAIN, | |
| Defendants. | |

## INTRODUCTION

Having conferred with counsel for the defendants in advance of a possible motion for a bill of particulars, the United States hereby submits this voluntary bill of particulars to minimize surprise and otherwise ensure a fair and well-managed trial of the pending indictment. In so doing, the government specifically reserves the right to supplement and revise the particulars set forth herein with reasonable notice to the defendants.

Broadly, the United States reserves the right to adduce evidence of any transactions examined in specific detail within the scope of the trial of *United States v. Sushovan Hussain* and the Approved Judgment dated May 17, 2022, issued by the Hon. Mr. Justice Hildyard in *ACL Netherlands B.V. et al. v. Michael Richard Lynch et al.* (the "Judgment in the U.K. Civil Action") (collectively the "Prior Proceedings"). On information and belief, the defendants are fully informed about the details of the Prior Proceedings. The government further reserves the right to adduce evidence of any transaction, whether particularized herein or not, in which either defendant was directly involved in negotiating or discussing as reflected in documents specified in the government's final Exhibit List ("Direct Involvement").

Finally, the term "Detailed Evidence" as used herein means direct evidence about specific transactions reflected in the documents on the government's final Exhibit List. It does not include evidence about transactions intended to explain the transactions' impact on the aggregate financial performance of Autonomy.

I.   **COUNTS ONE THROUGH SIXTEEN**

The government offers the following particulars regarding Counts One through Sixteen:

A.   **Financial Performance**

The government will adduce evidence regarding, what it contends to be, the false aggregate financial performance for Autonomy Corporation plc ("Autonomy") for the ten (10) quarter period from Q1 2009 through Q2 2011. Exhibit 2749 (attached) is an example of some of the evidence the government will use to prove the false aggregate financial performance of Autonomy over the relevant period and is incorporated herein by reference. The government may refer to transactions not further specified herein to explain the false aggregate financial performance of Autonomy but will not adduce Detailed Evidence relating to any transaction not specified herein without supplemental notice as described below unless the evidence contained in the government's final Exhibit List demonstrates Direct Involvement by either defendant. For avoidance of doubt, nothing in this Voluntary Bill of Particulars precludes the government from offering Exhibit 2749 as evidence or testimony by its retained expert Steven Brice at Mazars LLP. Nor does anything in this Voluntary Bill of Particulars preclude the government from offering evidence that Autonomy's reported results were not consistent

with U.S. Generally Accepted Accounting Principles such as SOP 97-2, despite statements by Autonomy to the contrary.

### B. Earnings Calls

The government will adduce evidence regarding all public statements including, but not limited to, all earnings calls, statements on its website, and other public statements by Autonomy regarding its financial performance for the ten (10) quarter period from Q1 2009 through Q2 2011.  The government will also adduce evidence of all relevant questions, reactions, and analyses by investors and financial analysts.

### C. Software

The government will adduce evidence regarding all alleged sales by Autonomy of software for the ten (10) quarter period from Q1 2009 through Q2 2011 including, but not limited to, the following transactions:

| Quarter | How Much AU paid | How Much AU Received as Revenue |
| --- | --- | --- |
| Q1 2009 | $7.5m in fake purchase orders | $7.5m Capax (EDD I) sale |
| Q3 2009 | $45.5m paid to EMC | $37m EMC hardware resold |
| Q4 2009 | $34m original MS deal (spread out) | $29m from MS ($12m up front) |
| Q4 2009 | $10m extra to D. Truitt | $10m MicroTech (DT) sale |
| 2007-2009 | $15.9m ML written off | $15.9 in ML deals (including Q4 2009 $2.3m) |
| Q4 2009 | $10.3m purchase from FileTek | $8m sale to FileTek |
| Q4 2009 | $4m in fake purchase orders | $4m Capax (EDD II) |
| Q4 2009 | $2.2m written off | $2.2m Sales Consulting (Poste) |
| Q4 2009 | $9.6m to MT for ATIC, $2.3m written off | $11.5m MicroTech (Vatican) |
| Q1 2010 | $2.3m written off | $1.7m Auxilium (Vatican) |
| Q1 2010 | $11.5m purchase from FileTek | $8.5m sale to FileTek |
| Q1 2010 | $2m purchase from Capax, $2.5m credit memo | $4.5m sale to Capax (FSA) |
| Q3 2010 | $11.6m paid to FileTek | $10m FileTek (VA) |
| Q4 2010 | $4.2m written off | $4.2m MicroTech (DOI) |

| Q4 2010 | $6m uncollected | $6m VMS hardware |
| --- | --- | --- |
| Q1 2011 | $4.4m to DiscoverTech | $3.8m DiscoverTech (Prisa) |
| Q1 2011 | $3.3m written off | $3.86m DiscoverTech (TeamSite) |
| Q1 2011 | $3.55m in fake purchase orders | $1.6m Capax (EDD III) |
| Q1 2011 | $6m purchase from Capax | $5m sale to Capax (McAfee) |
| Q2 2011 | $9m written off | $9m DiscoverTech (Abbott) |
| Q2 2011 | $8.2m for Federal Cloud | $7.35m MicroTech (HP) |

As the records in the Prior Proceedings reveal, these selected transactions often involve multiple inter-related transactions combining, for example, software sales and accelerated hosting deals, hardware sales and marketing expenses for alleged new products (like SPE), and a variety of complex reciprocal deals with so-called value-added resellers (VARs).  The defendants have notice of these inter-related transactions from the Prior Proceedings and the government will not adduce Detailed Evidence of specific software transactions beyond those identified above without providing supplemental notice as described below unless the evidence contained in the government's final Exhibit List demonstrates Direct Involvement by either defendant.

**D.     Hardware**

The government will adduce evidence regarding all alleged sales by Autonomy of hardware for the ten (10) quarter period from Q1 2009 through Q2 2011 including, but not limited to, all transactions summarized in reports to Autonomy's Audit Committee and all transactions using nominal codes 470000, 570000 or 640800 in Autonomy's general ledger.  Specifically, the government will adduce evidence of so-called hardware deals involving the following third parties: AIG; Bloomberg; Citicorp; Credit Suisse; Insight; JP Morgan Chase; Metro Business Systems; Morgan Stanley; Progressive Insurance; SHI International; Video Monitoring Services; and Zones, Inc., as well as transactions with the ultimate end users of the hardware such as Bank of America, H&R Block, and Target.

The government will not adduce evidence of other specific so-called hardware deals beyond those specified above without providing supplemental notice as described below unless the evidence

contained in the government's final Exhibit List demonstrates Direct Involvement by either defendant. For avoidance of doubt, the government may offer evidence Autonomy's hardware sales were not appropriately stated under IFRS and U.S. Generally Accepted Accounting Principles.

      **E.**      **Original Equipment Manufacturer**

The government will adduce evidence about all claims or disclosures by Autonomy about the sale of Original Equipment Manufacturer (OEM) products for the ten (10) quarter period from Q1 2009 through Q2 2011. Broadly, the government will adduce evidence about Autonomy's false and misleading disclosures about OEM revenue as revealed in the prior statements and evidence disclosed in the government's discovery. The government may refer to transactions not further specified herein to explain the false and misleading nature of Autonomy's disclosures about OEM revenue but will not adduce Detailed Evidence relating to any specific OEM transaction without supplemental notice as described below unless the evidence contained in the government's final Exhibit List demonstrates Direct Involvement by either defendant.

      **F.**      **Acquisition**

The government will adduce evidence about all aspects of the sale of Autonomy in 2011 including, but not limited to, all aspects of Autonomy's consideration of buyers other than HP, Autonomy's meetings and negotiations with HP, the due diligence process that led to HP's offer to buy Autonomy, and relevant events following the announcement of the acquisition including, but not limited to, investor reactions.

**II.**      **COUNT SEVENTEEN**

As alleged in Count Seventeen, the government will adduce evidence about the aftermath of the acquisition of Autonomy by HP, including, but not limited to, the underperformance of the Autonomy Division of HP over two quarters in 2011-2012; the falsification of approximately $5.5 million in revenue for the period ending January 31, 2012 (as alleged in Paragraph 34 (f)); the destruction of records by Autonomy personnel in 2012; the theft of records from HP following the termination of defendant Lynch by HP; and false and misleading statements by defendant Lynch to HP and to the public regarding the financial performance of Autonomy and HP made between 2011-2016.

Count Seventeen charges a conspiracy to conceal from HP and eventually the government, and

otherwise make false and misleading statements about, the truth of Autonomy's financial performance before and after the 2011 acquisition by HP. Defendant Chamberlain furthered this conspiracy by falsifying the business records of HP as alleged in Paragraph 34(e) of the Superseding Indictment in violation of 15 U.S.C. § 78m. After defendant Chamberlain left HP in 2012, defendant Lynch and co-conspirators carried out the remaining aspects of the conspiracy as alleged in Count Seventeen.

The government specifically gives notice that it will adduce evidence regarding the sale by Autonomy in the *third quarter of 2011* – during the pendency and consummation of the acquisition by HP – of millions of dollars in hardware. To the extent the government seeks to adduce evidence of any specific transactions during the two quarters in 2011-2012 when Autonomy operated as a division of HP that are not specifically referenced in the Superseding Indictment, the government will identify and provide notice of such evidence in accordance with the terms of the "Supplemental Notice" paragraph below unless the evidence contained in the government's final Exhibit List demonstrates Direct Involvement by either defendant.

At this time, the government does not intend to adduce evidence relating to the allegations in the Superseding Indictment at Paragraph 33(c) (alleging the payment of "hush money" etc.) and Paragraph 33(e) (alleging money "laundering" etc.) but reserves the right to prove these allegations upon reasonable supplemental notice to the defendants or to rebut arguments made by the defendants at trial.

**III.   SUPPLEMENTAL NOTICE**

If it identifies additional transactions beyond those referenced above that are relevant to the adjudication of the pending indictment, the government may add to, supplement, or revise this voluntary bill of particulars on or before December 18, 2023, approximately ninety (90) days before the start of the trial. Thereafter, the government may only add to, supplement, or revise this voluntary bill of particulars upon a showing of good cause and no prejudice to the defendants.

//
//
//
//
//

# CONCLUSION

The extensive trial records in *United States v. Hussain* and *ACL Netherlands B.V. et al. v. Lynch*, the Prior Proceedings, are well known to all parties. This well-plowed factual history should yield few surprises in the upcoming trial of *United States v. Lynch and Chamberlain*. On this basis, the United States could properly oppose any motion to order further particulars. Nevertheless, the United States submits this bill of particulars voluntarily to promote a fair and orderly trial.

DATED: October 8, 2023

Respectfully submitted,

PATRICK D. ROBBINS
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

*/s/ Adam A. Reeves*

ROBERT S. LEACH
ADAM A. REEVES
KRISTINA GREEN
Assistant United States Attorneys