Gary S. Lincenberg - State Bar No. 123058
    glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
Michael C. Landman – State Bar No. 343327
    mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**Defendant Stephen Chamberlain's Reply in Further Support of His Joinder and Motion to Dismiss Count Seventeen of the Superseding Indictment**<br><br>Date:     November 29, 2023<br>Time:     1:30 p.m.<br>Place:    Courtroom 6<br><br>Assigned to Hon. Charles R. Brever |

1    The Government's opposition attempts to construct a narrative to tie together an otherwise

2    insufficiently-pled count in the superseding indictment. The Government cannot cure a defective

3    count by adding a narrative in its opposition just as it cannot save the count by filing a voluntary

4    Bill of Particulars. Mr. Chamberlain's motion should be granted on account of the Government's

5    failure to state an offense as to him.

6    Additionally, for the reasons stated in Defendant Michael Richard Lynch's motion (ECF

7    No. 219), and in his concurrently-filed reply, Count Seventeen should be dismissed because it is

8    duplicitous.

9    ## I.   FAILURE TO ALLEGE PARTICIPATION IN A SINGLE CONSPIRACY

10   The Government does not dispute that overt act (e), occurring on February 3, 2012, is the

11   only act in which Mr. Chamberlain is alleged to have participated. Stuck with that premise, the

12   Government tries to construct a narrative to bring Mr. Chamberlain's singular act under the

13   umbrella of a sprawling, seven-year, multi-object conspiracy. The Government may not use its

14   voluntary Bill of Particulars nor its opposition papers to save an otherwise deficient indictment.

15   *Russell v. United States*, 369 U.S. 749, 770 ("[A] bill of particulars cannot save an invalid

16   indictment."). In an attempt to bridge the gap between the end of the charged conspiracy in Count

17   One and the first alleged overt act in Count Seventeen, the Government writes in its opposition

18   that the "cover-up began almost immediately in October 2011 . . . when . . . Autonomy sold

19   approximately $30 million in so-called 'low margin' hardware." Gov. Opp'n at 3:11-13. Putting

20   the merits of such an allegation aside, this narrative is not in the superseding indictment and may

21   not be used to save a defective count. The same is true for the Government's narrative that "the

22   defendants worked together to impede HP's detection of Autonomy's inability to compete as a

23   unit of HP without using the fraudulent accounting schemes Autonomy used before the

24   acquisition." Gov. Opp'n at 6:16-18. The Government's prose in its opposition cannot save a

25   defective count.

26

27

28

## II.     FAILURE TO ALLEGE MR. CHAMBERLAIN'S KNOWLEDGE OF AND INTENT TO JOIN ANY OF THE OBJECTS OF THE CONSPIRACY

The Government does not dispute that it has failed to allege any *facts* to suggest Mr. Chamberlain knew of or participated in any plan to commit any of the alleged objects of the conspiracy. Regarding the alleged agreement to violate 15 U.S.C. § 78m, the Government does not explain how Mr. Chamberlain's alleged instruction to accrue $5.5 million in revenue in a quarter in which HP reported $30 billion could possibly be part of a conspiracy to knowingly and willfully circumvent a system of internal accounting controls. Nor does the Government explain how such an immaterial accrual could further the broader purpose of engaging in a massive cover-up—an alleged conspiracy that continued for years after Mr. Chamberlain's singular and unconnected alleged overt act. The failure to allege sufficient facts to tie Mr. Chamberlain's act to any alleged object of the conspiracy, let alone to the overall common purpose of the conspiracy, warrants dismissal of Count Seventeen as to him.

## III.    FAILURE TO ALLEGE A SUBSTANTIVE VIOLATION OF 15 U.S.C. § 78m

The Government does not acknowledge that it failed to allege the *knowingly and willfully* elements of 15 U.S.C. § 78m. The Government cites to *United States v. Awad*, 551 F.3d 930, 936 (9th Cir. 2009) for the proposition that an indictment can omit an element of the offense. In *Awad*, the government charged the defendant with an offense that prohibits knowingly and willfully defrauding Medicare, but forgot to allege the "willfulness" element. *Id.* The Court held that "an inference of willfulness is obvious because of the facts alleged in the indictment." *Id.* Those facts included allegations that (1) the defendant "directed [others] to create medical records showing that they had performed respiratory treatments when such treatments were not actually performed," (2) the defendant "billed Medicare for such treatments even though they did not occur;" and that (3) the defendant "knew" the following:

> (a) that Defendant was neither providing, nor supervising[,] the Respiratory Treatments being billed to Medicare; (b) that the Respiratory Treatments being billed to Medicare were not being provided in Defendant's medical office in Anaheim; (c) that Medicare does not pay for the Respiratory Treatments if such treatments are performed on patients at residential board and care facilities; (d) that Medicare does not pay for the Respiratory

> Treatments which are not provided and directly supervised by a physician; (e) that Medicare does not pay for the Respiratory Treatments if such treatments are provided by unlicensed individuals; (f) that Medicare does not pay for the Respiratory Treatments if such treatments are not provided; and (g) that Medicare does not pay for the Respiratory Treatments if billing for such treatments are based upon falsified and forged medical records.

*Id.* n.4. The indictment's detailed allegations regarding the defendant's knowledge and intent was sufficient for the Court to conclude that the grand jury necessarily found that the defendant acted both *knowingly* and *willfully*. *Id.*

Unlike the indictment in *Awad*, which alleged "knowingly" but omitted the word "willfully," the superseding indictment fails to allege *both* intent elements of the circumvention of accounting controls offense. *See* 15 U.S.C. § 78m(b)(5); *United States v. Reyes*, 577 F.3d 1069, 1080 (9th Cir. 2009). The superseding indictment alleges that Mr. Chamberlain instructed an HP employee to "falsely record," without specifying Mr. Chamberlain's intent in making the false entry. Unlike in *Awad*, the superseding indictment does not contain factual allegations regarding what Mr. Chamberlain knew of HP's system of internal accounting controls, let alone allegations of his intent to circumvent such controls. Without an allegation of *knowingly and willfully* circumventing a system of internal accounting controls, it is conceivable that the grand jury could have reached a decision to indict Mr. Chamberlain for instructing the HP employee to make a false entry even if he lacked knowledge of or intent to circumvent HP system of internal accounting controls. The immateriality of the alleged false item makes this possibility all the more likely. This case is not like *Awad* and the Government should not be able to proceed with an indictment that has failed to properly allege an essential element of the offense.

1    **IV.**     **CONCLUSION**

2       For the foregoing reasons, Mr. Chamberlain respectfully requests that the Court grant his

3 motion to dismiss Count Seventeen as to him.

4 DATED: October 24, 2023         BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
                                 DROOKS, LINCENBERG & RHOW, P.C.

5

6

7

                      By:        */s/ Gary S. Lincenberg*

8                           Gary S. Lincenberg
                          Ray S. Seilie

9                           Michael C. Landman

10                           Attorneys for Defendant Stephen Keith
                          Chamberlain

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28