Gary S. Lincenberg - State Bar No. 123058
    glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
Michael C. Landman - State Bar No. 343327
    mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN<br><br>    Defendants. | CASE NO. 3:18-cr-00577-CRB<br><br>**Defendant Stephen Chamberlain's Notice of Motion and Motion for Issuance of Subpoena to Hewlett Packard Pursuant to Federal Rule of Criminal Procedure 17(c) [Unopposed]; Memorandum of Points and Authorities; Declaration of Michael C. Landman**<br><br>Filed Concurrently with [PROPOSED] ORDER<br><br>Date:    November 29, 2023<br>Time:    1:30 p.m.<br>Place:    Courtroom 6<br><br>Assigned to Hon. Charles R. Breyer |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD IN THIS ACTION:**

PLEASE TAKE NOTICE that on November 29, 2023, or as soon thereafter as the matter may be heard, defendant Stephen Chamberlain, by and through counsel, will and hereby does move this Honorable Court for an order authorizing the issuance of a subpoena *duces tecum* to Hewlett Packard ("HP") pursuant to Federal Rule of Criminal Procedure 17(c)(1) and Local Rule 17-2(a). The proposed subpoena is attached as Exhibit 1 of the concurrently filed Declaration of Michael C. Landman.

This motion is based upon the following Memorandum of Points and Authorities, the Declaration of Michael C. Landman submitted herewith, oral argument, and the pleadings and exhibits on file with the Court. Defendant Michael Lynch does not oppose the motion. The Government does not object to the issuance of the requested subpoena but notes the same concerns it expressed in its response to Dr. Lynch's Rule 17(c) motion (ECF No. 260).

DATED: November 28, 2023

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:    */s/ Michael C. Landman*
Gary S. Lincenberg
Ray S. Seilie
Michael C. Landman
Attorneys for Defendant Stephen Keith Chamberlain

**MEMORANDUM OF POINTS AND AUTHORITES**

**I.   INTRODUCTION AND BACKGROUND**

Defendant Stephen Chamberlain respectfully requests that the Court issue a subpoena *duces tecum* to HP pursuant to Federal Rule of Criminal Procedure 17(c). A copy of the proposed subpoena is attached as Exhibit 1 of the concurrently filed Declaration of Michael C. Landman ("Landman Decl."). Defendant Michael Lynch does not oppose the issuance of the requested subpoena. Declaration of Michael C. Landman ¶ 8. The Government does not object to the issuance of the requested subpoena but notes the same concerns it expressed in its response to Dr. Lynch's Rule 17(c) motion (ECF No. 260). *Id.*

Count 17 of the superseding indictment charges Mr. Chamberlain with directing "an HP finance employee to falsely record approximately $5.5 million in revenue to be included in HP's financial statements for the period ending January 31, 2012." ECF No. 21 ¶ 34(e). The Government's evidence surrounding this allegation comes from HP-Autonomy finance employee, Antonia Anderson. Landman Decl. ¶ 3, Ex. 2 at 8. As Ms. Anderson explained, the $5.5 million accrual related to items where Autonomy "had done the work, but had not yet billed the customers." *Id.* Ms. Anderson told the Government that she searched for records that would substantiate the $5.5 million accrual but was unable to find anything. *Id.* at 9.

During the relevant period, Autonomy kept records related to the billing of its customers. Landman Decl. ¶ 4. Such records reflect when work is performed and when it is billed. *Id.*

The requested subpoena *duces tecum* seeks the following records:

> All records related to the billing, invoicing and tracking of HP-Autonomy revenue associated with (1) support and maintenance, (2) professional services, and (3) hosting (together, "Three Revenue Streams") including but not limited to:
>
> (1) detailed sales ledger listings from all revenue systems (including ERP, Netsuite, NIBS, and Softrax) for the Three Revenue Streams;
>
> (2) all invoices for the Three Revenue Streams;
>
> (3) any spreadsheets or other documents that tracked worked performed by Autonomy-HP for the Three Revenue Streams; and

> (4) any spreadsheets or other documents that tracked billing related to the Three Revenue Streams
>
> For the reporting periods ending on January 31, 2012 (Q1 2012) and April 30, 2012 (Q2 2012).

Landman Decl. ¶ 2, Ex. 1.

The requested records are relevant to the allegations in overt act (e) of Count 17 because they will help Mr. Chamberlain demonstrate that the Q1 2012 accrual of revenue was based on work performed by Autonomy in Q1 2012 but not billed until Q2 2012.

## II.  ARGUMENT

Federal Rule of Criminal Procedure 17(c)(1) authorizes the Court to issue a subpoena to "order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." *See also* Local Rule 17-2. To compel production of documents before trial, the moving party must establish the four requirements set forth in *United States v. Nixon*, 418 U.S. 683, 699 (1974):

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

The proposed subpoena meets all four *Nixon* requirements.

*First*, the requested documents are evidentiary and relevant. As discussed above, Mr. Chamberlain is charged with falsifying approximately $5.5 million in revenue in Q1 2012. ECF No. 21, ¶ 34(e). The Government is expected to support this allegation by calling a single witness, Ms. Anderson, to testify that she accrued $5.5 million in revenue at the direction of Messrs. Chamberlain and Hussain, and that she was unable to find any documentary support for it. Landman Decl. ¶ 3, Ex. 2 at 8-9. If Ms. Anderson's expected testimony is accurate, it would suggest that Autonomy billed for *all* of the work it performed in Q1 2012 (related to support and maintenance, professional services and hosting) *before* the end of the quarter. If the requested records show billing in early-Q2 2012 for work performed in late-Q1 2012, such records are

inconsistent with Ms. Anderson's testimony. Given Autonomy's history of accruing revenue each quarter for work performed prior to but not billed until after the close of the quarter, it is expected that the requested records would call into question Ms. Anderson's anticipated testimony. Such records are important to Mr. Chamberlain's defense and admissible as business records of Autonomy.

*Second*, the information sought by the subpoena is not otherwise procurable in advance of trial or otherwise. The documents sought are exclusively within the possession, custody, and control of HP. Landman Decl. ¶ 5. Therefore they cannot be otherwise obtained in advance of trial through other means.

*Third*, Chamberlain cannot reasonably prepare for trial without reviewing the requested records. Landman Decl. ¶ 6. As discussed above, these records are critical in addressing Ms. Anderson's anticipated testimony that the entirety of the Q1 2012 revenue accrual was unsubstantiated. Mr. Chamberlain and his team will need to review these records to determine whether such work was performed in Q1 2012. This must be done in advance of trial in order to avoid mid-trial delay and to allow Mr. Chamberlain to effectively prepare a defense to Count 17. *Id.* ¶ 7.

*Fourth*, this application is made in good faith and cannot be dismissed as a mere fishing expedition. Chamberlain seeks a narrow category of documents from a limited period of time. Landman Decl. ¶ 2, Ex. 1. He has tailored the subpoena in a manner that is broad enough to ensure that he receives responsive records but narrow enough to avoid the appearance of a fishing expedition. *Id.*

## III. CONCLUSION

For these reasons, the Court should grant Mr. Chamberlain's unopposed motion and issue the subpoena to HP attached as Exhibit 1 to the accompanying Declaration of Michael C. Landman.

DATED: November 28, 2023

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:     */s/ Michael C. Landman*
Gary S. Lincenberg
Ray S. Seilie
Michael C. Landman
Attorneys for Defendant Stephen Keith Chamberlain