PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email: Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN, <br><br> Defendants. | Case No. CR 18-577 CRB <br><br> UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO COMPEL AND FOR RELATED RELIEF <br> [ECF No. 272 & 273] <br><br> Hearing Date: January 10, 2024 <br> Trial Date: March 18, 2024 <br> Pretrial Conference: February 21, 2024 |

The government respectfully submits its Response to Defendant Michael Richard Lynch's Motion to Compel and for Related Relief [ECF No. 272] and Defendant Stephen Keith Chamberlain's Joinder [ECF No. 273] (the Defendants' Motion).

**INTRODUCTION**

With losses of approximately $11.7 billion, "Autonomy's fraud on HP was massive, among the largest ever prosecuted by the United States Department of Justice." U.S.' Sentencing Mem., *United States v. Hussain*, CR 16-462 CRB (N.D. Cal. May 1, 2019), ECF No. 535. Inevitably, there will be an unusually large number of relevant exhibits, witnesses, and fraudulent transactions in the upcoming trial.

U.S.' RESPONSE TO MOT. TO COMPEL,
CASE NO. CR 18-577 CRB    1

1  The judgment alone in the parallel civil case against Dr. Lynch in the United Kingdom spans 1,600
2  pages, for a case purportedly lasting 93 days with a "trial bundle" consisting of 28,000 documents.  *See*
3  https://www.theregister.com/2022/05/18/lynch_judgement/.  In a proactive effort to provide fair notice
4  and avoid any undue surprise, the government *voluntarily* provided a detailed bill of particulars.
5  Focused as it must be on the alleged criminal conduct of two new defendants – one of whom was the
6  CEO of a multi-million dollar business – the trial of *United States v. Lynch and Chamberlain* will not be
7  a repeat of the trial in *United States v. Hussain* but will add new conduct and have different emphasis.
8  Unable to claim surprise or unfairness, the Defendants' Motion is largely an expression of frustration
9  about what they have long known was coming.  For the reasons set forth below, the Defendants'
10 complaints about discovery, the witnesses, the bill of particulars, and the exhibits each lack merit and
11 their motion should be denied.

12                                                  **FACTS**
13 **I.      THE GOVERNMENT'S DISCOVERY PRODUCTIONS**
14         On January 27, 2020, the government produced initial discovery to Defendant Chamberlain.  The
15 production included an Index of Documents Produced, which identified millions of documents, Bates
16 labeled USAO-SEC-EPROD-000473082 to USAO-SEC-EPROD-003749579.  1/3/2024 Declaration of
17 Robert S. Leach in Support of United States' Response to Defendants' Motion to Compel and for
18 Related Relief ("Leach Decl."), Ex. A.  The index noted the documents were obtained by the
19 government via the Securities and Exchange Commission ("SEC"), and described them as "(1)
20 electronic data pull, including natives, from the files of custodian [Defendant] Lynch, [Sushovan]
21 Hussain, [Defendant] Chamberlain, [Andrew] Kanter, [Joel] Scott, and [Peter] Menell; (2) documents
22 produced by HP; (3) documents produced by parties other than HP (Bank of America, Counsel for Mike
23 Lynch)."  *Id.* at Index p.48 of 51.  In the nearly four years since this production was made, Defendant
24 Chamberlain has not – until his December 26, 2023 Joinder – suggested he was unable to access or
25 review this production.  *Id.* ¶ 7.
26         On May 19, 2023, the government produced approximately 1.5 terabytes of data to Defendant
27 Lynch, and identified additional discovery that would be forthcoming, including USAO-SEC-EPROD-
28 000473082 to USAO-SEC-EPROD-003749579.  *Id.* Ex. B at Index of Additional Discovery p.35.  On

June 16, 2023, the government produced additional discovery. *Id.* Ex. C.  The government's June 16, 2023 production included a detailed Index of Documents Produced, which identified millions of documents, Bates labeled USAO-SEC-EPROD-000473082 to USAO-SEC-EPROD-003749579. *Id.* Ex. C at Index p. 38.  The index noted the documents were obtained by the government via the SEC, and described them as "(1) electronic data pull, including natives, from the files of custodian [Defendant] Lynch, [Sushovan] Hussain, [Defendant] Chamberlain, [Andrew] Kanter, [Joel] Scott, and [Peter] Menell; (2) documents produced by HP; (3) documents produced by parties other than HP (Bank of America, Counsel for Mike Lynch)." *Id.*

On Wednesday, November 22, 2023, counsel for Dr. Lynch emailed counsel for the government, listing 3.3 million files counsel for Dr. Lynch indicated they were unable to access. *Id.* Ex. D.  On Friday, November 24, 2023, counsel for the government responded as follows:

> Thank you for your message.  We appreciate you bringing these issues to our attention.  Please see the highlights of the table below.  For the rows highlighted in green, we need additional information such as the Bates range of the documents.  It is not obvious to us based on our initial review what production folder the documents came from.  For the rows highlighted in yellow, these were produced from a hard drive received from HP of documents from the UK litigation.  I understand we imaged or copied the entire drive for you, so if there is an empty folder, I expect the government never received the documents.  To avoid all doubt, we invite you to inspect the hard-drive we received and make your own assessment.  (I also understand these are documents available to Dr. Lynch in the UK civil case.)  Finally, for the rows highlighted in blue, we will reproduce them via USAfx promptly.
>
> As always, please let me know promptly of any issues you have with the discovery so we can work to resolve them.

*Id.*

Since the Thanksgiving holiday, counsel for Dr. Lynch and counsel for the government have conferred repeatedly about this issue.  As a result of the parties' dialogue, counsel for Dr. Lynch was able to locate approximately 17,194 files by searching with additional Bates-labels assigned to the documents. *Id.* ¶ 6.  On November 28, 2023, and January 2, 2024, the government re-produced approximately 864,993 files – mostly files the government understands were previously produced to Dr. Lynch in parallel litigation in the United Kingdom. *Id.*  In advance of the January 10, 2024 hearing, the government anticipates it will have reproduced the remainder – including approximately 2,490,149 files in two folders (USAO-SEC-

EPROD_20170517 and USAO-SEC-EPROD_20170517_2) that contain the USAO-SEC-EPROD-000473082 to USAO-SEC-EPROD-003749579 Bates-ranges disclosed to Defendant Chamberlain in January 2020 and Defendant Lynch in May 2023. *Id.*

## II.      THE GOVERNMENT'S COMPLIANCE WITH THE SCHEDULING ORDER

On October 8, 2023, the government filed a voluntary bill of particulars. ECF No. 230. The voluntary bill of particulars states: "If it identifies additional transactions beyond those referenced above that are relevant to the adjudication of the pending indictment, the government may add to, supplement, or revise this voluntary bill of particulars on or before December 18, 2023, approximately ninety (90) days before the start of the trial. Thereafter, the government may only add to, supplement, or revise this voluntary bill of particulars upon a showing of good cause and no prejudice to the defendants." *Id.* at 6.

On November 8, 20203, the government served a summary pursuant to Rule 16 of the Federal Rules of Criminal Procedure for each expert witness that it intends to call at trial in its case-in-chief. The government identified Stephen Brice, a partner with Mazars LLP in the UK. Mr. Brice's 61-page report includes detailed appendices listing $111 million in "hardware focus" transactions and approximately 67 software transactions. Leach Decl. Ex. E.

On December 8, 2023, the government served its exhibit list. In addition to identifying the 3000+ exhibits marked by the government in *Hussain*, the list primarily includes (1) documents marked as exhibits to witnesses statements/testimony in the parallel UK civil action, (2) public statements by Dr. Lynch and Autonomy, (3) grand jury exhibits, (4) exhibits marked by the SEC in its investigation, (5) documents underlying the government's expert report, and (6) emails involving Dr. Lynch or Chamberlain identified as significant during the government's investigation. *Id.* ¶ 9.

On December 15, 2023, the government served its First Amended Witness List, identifying 70 potential non-custodial witnesses. By comparison, the government's Amended Witness List in *Hussain* identified 69 potential non-custodial witnesses. *See* United States' Amended Witness List, *United States v. Hussain*, CR. 16-462 CRB (N.D. Cal. Jan. 17, 2018), ECF No. 200.

On December 18, 2023, the government filed a supplemental bill of particulars, as contemplated by its October 8, 2023 filing. All but 9 of the itemized software transactions were identified more than a month earlier in the Brice report, referenced in the *Hussain* trial, or involved resellers well-known by the Defendants. Those 9 were listed in Ex. 2479 which served as a demonstrative in the *Hussain* case.

## RELEVANT LAW

The court has broad discretion to mandate pretrial disclosure of exhibit/witness lists and impose reasonable limitations on admissible evidence to effective the "speedy and orderly administration of justice." *United States v. W.R. Grace*, 526 F.3d 499, 508 (9th Cir. 2008) (en banc). An appellate court applies a deferential standard of review and is unlikely to reverse a case management-type order. The key question is whether the scope of the exhibit list and witness list violates due process by prejudicing the defendant's ability to meaningfully prepare for trial. *See, e.g., United States v. Bayuo*, 809 F. App'x 47, 48 (2d Cir. 2020) (considering such a claim); *United States v. Warshak*, 631 F.3d 266, 297–99 (6th Cir. 2010) (same, in context of denial of continuance to review discovery). "What is most important to trial preparation is not a list of documents but the availability of the documents themselves. And [defendant] has not suggested that the government used at trial any documents that had not been disclosed to him well before trial." *See, e.g., United States v. Lewis*, 594 F.3d 1270, 1281 (10th Cir. 2010). In this case, the Defendants' long possession of the relevant documents, familiarity with the witnesses, and actual experience litigating these issues in the parallel UK civil action means they cannot claim unfair prejudice.

## ARGUMENT

The Defendants' requests are unnecessary and unwarranted, and falsely equate the government's notice obligations with a script of the trial. The government addresses each of the elements of the Defendants' proposed order in turn:

1. **Witness List**. There is no need for a new witness list. The government's witness list in *United States v. Hussain* named 69 non-custodial witnesses. In this case, the government named 70 non-custodial witnesses. That list will inevitably shrink as the government continues to prepare for trial, craft its narrative, and juggle availability. To be sure, some witnesses may be called only in lieu of other witnesses, and some may prove unnecessary given how the case is presented and the extent of

stipulations.  (For example, the government has listed six Deloitte auditors.)  As it did in *Hussain*, the government is prepared to meet and confer with the defense about the relative likelihood that a witness will be called, and whether it will be closer to the beginning, middle, or end of trial.  Assuming a twenty-two (22) hour trial week, the government continues to estimate that its case-in-chief will be presented in approximately four to five trial weeks.

2. **Exhibit List**.  There is no need for a new exhibit list.  The government has reduced approximately sixteen million documents in discovery and 28,000 exhibits from the UK case to a manageable set of approximately 10,000 exhibits (once duplications are removed).  For a two defendant case, this quantum is in line with the 3,000+ exhibits marked in the last trial, one of whom is the former CEO of a multi-million international corporation.  Given the long litigation history of this matter, neither Defendant can persuasively claim any surprise or prejudice about these exhibits.

3. **Discovery.**  The Defendants have long possessed or had notice the very discovery they now claim is missing.  The government produced the discovery Defendant Chamberlain apparently now claims he cannot access in January 2020, approximately four years ago.  Defendant Lynch received the same production in June 2023, approximately seven months ago.  Dr. Lynch waited until November 2023 to flag the issue for the government, and the government has responded expeditiously.  Indeed, the advance of the January 10, 2024 hearing, the government anticipates it will have reproduced all, or virtually all, of the documents about which the Defendants have raised issues.  These issues should have been raised months ago and do not warrant any modification of the Court's long-standing trial schedule.

4. **Copies of Exhibits**.  As it did in the *Hussain* trial, the government intends to produce numbered copies of all exhibits and is taking steps to do that significantly in advance of the pretrial conference.  There is no need for an order.

5. **Bill of Particulars**.  Aided by its recently finalized expert report and its ongoing examination of the trial record in the UK civil action, the government added transactions in its Supplemental Bill of Particulars, as it previewed it would in the initial Bill of Particulars.  Those new transactions match the characteristics of those well known to the defendants.  All but 9 were specifically included in the government's expert report, specifically raised in the *Hussain* trial, or involved one of the so-called resellers at issue in the *Hussain* trial (Microlink, Microtech, DiscoverTech, Capax,

FileTek).  This is not a "staggering expansion" of the case but predictable additions to the anticipated evidence stemming from facts and circumstances that are already well known and have been fully litigated by Defendant Lynch in the UK civil action.

6. **Depositions**.  There is no need to disrupt the carefully negotiated Rule 15 deposition schedule, which begins January 22, 2024, with the government deposition of Marc Geall in the United Kingdom.[1]  Two defense depositions are also scheduled for January 25, 2024, and January 30, 2024, in the United Kingdom.  Defendants fail to establish that any of the allegedly missing documents are relevant to or necessary to prepare for Mr. Geall's anticipated testimony.  To the extent that Dr. Lynch might later identify unique material information from discovery he claims to have not yet reviewed, the appropriate remedy is to permit him to reopen the deposition to ask specific document-based questions, not a wholesale abandonment of the schedule.

7. **Motions in Limine.**  There is no need to modify the motions *in limine* deadline.  Defendants have ample notice from the *Hussain* trial, the witness list, the exhibit list, and the government's filings to frame motions they think are appropriate.  To the extent that Defendants later identify evidentiary issues based on documents they claim they have been unable to review, the government will not object based on timing.

8. **Rule 16**.  For similar reasons, there is no need to modify the existing Rule 16 deadlines.

## CONCLUSION

For these reasons, the Defendants' motion should be denied, the Rule 15 depositions should continue as scheduled starting on January 22, 2024, and the case should proceed to trial on March 18, 2024, as ordered by the Court.

---

[1] On November 15, 2023, the Court authorized the government to conduct six foreign, Rule 15 depositions in the United Kingdom.  ECF No. 257.  After the Court's order, four government deponents agreed to accept service of a subpoena and appear in person at the trial.  Another declined to make himself available in the United Kingdom without a UK court order, and the government elected to forego the deposition because it could not be completed in advance of the March 18, 2024 trial date.

| | | |
|---|---|---|
| DATED: January 3, 2024 | | PATRICK D. ROBBINS<br>Attorney for the United States Attorney<br>Acting Under Authority Conferrred by<br>28 U.S.C. § 515 |
| | By: | *Robert S. Leach*<br>_____<br>ROBERT S. LEACH<br>ADAM A. REEVES<br>KRISTINA N. GREEN<br>ZACHARY G.F. ABRAHAMSON<br>Assistant United States Attorneys |