Gary S. Lincenberg - State Bar No. 123058
    glincenberg@birdmarella.com
Ray S. Seilie - State Bar No. 277747
    rseilie@birdmarella.com
Michael C. Landman - State Bar No. 343327
    mlandman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant
Stephen Keith Chamberlain

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:18-cr-00577-CRB |
| Plaintiff, | **Defendant Stephen Chamberlain's Motion in Limine to Preclude Admission of Evidence in Violation of Confrontation Clause** |
| vs. | |
| MICHAEL RICHARD LYNCH AND STEPHEN KEITH CHAMBERLAIN | Pretrial Conference:   February 21, 2024<br>Trial Date:             March 18, 2024 |
| Defendants. | Assigned to Hon. Charles R. Breyer |

## I. INTRODUCTION AND BACKGROUND

Defendant Stephen Chamberlain moves *in limine* for an order precluding the admission of Defendant Michael Richard Lynch's statements made during his written and oral testimony in the related UK civil action unless and until the Government identifies with specificity the statements it seeks to introduce so that Mr. Chamberlain can evaluate whether there are confrontation clause and spillover prejudice issues. The Government should be required to do so at least thirty days before trial so that Mr. Chamberlain has a fair opportunity to review any such statements and challenge their admissibility.

Dr. Lynch and Mr. Chamberlain were indicted on November 29, 2018 for, *inter alia*, engaging in a "fraudulent scheme to deceive purchasers and sellers of Autonomy securities about the true performance of Autonomy's business, its financial performance and condition, the nature and composition of its products, revenue and expenses and its prospects for growth." ECF No. 1. In 2018 and 2019, Dr. Lynch provided written and oral testimony in connection with a civil lawsuit brought by HP's affiliates against him and Sushovan Hussain, the former CFO of Autonomy, in the United Kingdom High Court of Justice ("UK Civil Action"). As the Court knows, the subject matter of that action was closely related to the subject matter of this case. But Mr. Chamberlain was not a party to the UK Civil Action and did not have an opportunity to cross-examine Dr. Lynch. In the most recent version of its exhibit list, the Government marked as Exhibits 12994 to 13016 the transcripts of Dr. Lynch's entire testimony in the UK Civil Action. The Government has not identified which statements by Dr. Lynch it intends to introduce at trial. This creates a daunting problem for Mr. Chamberlain, as these exhibits consist of thousands of pages of Dr. Lynch's statements made under oath for the purpose of defending himself against allegations pertaining to the subject matter of this case.

The Court should preclude the Government from introducing any testimonial statements by Dr. Lynch absent a timely disclosure of specific statements that it does not believe would violate Mr. Chamberlain's Confrontation Clause rights (and a reasonable opportunity for Mr. Chamberlain to challenge the Government's position).

## II. ARGUMENT

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court in *Crawford v. Washington* established the rule that "[w]here testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). A statement is "testimonial" if the "primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822-23 (2006). Testimony under oath—like the written and oral testimony Dr. Lynch provided in the UK Civil Action—falls within the "core class of 'testimonial' evidence." *Id.* at 51-53.

In this case, the Government intends to introduce Dr. Lynch's sworn witness statements and sworn testimony made in connection with the UK Civil Action. Such statements are literally testimonial and were made with the primary purpose to "establish or prove past events potentially relevant to later criminal prosecution." *Davis*, 547 U.S. at 822-23. Mr. Chamberlain was not a party to the related UK Civil Action and did not have an opportunity to cross examine Dr. Lynch. Accordingly, such statements are inadmissible under the Confrontation Clause against Mr. Chamberlain unless and until Dr. Lynch testifies.

Because the Confrontation Clause secures a constitutional right, the government cannot render the statements admissible using normal hearsay exceptions. *Crawford*, 541 U.S. at 61 ("Where testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment's protection to the vagaries of the rules of evidence."); *see also United States v. Baines*, 486 F. Supp. 2d 1288, 1299-1300 (D.N.M. 2007) (testimonial statements inadmissible under Confrontation Clause even though statements fell within co-conspirator exception to hearsay).

Additionally, even if Dr. Lynch's prior testimony would theoretically be admissible against *Dr. Lynch*, that testimony may nonetheless be inadmissible because of the potential spillover prejudice that would result against Mr. Chamberlain, against whom the testimony would not be

admissible. *Bruton v. United States*, 391 U.S. 123 (1968); *Hayes v. Ayers*, 632 F.3d 500, 514 (9th Cir. 2011) ("*Bruton* addressed the 'great' risk that a jury could not or would not limit its consideration as instructed under the circumstances of that case, where the consequences of its failure to do so would be 'vital' for the nonconfessing codefendant."). At this point, because the government has not identified the specific statements of Dr. Lynch it intends to introduce, the Court should protect Mr. Chamberlain's constitutional rights by precluding the government from introducing them. If the Government believes that the prejudicial effect of introducing Dr. Lynch's testimonial statements can be adequately addressed through limiting instructions, it should be ordered to identify the specific statements it intends to introduce sufficiently ahead of trial to permit Mr. Chamberlain to evaluate, assess, and, as necessary, litigate those risks.

Absent such disclosure, the Court should prohibit the Government from introducing *any* testimonial statements by Dr. Lynch in order to avoid preventable violations of Mr. Chamberlain's Confrontation Clause rights that cannot be cured by an appropriate jury instruction. Nor should the Court permit the Government to address the admissibility of such statements "on the fly"—these are complicated issues that implicate Mr. Chamberlain's constitutional rights, and the Government should not be allowed to force Mr. Chamberlain to address each testimonial statement immediately after the Government first proposes its introduction.

**III.   CONCLUSION**

For these reasons, the Court should grant Mr. Chamberlain's Motion in Limine to Preclude Evidence in Violation of the Confrontation Clause and preclude the Government from introducing any statements by Dr. Lynch made in connection with the UK Civil Action. In the alternative, the Court should order the Government to identify with specificity each statement of Dr. Lynch made in connection with the UK Civil Action that it intends to introduce at trial no less than 30 days before trial begins, in order to give Mr. Chamberlain a fair opportunity to challenge their admissibility on a case-by-case basis.

DATED: January 17, 2024

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By:     */s/ Gary S. Lincenberg*
       Gary S. Lincenberg
       Ray S. Seilie
       Michael C. Landman
       Attorneys for Defendant Stephen Keith Chamberlain