PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 18-577 CRB |
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 5: TO ENFORCE DEFENDANTS' RECIPROCAL DISCOVERY OBLIGATIONS |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | Pretrial Conference:  February 21, 2024 |
| Defendant. | Trial Date:  March 18, 2024 |

## INTRODUCTION

In response to the government's reciprocal discovery motion, Defendant Michael Richard Lynch asserts that the government has everything and so Dr. Lynch has nothing to disclose.  But Dr. Lynch's own pretrial filings include documents of unknown provenance, underscoring the government's concerns about reciprocal discovery.  And as to two categories of evidence identified in the government's motion—documents stored in a cupboard in Dr. Lynch's office and documents from the civil proceeding in the United Kingdom—Dr. Lynch avoids a response that would close out the issue.

**ARGUMENT**

First, Dr. Lynch's own pretrial filings show that he possesses relevant documents from unknown sources. For example, Dr. Lynch's first motion *in limine* attached an attorney declaration with various exhibits. *See* Dkt. 293. But some of those exhibits—including e-mails from or to government witnesses related to events at the heart of the charges—have no Bates number. *See*, *e.g.*, Dkt. 293-5 (Oct. 22, 2012 e-mail from Lee Welham to Antonia Anderson), Dkt. 293-7 (Apr. 3, 2013 e-mail from Christopher Yelland to Antonia Anderson). In view of Dr. Lynch's reliance on such materials, the government has mixed confidence in Dr. Lynch's assertions that "Dr. Lynch has complied with his discovery obligations." Opp. at 2:28-3:1.

Second, Dr. Lynch's response does not explicitly reference the cupboard documents at all. (To recap, an associate of Dr. Lynch told the government that she saw Dr. Lynch retrieve Autonomy-related documents from an office cupboard around 2014.) Instead, Dr. Lynch offers only "his understanding" that documents "allegedly in Dr. Lynch's possession" are also in the government's. That may be, but the government has no way of assessing that statement absent a Rule 16 disclosure. Should an unproduced document "allegedly in Dr. Lynch's possession" turn up on the defendant's exhibit list, it should be excluded.

Third, as for the UK case, Dr. Lynch does not say whether he intends to offer materials obtained there in his upcoming trial. Opp. at 2:16-20. Instead, Dr. Lynch invokes "the close working relationship between the government and HP" as grounds to reject the government's request. *Id*. Given that Dr. Lynch disclosed no materials pursuant to Rule 16 and now claims compliance, the government expects that defendants will not offer *any documents* unique to the UK proceeding in defendants' case-in-chief.

**CONCLUSION**

For these reasons, the Court should grant the government's motion *in limine*.

| | | |
|---|---|---|
| 1 | DATED: February 7, 2024 | PATRICK D. ROBBINS<br>Attorney for the United States Attorney<br>Acting Under Authority Conferrred by<br>28 U.S.C. § 515 |
| | By: | ___/s/ Zack Abrahamson___<br>ROBERT S. LEACH<br>ADAM A. REEVES<br>KRISTINA N. GREEN<br>ZACHARY G.F. ABRAHAMSON<br>Assistant United States Attorneys |

U.S. REPLY RE MOT. *IN LIMINE* NO. 5 RE
RECIP. DISCOVERY, CASE NO. CR 18-577 CRB        3