PATRICK D. ROBBINS (CABN 152288)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT S. LEACH (CABN 196191)
ADAM A. REEVES (NYBN 2363877)
KRISTINA N. GREEN (NYBN 5226204)
ZACHARY G.F. ABRAHAMSON (CABN 310951)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    Fax: (415) 436-7234
    Email:  Robert.Leach@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 18-577-CRB |
| Plaintiff, | UNITED STATES' REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 6: TO ADMIT THE STATEMENTS OF DR. LYNCH'S AGENTS AND DEFENDANTS' CO-CONSPIRATORS AND EXCLUDE CERTAIN STATEMENTS IF OFFERED BY DEFENDANTS |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | |
| Defendant. | Pretrial Conference: February 21, 2024<br>Trial Date: March 18, 2024 |

**INTRODUCTION**

The government's hearsay motion sought to establish three propositions: First, the government can admit the statements of Autonomy employees against Dr. Lynch under the hearsay exclusion for an opposing party's employees. Second, the government can admit the statements of co-conspirators against Dr. Lynch *and* Chamberlain. And third, Dr. Lynch and Chamberlain cannot offer their own out-of-court statements—or those of co-conspirators and Autonomy employees—for their truth. Dr. Lynch does not contest the third proposition, and his arguments as to the first and second lack merit. The Court should grant the government's sixth motion *in limine*.

# ARGUMENT

## I. THE STATEMENTS OF AUTONOMY EMPLOYEES ON MATTERS WITHIN THE SCOPE OF THEIR EMPLOYMENT SHOULD BE ADMITTED.

The government's motions *in limine* showed the degree to which Dr. Lynch maintained control over Autonomy. That control, and Dr. Lynch's position as Autonomy's founder and chief executive, support a finding that statements of the company's employees are presumptively not hearsay under Federal Rule of Evidence 801(d)(2)(D). Dr. Lynch's authorities to the contrary are inapposite and unpersuasive.

Federal Rule of Evidence 801(d)(2)(D) is clear: A statement offered against an opposing party is admissible when it "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." FED. R. EVID. 801(d)(2)(D). As the government's motion noted, at least two panels of the Ninth Circuit have applied that rule to hold that the statements of a company's employees are admissible under Rule 801(d)(2)(D). *See* Mot. at 3-4 (quoting *United States v. Kirk*, 844 F.2d 660 (9th Cir. 1988), and *United States v. Gibson*, 690 F.2d 697, 699 (9th Cir. 1982)). Each case found that employees' statements could be admitted under Rule 801(d)(2)(D) *against an individual executive*—not simply a corporate entity. *See Kirk*, 844 F.2d at 663, *Gibson*, 690 F.2d at 701. The government knows of no case overturning *Kirk* or *Gibson*—neither of which undertook "a fact-based inquiry applying agency principles," Opp. at 3, to assess the declarants' employment relationship.

*United States v. Bonds*, 608 F.3d 495 (9th Cir. 2010) does not upset these principles. *Bonds* arose from the statements of a professional baseball player's personal trainer. *See id*. at 499. The baseball player—San Francisco Giants outfielder Barry Bonds—"had several trainers and considered some of the trainers employees, but *considered Anderson a friend whom he paid for his help*." *Id*. (emphasis added). Under those circumstances, the Ninth Circuit undertook "a fact-based inquiry applying common law principles of agency" to determine the applicability of Rule 801(d)(2)(D). The appeals court drew its approach from an earlier case—*N.L.R.B. v. Friendly Cab Co., Inc.*, 512 F.3d 1090, 1096 (9th Cir. 2008)—that *also* arose from an independent contractor classification dispute. *See id*. at 1096 ("The entire dispute . . . can be distilled into one question: Are Friendly's taxicab drivers 'employees' or 'independent contractors'[?]"). So neither *Bonds* nor *Friendly Cab* considered *Kirk* and

*Gibson*'s circumstances—statements by undisputed employees offered against a founder and chief executive.

That leaves *United States v. Holmes*. *See* Opp. 3:3-28 (discussing *Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 2044470, at *57 (N.D. Cal. May 22, 2021)). There, Judge Davila opened his analysis by acknowledging that *Kirk* and *Gibson* "support[ed] the Government's position" that Theranos employees' statements were admissible against the company's founder and chief executive. Nevertheless, the court found it "premature" to issue a "categorial ruling" pretrial, primarily due to the number of employees whose statements that ruling would encompass. *Id.* at *57. (The court cited no Ninth Circuit decision affirming such a limit.) With respect to the *Holmes* court, the government submits that *Kirk* and *Gibson* control here, where the declarants at issue were undisputedly employees of a corporation founded and managed intricately by the defendant.

## II. THE STATEMENTS OF DEFENDANT LYNCH AND CHAMBERLAIN'S CO-CONSPIRATORS SHOULD BE ADMITTED.

Aside from the agency arguments above, Dr. Lynch asks the Court to deny the government's motion to admit co-conspirator statements. The Court should decline that invitation: The long litigation of Autonomy's fraud offers overwhelming evidence of a conspiracy involving Dr. Lynch and Chamberlain, as well as notice of the co-conspirator statements likely to arise during their trial.

To start, the government agrees with the unremarkable proposition from *Bourjaily v. United States*, 483 U.S. 171, 176 (1987), that a preponderance standard governs this Court's determination of "preliminary facts relevant to Rule 801(d)(2)(E)." But that exercise is hardly the trial-within-a-trial that Dr. Lynch seems to envision: "A district court has the discretion to vary the order of proof" by "admitt[ing] the statement[s] . . . prior to the presentation of independent evidence of the existence of the conspiracy." *United States v. Loya*, 807 F.2d 1483, 1490 (9th Cir. 1987). And statements are admitted under the exception with only a "slight connection with the conspiracy" so long as the independent evidence is "fairly incriminating." *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994), *see also United States v. Perez*, 658 F.2d 654, 658 (9th Cir. 1981) ("Circumstantial evidence is often sufficient to establish the existence of a conspiracy."). Finally, in deciding these preliminary questions under Rule 801(d)(2)(E), the Court "is not bound by evidence rules, except those on privilege." FED. R.

1  EVID. 104(a) (Preliminary Questions).[1]

2      There's no question here that a conspiracy to deceive investors about Autonomy's finances and
3  involving Dr. Lynch, Chamberlain, and Sushovan Hussain existed between 2009 and 2011. That was
4  the takeaway of the 29-day trial in *Hussain*, during which the government called 37 witnesses and
5  introduced hundreds of exhibits. This Court would later devote *34 pages* of its order denying Hussain's
6  new trial motion to the government's "extensive evidence regarding Autonomy's allegedly fraudulent
7  accounting." Order Denying New Trial Mot. at 5:14. That evidence convinced a jury beyond a
8  reasonable doubt to convict Hussain of conspiracy—a conspiracy that the government argued *included*
9  defendants Dr. Lynch and Chamberlain. *See*, *e.g.*, *Hussain* Trial Tr. 5818:14-20 ("This was a
10 conspiracy and it involved people in addition to Mr. Hussain, including *Mike Lynch*, Peter Menell, Andy
11 Kanter, *Steve Chamberlain* and Stouffer Egan, and you've heard an abundance of testimony and
12 evidence about their respective roles.") (emphasis added). Indeed, reviewing the evidence adduced in
13 the government's case-in-chief, this Court observed that "[t]he government's evidence did not tend to
14 paint Hussain as the main driver behind the conspiracy. *This role instead seems to have been played by*
15 *Lynch*[.]" *Hussain* New Trial Order at 36:7-9 (emphasis).[2]

16     Dr. Lynch complains that the government's motion is "replete with blanket assertions [about]
17 unidentified statements by unidentified co-conspirators." Opp. at 4:20-21. But Dr. Lynch has known
18 for *six months* which individuals the government views as his co-conspirators here: In early August
19 2023, the government sent Dr. Lynch a co-conspirator notice virtually identical to the notice that the

---

[1] In this respect, Dr. Lynch overreaches when he argues—without authority—that "[t]he government cannot satisfy its burden to admit statements under Rule 801(d)(2)(E) by citing to a wholly different case[.]" Opp. at 4:24-26. In fact, the outcomes of other, related cases are frequently cited by courts considering co-conspirator admissions. *See*, *e.g.*, *United States v. Lischewski*, No. 18-CR-00203-EMC-1, 2019 WL 2716614, at *2 (N.D. Cal. June 28, 2019) (noting in Rule 801(d)(2)(E) evaluation that "several of Defendant's alleged co-conspirators have entered guilty pleas and admitted . . . to price-fixing among major packaged-seafood-producing firms").

[2] Authorities abroad would later take a similar view of the conspiracy on trial here. In May 2022, a United Kingdom court hearing Hewlett-Packard's civil claim against Dr. Lynch ruled largely in favor of HP. *See generally ACL Netherlands BV v. Lynch* at ¶ 1597 [2002] EWHC 1178 (Ch) (May 17, 2022), 2022 WL 01557021 (Autonomy's accounting treatment of hardware reselling "lacked any commercial justification and was dishonest"), and at ¶ 2229 (Autonomy's value-added reseller program "was directed by Mr Hussain and encouraged and presided over by Dr Lynch, both of whom knew that the transactions were not being accounted for according to their true substance").

U.S.' REPLY RE MOT. *IN LIMINE* NO. 6 RE
HEARSAY STATEMENTS, CR 18-577 CRB     4

government served in *Hussain*.[3]  The notice served on Dr. Lynch explicitly disclosed that the government might "offer under Federal Rule of Evidence 801(d)(2)(E) statements by" thirteen named individuals, several of whom testified in the *Hussain* trial.  And the notice went on to explain that, "[t]he substance of these individual's statements has been disclosed in the government's pre-trial discovery or in the trial of *United States v. Hussain*."  With a single exception not relevant here, Dr. Lynch since August 2023 has not questioned the inclusion of any co-conspirator on that list—nor sought clarification as to their statements.  The statements of Dr. Lynch and Chamberlain's co-conspirators should be admitted or, at minimum, admitted subject to a motion to strike.

## CONCLUSION

For the reasons above, the Court should grant the government's motion *in limine*.

DATED:  February 7, 2024

PATRICK D. ROBBINS
Attorney for the United States Attorney
Acting Under Authority Conferrred by
28 U.S.C. § 515

By:    /s/ Zack Abrahamson
ROBERT S. LEACH
ADAM A. REEVES
KRISTINA N. GREEN
ZACHARY G.F. ABRAHAMSON
Assistant United States Attorneys

---

[3] That similarity is unsurprising, given the significant overlap between the facts and evidence relevant to the conspiracy charges against Hussain and those against Dr. Lynch and Chamberlain.