| | |
|---|---|
| Jonathan Matthew Baum (SBN: 303469) **Steptoe LLP** One Market Street Steuart Tower, Suite 1070 San Francisco, CA  94105 Telephone:  (510) 735-4558 jbaum@steptoe.com | Christopher J. Morvillo Celeste L.M. Koeleveld Daniel S. Silver (Admitted Pro Hac Vice) **Clifford Chance US LLP** 31 West 52nd Street New York, NY 10019 Telephone:  (212) 878-3437 christopher.morvillo@cliffordchance.com |
| Reid H. Weingarten Brian M. Heberlig Michelle L. Levin Nicholas P. Silverman Drew C. Harris **Steptoe LLP** 1114 Avenue of the Americas New York, NY 10036 Telephone:  (212) 506-3900 | *Attorneys for Defendant Michael Richard Lynch* |

# UNITED STATES DISTRICT COURT

# NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, Defendants. | Case No.: 3:18-cr-00577-CRB Judge: Hon. Charles Breyer **DEFENDANT MICHAEL RICHARD LYNCH'S MOTION TO EXCLUDE SPECULATIVE AND IMPROPER OPINION TESTIMONY** Date:  March 28, 2024, 9:00 a.m. Court:  Courtroom 6 – 17th Floor |

Late this evening, the government provided the defense with a March 23, 2024 FBI report of its interview of witness Christopher ("Stouffer") Egan, who is expected to begin testifying tomorrow afternoon. The one-page report suggests the government intends to ask Mr. Egan a set of questions requiring him to speculate or provide improper lay opinion testimony about the nature of the relationship between Dr. Lynch and Sushovan Hussain.

Specifically, the report contains the following three statements about the nature of the relationship:

1) "EGAN had no reason to think Sushovan Hussain (HUSSAIN) was keeping any matter large or small from Mike Lynch (LYNCH)."
2) "EGAN thought there was a complete exchange of information between HUSSAIN and LYNCH with only a limited amount of information that LYNCH would not tell HUSSAIN."
3) "EGAN did not think there was anything HUSSAIN would not tell LYNCH."

Rule 602 is clear. A witness may testify about a matter only if he has personal knowledge. See also *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014) ("Personal knowledge means knowledge produced by the direct involvement of the senses."). Rule 701 permits lay opinion testimony, but only if such testimony is "rationally based on the witness's perception." Fed. R. Evid. 701(a).

Neither rule allows the type of testimony contemplated here. As a fact witness, Mr. Egan can testify as to matters of which he has personal knowledge of facts, including facts that might bear on the jury's understanding of the nature of the relationship between Dr. Lynch and Mr. Hussain. But he is not permitted to speculate or draw unsupportable conclusions, such as stating whether "there was anything HUSSAIN would not tell LYNCH" or whether they would keep "any matter large or small" from each other.

1  Mr. Egan also cannot offer lay opinion testimony about whether Hussain and Lynch
2 shared everything with each other, or whether they might ever keep things from one another. Mr.
3 Egan lived on a different continent from both Lynch and Hussain and only interacted with
4 Hussain and Lynch in person a few times a year. Therefore, the opinions expressed are not
5 "rationally based on the witness's perception" and should be excluded. Fed. R. Evid. 701(a).
6 Additionally, such lay opinion testimony is not "helpful to clearly understanding the witness's
7 testimony or to determining a fact in issue." Fed. R. Evid. 702(b). Lastly, such speculation
8 should be excluded because its probative value is substantially outweighed by the risk of unfair
9 prejudice. Fed. R. Evid. 403.

Dated: March 27, 2024

Respectfully submitted,

By:  /s/ Celeste L.M. Koeleveld
Christopher J. Morvillo

Christopher J. Morvillo
Celeste L.M. Koeleveld
Daniel S. Silver
(Admitted Pro Hac Vice)
**CLIFFORD CHANCE US LLP**

Jonathan Matthew Baum (SBN: 303469)
**STEPTOE LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA  94105
Telephone:  (510) 735-4558
jbaum@steptoe.com

*Attorneys for Defendant*
*Michael Richard Lynch*