**MORGAN LEWIS & BOCKIUS LLP**
SUSAN D. RESLEY, Bar No. 161808
MADELEINE AYER, Bar No. 353257
susan.resley@morganlewis.com
madeleine.ayer@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105
Tel:    (415) 442-1000
Fax:    (415) 442-1001

**MORGAN LEWIS & BOCKIUS LLP**
MARTHA B. STOLLEY, *Admitted Pro Hac Vice*
martha.stolley@morganlewis.com
101 Park Avenue
New York, NY 10178
Tel:    (212) 309-6858
Fax:    (212) 309-6001

**WILLKIE FARR & GALLAGHER LLP**
MICHAEL LI-MING WONG, Bar No. 194130
mlwong@willkie.com
333 Bush Street
San Francisco, CA 94104
Tel:    (415) 858-7400
Fax:    (415) 858-7599

*Attorneys for Hewlett Packard, Inc. and*
*Hewlett Packard Enterprise*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:18-cr-577-CRB |
| Plaintiff, | SUPPLEMENTAL DECLARATION OF SUSAN D. RESLEY TO REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA ISSUED TO NON-PARTIES HEWLETT PACKARD, INC. AND HEWLETT PACKARD ENTERPRISE |
| v. | |
| MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN, | |
| Defendants. | Date:      April 8, 2024 |
| | Time:      4 p.m. |
| | Place:     Courtroom 6, 17th Floor |
| | Judge:    Hon. Charles R. Breyer |
| | |
| | Date Filed:  April 5, 2024 |
| | Trial Date:  March 18, 2024 |

I, Susan D. Resley, declare:

1.      I am a partner at Morgan, Lewis & Bockius LLP, attorneys of record for non-

1    parties Hewlett Packard, Inc. and Hewlett Packard Enterprise (collectively "HP"). I am licensed

2    to practice before all courts in the State of California and am admitted to practice before this

3    Court. I am one of the attorneys who has been representing HP in connection with the

4    Government's investigation into Autonomy's accounting and disclosure practices.  I have

5    personal knowledge of the following facts and, if called upon to do so, could and would testify

6    thereto.

7            2.      In connection with the US criminal investigation and UK civil proceeding, HP

8    produced all non-privileged documents on which Christopher Yelland ("Yelland") relied in

9    preparing the ASL Restatement. HP provided these documents, including the so-called "Trolley

10   Documents," to Ernst & Young, the Government, and Defendant Michael Lynch ("Lynch").

11   These documents included financial, accounting and deal-related documents; internal HP

12   workpapers; Morgan Lewis interview memoranda; and the PricewaterhouseCoopers Interim

13   Report setting out its investigative findings. Attached hereto as **Exhibit A** is compilation of

14   transmittal letters conveying these materials.

15          3.      Lynch attached a FBI 302 of an interview with Yelland dated March 12, 2024

16   (Dkt. 407-2) to his Opposition. Silverman Decl. Ex. A. The 302 states, among other things, that

17   "YELLAND reviewed evidence the PWC team had found in addition to summary reports

18   prepared by PWC about certain transactions."  Based on my involvement in this matter, I

19   understand that the "summary reports" were prepared after the January 30, 2014 ASL

20   Restatement. They are also protected by the attorney-client privilege and work product doctrine.

21          I declare under penalty of perjury under the laws of the United States of America that the

22   foregoing is true and correct. Executed on this 5th day of April, 2024, at San Francisco,

23   California.

24   Dated: April 5, 2024

25

26

27                      By: _____
                                      Susan D. Resley
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO
                                        2                    DECLARATION OF SUSAN D. RESLEY
                                                             Case No. 3:18-cr-577 (CRB)

# Exhibit A

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Martha B. Stolley**
Partner
212.309.6858
mstolley@morganlewis.com

September 17, 2014

**VIA FEDERAL EXPRESS**

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E. Mailstop 5973
Washington, DC 20549-5973

*Re:*      ___In the Matter of Hewlett-Packard Company (SF-3853)___

Dear Mr. Habermeyer:

As you know, we represent Hewlett-Packard Company ("H-P" or the "Company") in the above-referenced matter.  We write on behalf of our client in further response to the U.S. Securities and Exchange Commission's (the "Commission") subpoena dated December 14, 2012 (the "H-P 2012 Subpoena") and the Commission's subpoena dated January 30, 2014 (the "H-P 2014 Subpoena").  Please find enclosed a CD containing responsive documents, Bates labeled HP-SEC-01425908 – HP-SEC-01428967.[1]

**The H-P 2012 Subpoena**

*3.      All documents relating to any H-P Board of Directors meeting, H-P Audit Committee meeting or any special committee of the H-P Board of Directors meeting for the period January 1, 2011 to the present, including, but not limited to, minutes, agendas, presentations, and board books.*

Enclosed please find responsive documents Bates labeled HP-SEC-01425908 - HP-SEC-01427600.

*21(h).  All e-mails for the following custodians, for the period January 1, 2011 to the present, relating to: (h) H-P's investigation of any of the above topics.*

---

[1]      Please note that due to some adjustments made in processing a recent production, there is a gap in the "HP-SEC" Bates range.  This gap comprises HP-SEC-01422213 through HP-SEC-01425267.  The Bates numbering resumes at HP-SEC-01425268.

Almaty   Beijing   Boston   Brussels   Chicago   Dallas   Dubai*   Frankfurt   Harrisburg   Houston   Irvine   London   Los Angeles   Miami   Moscow   New York   Palo Alto   Paris   Philadelphia   Pittsburgh   Princeton   San Francisco   Tokyo   Washington   Wilmington

DB1/ 80319400                *In association with Mohammed Buhashem Advocates & Legal Consultants



Jason M. Habermeyer, Esq.
September 17, 2014
Page 2

Enclosed please find responsive documents Bates labeled HP-SEC-01427601 - HP-SEC-01427770.

**28.** *All documents, including final signed agreements, reflecting H-P's acquisition of Autonomy.*

Enclosed please find responsive documents Bates labeled HP-SEC-01427771 - HP-SEC-01427914.

**30.** *All documents relating to the consolidation of Autonomy financials into H-P's consolidated financial statements for each quarterly and year-end financial statement following the Autonomy acquisition.*

Enclosed please find responsive documents Bates labeled HP-SEC-01427915 - HP-SEC-01428069.

**35.** *All documents supporting H-P's impairment charge of $8.8 billion disclosed in H-P's Form 8-K filed with the SEC on November 20, 2012.*

Enclosed please find responsive documents Bates labeled HP-SEC-01428070- HP-SEC-01428355.

<u>**The H-P 2014 Subpoena**</u>

**5.** *All documents, including handwritten notes and calendar entries for the time period May 1, 2012 through November 30, 2012, relating to meetings between John Schultz and former H-P or Autonomy employees regarding the Autonomy transaction.*

Enclosed please find responsive documents Bates labeled HP-SEC-01428356 - HP-SEC-01428370.  Please note the following with respect to these documents:

- the document Bates labeled HP-SEC-01428356 – HP-SEC-01428359 consists of Mr. Schultz's handwritten notes from a meeting between Mr. Schultz and Joel Scott on May 25, 2012;

- the document Bates labeled HP-SEC-01428360 – HP-SEC-01428362 consists of Mr. Schultz's typed and handwritten notes from a meeting between Mr. Schultz and Mike Lynch on June 29, 2012.  Geoff Nicholas, an attorney at Freshfields Bruckhaus Deringer, outside counsel to HP, also attended the June 29, 2012 meeting with Mr. Lynch and Mr. Schultz; and



Jason M. Habermeyer, Esq.
September 17, 2014
Page 3

- the document Bates labeled HP-SEC- 01428368 – HP-SEC-01428370 consists of Mr. Schultz's handwritten notes from a meeting between Mr. Schultz and Andy Kanter on May 31, 2012.  Roberto Putland, an in-house attorney at HP, also attended the May 31, 2012 meeting with Mr. Kanter and Mr. Schultz.  Mr. Putland's typed notes from that meeting are enclosed as HP-SEC-01428363 – HP-SEC-01428367.

**15.** *All internal communications relating to hardware resale transactions or IDOL OEM classifications from July 2011 to November 20, 2012.*

Enclosed please find responsive documents Bates labeled HP-SEC-01428371 - HP-SEC-01428460.

Finally, please find enclosed documents Bates labeled HP-SEC-01428461 - HP-SEC-01428967.  These documents are responsive to an informal email request you made on March 19, 2014 seeking a better understanding "of HP's restatement of Autonomy in the UK."

\* \* \* \* \* \* \* \*

The materials and the information contained herein (HP-SEC-01425908 – HP-SEC-01428967) represent information that is confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA") and the rules of the Commission which implement that Act, 17 C.F.R. § 200.83, ("Rule 83") and is furnished solely for the use of the Commission.  Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act.  Pursuant to Rule 83, a request for confidential treatment has also been delivered to the Commission's FOIA Office.  In accordance with Rule 83, please notify the undersigned of any request for disclosure of the materials made pursuant to the FOIA.  After completion of the investigation concerning the above referenced matter, we ask that all confidential materials be returned to us.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the SEC and which (1) incorporate, include or relate to any of this letter and its enclosures; or (2) refer to any conference, meeting, or telephone conversation between H-P, its current or former employees, representatives, agents, auditors or counsel on the one hand and employees of the SEC on other relating to this letter and its enclosures.

This letter is not intended to and does not waive any applicable privilege or other legal basis under which information may be protected from disclosure.  If it is concluded that any of the enclosed materials disclose privileged matter, such disclosure is inadvertent.  By the production of this letter and its enclosures, H-P does not intend to and has not waived the attorney-client privilege or any other protections.



Jason M. Habermeyer, Esq.
September 17, 2014
Page 4

To further promote confidentiality, the enclosed CD is being produced with password protection. The password will be sent separately via email to ENF-CPU@sec.gov.  As we have stated in previous communications with the Commission, H-P's search for responsive documents is ongoing; and H-P will supplement its response to the H-P 2012 Subpoena and 2014 H-P Subpoena, including any partial responses to the enumerated items above, on a rolling basis. Thank you for the extension of time in which to respond.

Finally, we note that H-P is making every effort to produce documents as quickly and as efficiently as possible.  However, the inadvertent disclosure of material protected by the attorney-client, work product or any other applicable privilege may occur during the course of these productions.  We respectfully request that the Commission allow for the "clawback" of any such privileged materials upon prompt notification by H-P.

Please feel free to contact me should you have any questions.

Very truly yours,

Martha B. Stolley

Enclosures

cc:     Jason M. Habermeyer, Esq. (without enclosures)
        Attorney, Division of Enforcement
        U.S. Securities and Exchange Commission
        San Francisco Regional Office
        44 Montgomery Street, Suite 2800
        San Francisco, CA 94104

        Freedom of Information Officer (without enclosures)
        Office of Freedom of Information and Privacy Act Operations
        Securities and Exchange Commission Operations Center
        100 F Street NE
        Mail Stop 5100
        Washington, DC 20549

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

**Martha B. Stolley**
Partner
+1.212.309.6858
mstolley@morganlewis.com

December 15, 2014

**VIA FEDERAL EXPRESS**

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E. Mailstop 5973
Washington, DC 20549-5973

*Re:*     ***In the Matter of Hewlett-Packard Company (SF-3853)***

Dear Messrs. Habermeyer and Leach:

We represent Hewlett-Packard Company ("H-P" or the "Company") in the above-referenced matter.  We write on behalf of our client in further response to the U.S. Securities and Exchange Commission's (the "Commission") informal email request of March 19, 2014 and the Department of Justice's (the "DOJ") oral request made by telephone on November 19, 2014. Please find enclosed a CD containing responsive documents, Bates labeled HP-SEC-01544921 – HP-SEC- HP-SEC-01545225.

In an email dated March 19, 2014, the Commission requested information to better understand "HP's restatement of Autonomy in the UK," and on September 17, 2014, H-P produced responsive documents.  Additional documents to supplement that response are enclosed (Bates labeled HP-SEC-01544922 - HP-SEC-01545210).

On November 19, 2014 and in subsequent telephone conversations and email communications, the DOJ requested that H-P gather information and documentation relating to how the conduct of Mike Lynch and Sushovan Hussain (and others) impacted the United States for jurisdictional purposes.  H-P produced responsive documents and information via e-mail to the DOJ on December 2, 2014 and December 8, 2014, and to the Commission on December 9, 2014. Enclosed is a formal production, in Concordance load file format, of these documents previously sent to you (Bates labeled HP-SEC-01544921 and HP-SEC-01545212– HP-SEC-01545225). Also enclosed is an additional document responsive to this request, which was not previously produced (Bates labeled HP-SEC-01545211).

**Morgan Lewis**
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
Robert Leach, Esq.
December 15, 2014
Page 2

\* \* \* \* \* \* \* \*

The materials and the information contained herein (HP-SEC-01544921 – HP-SEC- HP-SEC-01545225) represent information that is confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA") and the rules of the Commission which implement that Act, 17 C.F.R. § 200.83, ("Rule 83") and is furnished solely for the use of the Commission.  Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act.  Pursuant to Rule 83, a request for confidential treatment has also been delivered to the Commission's FOIA Office.  In accordance with Rule 83, please notify the undersigned of any request for disclosure of the materials made pursuant to the FOIA.  After completion of the investigation concerning the above referenced matter, we ask that all confidential materials be returned to us.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the SEC and which (1) incorporate, include or relate to any of this letter and its enclosures; or (2) refer to any conference, meeting, or telephone conversation between H-P, its current or former employees, representatives, agents, auditors or counsel on the one hand and employees of the SEC on other relating to this letter and its enclosures.

This letter is not intended to and does not waive any applicable privilege or other legal basis under which information may be protected from disclosure.  If it is concluded that any of the enclosed materials disclose privileged matter, such disclosure is inadvertent.  By the production of this letter and its enclosures, H-P does not intend to and has not waived the attorney-client privilege or any other protections.

To further promote confidentiality, the enclosed hard drive is being produced with password protection.  The password will be sent separately via email to ENF-CPU@sec.gov.  As we have stated in previous communications with the Commission, H-P's search for responsive documents is ongoing, and H-P will supplement its responses, including any partial responses to the enumerated items above, on a rolling basis.  Thank you for the extension of time in which to respond.

Lastly, we note that H-P is making every effort to produce documents as quickly and as efficiently as possible.  However, the inadvertent disclosure of material protected by the attorney-client, work product or any other applicable privilege may occur during the course of these productions.  We respectfully request that the Commission allow for the "clawback" of any such privileged materials upon prompt notification by H-P.


Morgan Lewis
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
Robert Leach, Esq.
December 15, 2014
Page 3

Please feel free to contact me should you have any questions.

Sincerely,

Martha B. Stolley

MBS
Enclosure


cc:    Jason M. Habermeyer, Esq. (without enclosures)
      Attorney, Division of Enforcement
      U.S. Securities and Exchange Commission
      San Francisco Regional Office
      44 Montgomery Street, Suite 2800
      San Francisco, CA 94104

      Robert Leach, Esq. (without enclosures)
      Assistant United States Attorney
      U.S. Department of Justice
      450 Golden Gate Avenue
      San Francisco, CA 94102

      Freedom of Information Officer (without enclosures)
      Office of Freedom of Information and Privacy Act Operations
      Securities and Exchange Commission Operations Center
      100 F Street NE
      Mail Stop 5100
      Washington, DC 20549

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Michele A. Coffey**
Partner
212.309.6917
mcoffey@MorganLewis.com

June 19, 2013

**VIA FEDERAL EXPRESS**

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

Re:   *In the Matter of Hewlett-Packard Company (SF-3853)*

Dear Mr. Habermeyer:

We write on behalf of our client Hewlett-Packard Company ("H-P" or the "Company") in further response to the U.S. Securities and Exchange Commission's (the "Commission") subpoena dated December 14, 2012 (the "H-P Subpoena") issued in the above-referenced matter. Please find enclosed a DVD containing non-privileged responsive documents Bates labeled HP-SEC-00317356 – HP-SEC-00329285. Also included on the enclosed DVD is an overlay file that the Commission may use to update the "CUSTODIAN" field for the de-duplicated documents.[1] This overlay file may be applied to H-P's past productions to update the "CUSTODIAN" field on the documents the Commission has already received.

Except where noted otherwise below, this production includes non-privileged responsive electronically stored information ("ESI") obtained from a review of user-generated files, .pst files (archived email) and/or Exchange server email gathered for both the custodians listed in Request 21 (as narrowed by the Commission on January 4, 2013) and additional H-P custodians beyond those listed in Request 21 whose data was responsive to other paragraphs of the subpoena. Custodians may be identified from the "CUSTODIAN" field included in the metadata of each document. As you are aware, we have run the "H-P-side" keyword search terms, as agreed to and amended by the Commission on January 31, 2013 and February 11, 2013, against the ESI gathered by H-P in response to the H-P Subpoena. Resulting non-privileged responsive

---

[1]      As discussed in a telephone call with the Commission on March 24, 2013, any data loaded to H-P's review platform has been "de-duplicated" across custodians. The metadata on any produced documents includes a field titled "CUSTODIAN," indicating when such de-duplication has occurred.

FOIA Confidential Treatment Requested by Morgan Lewis

Morgan Lewis
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
June 19, 2013
Page 2

documents are identified below.

26.   *All documents provided to H-P in connection with H-P's potential acquisition of Autonomy relating to valuations of Autonomy or Autonomy's financial condition, from any of the following parties: Barclays PLC, Bank of America N.A., or Bank of America Merrill Lynch, Citibank, N.A., Deloitte LLP, Deutsche Bank AG, The Goldman Sachs Group, Inc., JP Morgan Chase & Co., Morgan Stanley, Perella Weinberg Partners, Qatalyst Partners LP, or UBS Securities LLC.*

Enclosed please find non-privileged responsive documents Bates labeled HP-SEC-00317356 – HP-SEC-00323473 and HP-SEC-00326522 – HP-SEC-00328999.   Documents responsive to this request overlap with documents responsive to Requests 21(a) and (b).

27.   *All reports or other documents provided by KPMG LLP to H-P in connection with H-P's acquisition of Autonomy.*

Enclosed please find non-privileged responsive documents Bates labeled HP-SEC-00323474 - HP-SEC-00326521.

Finally, please find enclosed interview summaries Bates labeled HP-SEC-00329000 – HP-SEC-00329285.  Please be advised that H-P is producing these interview summaries pursuant to the January 16, 2013 Confidentiality Agreement among Morgan, Lewis & Bockius LLP, the Commission and the U.S. Department of Justice.  To the extent that these interview memos are protected by, at a minimum, the attorney work product doctrine and the attorney-client privilege and, as such, the interview summaries warrant protection from disclosure, H-P does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other privilege applicable as to third parties by producing these summaries.

* * *

The materials and the information contained herein (HP-SEC-00317356 – HP-SEC-00329285) represent information that is confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA") and the rules of the Commission which implement that Act, 17 C.F.R. § 200.83, ("Rule 83") and is furnished solely for the use of the Commission. Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act. Pursuant to Rule 83, a request for confidential treatment has also been delivered to the Commission's FOIA Office.  In accordance with Rule 83, please notify the undersigned of any request for disclosure of the materials made pursuant to the FOIA.  After completion of the investigation concerning the above referenced matter, we ask that all confidential materials be returned to us.

DB1/ 74500665.1

Morgan Lewis
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
June 19, 2013
Page 3

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the SEC and which (1) incorporate, include or relate to any of this letter and its enclosures; or (2) refer to any conference, meeting, or telephone conversation between H-P, its current or former employees, representatives, agents, auditors or counsel on the one hand and employees of the SEC on other relating to this letter and its enclosures.

This letter is not intended to and does not waive any applicable privilege or other legal basis under which information may be protected from disclosure.  If it is concluded that any of the enclosed materials disclose privileged matter, such disclosure is inadvertent.  By the production of this letter and its enclosures, H-P does not intend to and has not waived the attorney-client privilege or any other protections.

To further promote confidentiality, the enclosed hard drive is being produced with password protection.  The password will be sent separately via email to ENF-CPU@sec.gov.  As we have stated in previous communications with the Commission, H-P's search for responsive documents is ongoing, and H-P will supplement its response to the H-P Subpoena, including its partial responses to the enumerated items above, on a rolling basis.  Thank you for the extension of time in which to respond to the H-P Subpoena.

Finally, we note that H-P is making every effort to produce documents as quickly and as efficiently as possible.  However, the inadvertent disclosure of material protected by the attorney-client, work product or any other applicable privilege may occur during the course of these productions.  We respectfully request that the Commission allow for the "clawback" of any such privileged materials upon prompt notification by H-P.

Please feel free to contact me should you have any questions.

Very truly yours,

Michele A. Coffey

Enclosures

cc:     Jason M. Habermeyer (without enclosures)
        Attorney, Division of Enforcement
        U.S. Securities and Exchange Commission
        San Francisco Regional Office
        44 Montgomery Street, Suite 2800
        San Francisco, CA  94104

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Kerry J. Land**
212-309-6697
kland@morganlewis.com

## FOIA CONFIDENTIAL TREATMENT REQUESTED
## PURSUANT TO 17 C.F.R. 200.83

June 19, 2013

**VIA U.S. MAIL**

Office of Freedom of Information and Privacy Act Operations
Securities and Exchange Commission Operations Center
100 F Street NE
Mail Stop 5100
Washington, DC 20549

Re:   ***In the Matter of Hewlett-Packard Company (SF-3853)***

Dear Sir/Madam:

We have submitted on behalf of our client, Hewlett-Packard Company ("H-P" or the "Company") under separate cover to the Staff of the Securities and Exchange Commission (the "Commission"), by letter dated June 19, 2013, documents and information in the above referenced matter.  Documents submitted were electronic documents stamped HP-SEC-00317356 – HP-SEC-00329285.

The materials and the information contained therein represent information that is privileged and confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA"), and the rules of the Commission which implement that Act, 17 C.F.R. §§ 200.80 and 200.83, and is furnished solely for the use of the Commission.  Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act.  We enclose a copy of the cover letter that was included with the documents.

Very truly yours,

Kerry Land

Enclosures

cc:   Jason M. Habermeyer

Office of Freedom of Information and Privacy Act Operations
Page 2
June 19, 2013

Morgan Lewis
COUNSELORS AT LAW

      Attorney, Division of Enforcement
      U.S. Securities and Exchange Commission
      San Francisco Regional Office
      44 Montgomery Street, Suite 2800
      San Francisco, CA  94104

      ENF-CPU
      U.S. Securities and Exchange Commission
      100 F St., N.E., Mailstop 5973
      Washington, DC 20549-5973

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

**Shana R. Cappell**
212.309.7132
scappell@MorganLewis.com

July 16, 2013

**VIA FEDERAL EXPRESS**

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E., Mailstop 5973
Washington, DC 20549-5973

Re:     *In the Matter of Hewlett-Packard Company (SF-3853)*

Dear Mr. Habermeyer:

We write on behalf of our client Hewlett-Packard Company ("H-P" or the "Company") in
response to the above-referenced matter.  Please find enclosed a CD containing interview
summaries Bates labeled HP-SEC-00354572 - HP-SEC-00354710.  As Leslie Caldwell
discussed with you during a telephone call on June 19, 2013, H-P is producing these interview
summaries pursuant to the January 16, 2013 Confidentiality Agreement among Morgan, Lewis &
Bockius LLP, the Commission and the U.S. Department of Justice.  To the extent that these
interview memos are protected by, at a minimum, the attorney work product doctrine and the
attorney-client privilege and, as such, the interview summaries warrant protection from
disclosure, H-P does not intend to waive the protection of the attorney work product doctrine,
attorney-client privilege, or any other privilege applicable as to third parties by producing these
summaries.

* * *

The materials and the information contained herein (HP-SEC-00354572 - HP-SEC-00354710)
represent information that is confidential within the contemplation of the applicable provisions of
the Freedom of Information Act ("FOIA") and the rules of the Commission which implement
that Act, 17 C.F.R. § 200.83, ("Rule 83") and is furnished solely for the use of the Commission.
Accordingly, we request the documents, and the information contained therein, be afforded
confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act.
Pursuant to Rule 83, a request for confidential treatment has also been delivered to the
Commission's FOIA Office.  In accordance with Rule 83, please notify the undersigned of any

FOIA Confidential Treatment Requested by Morgan Lewis

**Morgan Lewis**
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
July 16, 2013
Page 2

request for disclosure of the materials made pursuant to the FOIA. After completion of the investigation concerning the above referenced matter, we ask that all confidential materials be returned to us.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the SEC and which (1) incorporate, include or relate to any of this letter and its enclosures; or (2) refer to any conference, meeting, or telephone conversation between H-P, its current or former employees, representatives, agents, auditors or counsel on the one hand and employees of the SEC on other relating to this letter and its enclosures.

This letter is not intended to and does not waive any applicable privilege or other legal basis under which information may be protected from disclosure. If it is concluded that any of the enclosed materials disclose privileged matter, such disclosure is inadvertent. By the production of this letter and its enclosures, H-P does not intend to and has not waived the attorney-client privilege or any other protections.

To further promote confidentiality, the enclosed hard drive is being produced with password protection. The password will be sent separately via email to ENF-CPU@sec.gov. As we have stated in previous communications with the Commission, H-P's search for responsive documents is ongoing, and H-P will supplement its response to the H-P Subpoena, including its partial responses to the enumerated items above, on a rolling basis. Thank you for the extension of time in which to respond to the H-P Subpoena.

Finally, we note that H-P is making every effort to produce documents as quickly and as efficiently as possible. However, the inadvertent disclosure of material protected by the attorney-client, work product or any other applicable privilege may occur during the course of these productions. We respectfully request that the Commission allow for the "clawback" of any such privileged materials upon prompt notification by H-P.

Please feel free to contact me should you have any questions.

Very truly yours,

Shana Cappell

Shana R. Cappell

Enclosures

cc:    Jason M. Habermeyer (without enclosures)
       Attorney, Division of Enforcement

DB1/ 74973254.1

Jason M. Habermeyer, Esq.
July 16, 2013
Page 3

Morgan Lewis
COUNSELORS AT LAW

      U.S. Securities and Exchange Commission
      San Francisco Regional Office
      44 Montgomery Street, Suite 2800
      San Francisco, CA  94104

      Freedom of Information Officer (without enclosures)
      Office of Freedom of Information and Privacy Act Operations
      Securities and Exchange Commission Operations Center
      100 F Street NE
      Mail Stop 5100
      Washington, DC 20549

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Kerry J. Land**
212-309-6697
kland@morganlewis.com

**FOIA CONFIDENTIAL TREATMENT REQUESTED
PURSUANT TO 17 C.F.R. 200.83**

July 16, 2013

## VIA U.S. MAIL

Office of Freedom of Information and Privacy Act Operations
Securities and Exchange Commission Operations Center
100 F Street NE
Mail Stop 5100
Washington, DC 20549

Re: ___*In the Matter of Hewlett-Packard Company (SF-3853)*___

Dear Sir/Madam:

We have submitted on behalf of our client, Hewlett-Packard Company ("H-P" or the "Company") under separate cover to the Staff of the Securities and Exchange Commission (the "Commission"), by letter dated July 16, 2013, documents and information in the above referenced matter. Documents submitted were electronic documents stamped HP-SEC-00354572 – HP-SEC-00354710.

The materials and the information contained therein represent information that is privileged and confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA"), and the rules of the Commission which implement that Act, 17 C.F.R. §§ 200.80 and 200.83, and is furnished solely for the use of the Commission. Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act. We enclose a copy of the cover letter that was included with the documents.

Sincerely,

Kerry Land

Enclosures

Morgan Lewis
COUNSELORS AT LAW

Office of Freedom of Information and Privacy Act Operations
Page 2
July 16, 2013

cc:     Jason M. Habermeyer
        Attorney, Division of Enforcement
        U.S. Securities and Exchange Commission
        San Francisco Regional Office
        44 Montgomery Street, Suite 2800
        San Francisco, CA  94104

        ENF-CPU
        U.S. Securities and Exchange Commission
        100 F St., N.E., Mailstop 5973
        Washington, DC 20549-5973

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

June 23, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     Autonomy

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In response to your previous request, HPE is voluntarily producing, starting today and continuing on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing relevant materials as follows:

- April 9, 2013 interview of Antonia Anderson, Bates Nos. HP-SEC-02099518 – HP-SEC-02099526

- June 5, 2014 interview of Antonia Anderson, Bates Nos. HP-SEC-02099527 - HP-SEC-02099590

- September 5, 2014 interview of Antonia Anderson, Bates Nos. HP-SEC-02099591 - HP-SEC-02099609

- May 23, 2013 interview of Léo Apotheker, Bates Nos. HP-SEC-02099610 - HP-SEC-02099681

- April 10, 2013 interview of Don Avant, Bates Nos. HP-SEC-02099682 - HP-SEC-02099709

- September 25, 2013 interview of John Cronin, Bates Nos. HP-SEC-02099710 - HP-SEC-02099747

- October 23, 2013 interview of John Cronin, Bates Nos. HP-SEC-02099748 - HP-SEC-02099802

- July 30, 2014 interview of Paul Curtis, Bates Nos. HP-SEC-02099803 - HP-SEC-02099902

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          **T** +1.212.309.6000
United States                                   **F** +1.212.309.6001

DB1/ 92661303.1

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
June 23, 2017
Page 2

documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege. You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the first in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis. As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.

Sincerely,

*Martha B. Stolley /dus*

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

June 30, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:      Autonomy

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In
response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual
summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP
and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting
irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing
relevant materials as follows:

- September 4, 2014 interview of Chris Chan, Bates Nos. HP-SEC-02099922 – HP-SEC-02099925

- October 9, 2013 interview of Richard Eads, Bates Nos. HP-SEC-02099926 – HP-SEC-02100017

- October 7, 2016 interview of David Humphrey, Bates Nos. HP-SEC-02100018 – HP-SEC-02100061

- October 12, 2016 interview of David Humphrey, Bates Nos. HP-SEC-02100062 – HP-SEC-02100081

- May 3, 2013 interview of Alan Smith, Bates Nos. HP-SEC-02100082 – HP-SEC-02100106

- August 7, 2014 interview of Ganesh Vaidyanathan, Bates Nos. HP-SEC-02100107 – HP-SEC-02100146

Pursuant to the express terms of your request, we are providing only documents and materials that
contain factual, non-privileged information about what each witness said.  We are not producing
documents or materials that contain or reflect content that is protected under the work product doctrine
or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          **T** +1.212.309.6000
United States                                      **F** +1.212.309.6001

DB1/ 92738762.1

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
June 30, 2017
Page 2

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the second in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis.  As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.


Sincerely,

*Martha B. Stolley /das*

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

July 7, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:    Autonomy

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing relevant materials as follows:

- April 9, 2013 interview of Chris Goodfellow, Bates Nos. HP-SEC-02139989 – HP-SEC-02140027

- April 11, 2013 interview of Rachel Haverfield, Bates Nos. HP-SEC-02140028 – HP-SEC-02140133

- December 6, 2012 interview of Kerry Klein, Bates Nos. HP-SEC-02140134 – HP-SEC-02140136

- May 3, 2013 interview of Alan Rizek, Bates Nos. HP-SEC-02140137 – HP-SEC-02140160

- August 6, 2014 interview of Rachel Scott, Bates Nos. HP-SEC-02140161 – HP-SEC-02140346

- February 18, 2014 interview of Dan Truitt, Bates Nos. HP-SEC-02140347 – HP-SEC-02140433

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060          ☎ +1.212.309.6000
United States                          ✆ +1.212.309.6001

DB1/ 92799472.1

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
July 7, 2017
Page 2

of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the second in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis.  As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.


Sincerely,

*Martha B. Stolley /das*

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

July 18, 2017

**VIA COURIER**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   <u>Autonomy</u>

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing relevant materials, Bates Nos. HP-SEC-02140434 to HP-SEC-02141239.

The following summaries were prepared by Proskauer Rose LLP:
- October 7, 2013 interview of JR Ahn, Bates Nos. HP-SEC-02140434 – HP-SEC-02140442

- November 22, 2013 interview of Antonia Anderson, Bates Nos. HP-SEC-02140443 – HP-SEC-02140451

- May 30, 2013 and June 3, 2013 interview of Sean Blanchflower, Bates Nos. HP-SEC-02140452 – HP-SEC-02140521

- November 22, 2013 interview of Sean Blanchflower, Bates Nos. HP-SEC-02140522 – HP-SEC-02140553

- September 19, 2013 interview of Tim Carley, Bates Nos. HP-SEC-02140554 – HP-SEC-02140690

- June, 26, 2013 interview of Sham Chotai Bates Nos. HP-SEC-02140691 - HP-SEC-02140692

- October 24, 2013 interview of Richard Eads, Bates Nos. HP-SEC-02140693 – HP-SEC-02140696

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
🖷 +1.212.309.6001

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
July 18, 2017
Page 2

- December 6, 2013 interview of Richard Eads, Bates Nos. HP-SEC-02140697 – HP-SEC-02140743

- September 20, 2013 interview of Sam Finberg, Bates Nos. HP-SEC-02140744 – HP-SEC-02140748

- November 5, 2013 interview of Michael Flint, Bates Nos. HP-SEC-02140749 – HP-SEC-02140752

- December 18, 2013 interview of Greg Franceschi & Russell Chapman, Bates Nos. HP-SEC-02140753 – HP-SEC-02140825

- June 5, 2013 interview of Darren Gallagher, Bates Nos. HP-SEC-02140826 – HP-SEC-02140829

- September 30, 2013 interview of Marty Homlish, Bates Nos. HP-SEC-02140830 – HP-SEC-02140983

- June 28, 2013 interview of Emily Hsiao, Bates Nos. HP-SEC-02140984 – HP-SEC-02141035

- November 6, 2013 interview of Cindy Johnson, Bates Nos. HP-SEC-02141036 – HP-SEC-02141064

- July 2, 2013 interview of Aneesh Koorapaty, Bates Nos. HP-SEC-02141065 – HP-SEC-02141083

- June 17, 2013 interview of Fernando Lucini, Bates Nos. HP-SEC-02141084 – HP-SEC-02141111

- December 30, 2013 interview of Fernando Lucini, Bates Nos. HP-SEC-02141112 – HP-SEC-02141113

- June 25, 2013 interview of Girish Nair, Bates Nos. HP-SEC-02141114 – HP-SEC-02141125

- October 17, 2013 interview of Martin Risau, Bates Nos. HP-SEC-02141126 – HP-SEC-02141132

- November 14, 2013 interview of Mike Sullivan, Bates Nos. HP-SEC-02141133 – HP-SEC-02141159

- December 3, 2013 interview of Meeta Sunderwala, Bates Nos. HP-SEC-02141160 – HP-SEC-02141163

- October 31, 2013 interview of Dan Truitt, Bates Nos. HP-SEC-02141164 – HP-SEC-02141170

The following summary was prepared by Morgan, Lewis & Bockius LLP:
- February 18, 2014 interview of Maurice Lethbridge, Bates Nos. HP-SEC-02141171 – HP-SEC-02141239

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
July 18, 2017
Page 3

privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the second in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis.  As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.


Sincerely,

*Martha B. Stolley/das*

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

August 1, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     Autonomy

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter. In response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc. To that end, please find enclosed a computer disc containing relevant materials, Bates Nos. HP-SEC-02141252 to HP-SEC-02142111.

The following summaries were prepared by Proskauer Rose LLP:

- September 18, 2013 interview of Thomas Bischoff, Bates Nos. HP-SEC-02141252 to HP-SEC-02141321

- June 25, 3013 and July 1, 2013 interview of Marge Breya, Bates Nos. HP-SEC-02141322 to HP-SEC-02141399

- May 29, 2013 interview of Ivan Ferko, Bates Nos. HP-SEC-02141400 to HP-SEC-02141417

- May 1, 2013 interview of Andrew Johnson, Bates Nos. HP-SEC-02141418 to HP-SEC-02141429

- September 26, 2013 interview of George Kadifa, Bates Nos. HP-SEC-02141430 to HP-SEC-02141520

- October 24, 2013 interview of Helen Ku, Bates Nos. HP-SEC-02141521 to HP-SEC-02141530

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
August 1, 2017
Page 2

- December 9, 2013 interview of Helen Ku, Bates Nos. HP-SEC-02141531 to HP-SEC-02141618

- October 25, 2013 interview of Ying Liu, Bates Nos. HP-SEC-02141619 to HP-SEC-02141623

- November 8, 2013 interview of Antonio Varas and Daniel Friedman, Bates Nos. HP-SEC-02141624 to HP-SEC-02141640

- September 13 and 25, 2013 interview of Kristin Walthall, Bates Nos. HP-SEC-02141641 to HP-SEC-02141872

The following summaries were prepared by Morgan, Lewis & Bockius LLP:

- April 11, 2013 interview of Sean Blanchflower, Bates Nos. HP-SEC-02141873 to HP-SEC-02141935

- April 11, 2013 interview of Darren Gallagher, Bates Nos. HP-SEC-02141936 to HP-SEC-02141958

- October 7, 2016 interview of Chris Goodfellow, Bates Nos. HP-SEC-02141959 to HP-SEC-02141981

- March 18 and 21, 2013 interview of Chris Hartley, Bates Nos. HP-SEC-02141982 to HP-SEC-02142020

- April 10, 2013 interview of Chris Hartley, Bates Nos. HP-SEC-02142021 to HP-SEC-02142038

- May 3, 2013 interview of Dan Viani, Bates Nos. HP-SEC-02142039 to HP-SEC-02142111

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said. We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege. You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the second in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis. As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
August 1, 2017
Page 3

Sincerely,

*Martha B. Stolley /das*

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

August 25, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     <u>Autonomy</u>

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing relevant materials, Bates Nos. HP-SEC-02151309 to HP-SEC-02160362.

The following summaries were prepared by Proskauer Rose LLP:

- November 14, 2013 interview of Marc Andreessen, Bates Nos. HP-SEC-02151309 - HP-SEC-02151441

- November 21, 2013 interview of Leo Apotheker, Bates Nos. HP-SEC-02156150 to HP-SEC-02157224

- November 26, 2013 interview of Larry Babbio, Bates Nos. HP-SEC-02151442 - HP-SEC-02151840

- November 11, 2013 interview of Sari Baldauf, Bates Nos. HP-SEC-02151841 - HP-SEC-02152127

- November 8, 2013 interview of Shumeet Banerji, Bates Nos. HP-SEC-02151841 to HP-SEC-02152127

- October 22, 2013 interview of Betsy Branch, Bates Nos. HP-SEC-02157225 to HP-SEC-02157325

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

**T** +1.212.309.6000
**F** +1.212.309.6001

DB1/ 93427307.1

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
August 25, 2017
Page 2

- August 26, 2013 interview of Gerard Brossard, Bates Nos. HP-SEC-02154089 to HP-SEC-02154093

- June 26, 2013 interview of Sham Chotai, Bates Nos. HP-SEC-02154094 to HP-SEC-02154095

- October 15, 2013 interview of Steve Fieler, Bates Nos. HP-SEC-02152128 - HP-SEC-02152195

- November 19, 2013 interview of Raj Gupta, Bates Nos. HP-SEC-02152196 - HP-SEC-02152337

- November 25, 2013 interview of John Hammergren, Bates Nos. HP-SEC-02152338 - HP-SEC-02152617

- September 30, 2013 interview of Brent Hogenson, Bates Nos. HP-SEC-02154096 to HP-SEC-02154213

- October 10, 2013 interview of Michael Holston, Bates Nos. HP-SEC-02157326 to HP-SEC-02157546

- October 2, 2013 interview of Andy Johnson, Bates Nos. HP-SEC-02152618 - HP-SEC-02153212

- August 27, 2013 interview of Erin Kim, Bates Nos. HP-SEC-02153213 - HP-SEC-02153247

- December 4, 2013 interview of Ray Lane, Bates Nos. HP-SEC-02153248 - HP-SEC-02153579

- July 31, 2013 interview of Shilpa Lawande, Bates Nos. HP-SEC-02153580 - HP-SEC-02153591

- December 5, 2013 interview of Cathie Lesjak, Bates Nos. HP-SEC-02154305 to HP-SEC-02154594

- September 17, 2013 interview of Cathie Lesjak, Bates Nos. HP-SEC-02154214 to HP-SEC-02154304

- May 8, 2013 interview of Sergio Letelier, Bates Nos. HP-SEC-02157547 to HP-SEC-02157549

- May 30, 2013 and June 5, 2013 interview of Sergio Letelier, Bates Nos. HP-SEC-02157550 to HP-SEC-02157558

- July 3, 2013 interview of Jerome Levadoux, Bates Nos. HP-SEC-02157559 to HP-SEC-02157619

- November 1, 2013 interview of Marc Levine, Bates Nos. HP-SEC-02154595 to HP-SEC-02154684

- November 15, 2013 interview of Ann Livermore, Bates Nos. HP-SEC-02154685 to HP-SEC-021574895

- December 18, 2013 interview of Jim Murrin, Bates Nos. HP-SEC-02153592 - HP-SEC-02153697

- October 1, 2013 interview of Paul Porrini, Bates Nos. HP-SEC-02157620 to HP-SEC-0215787

- November 7, 2013 interview of Gary Reiner, Bates Nos. HP-SEC-02154893 to HP-SEC-02155329

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
August 25, 2017
Page 3

- December 12, 2013 interview of Shane Robison, Bates Nos. HP-SEC-02157788 to HP-SEC-02159008

- October 1, 2013 interview of Ed Rockwell, Bates Nos. HP-SEC-02153698 - HP-SEC-02153703

- December 4, 2013 interview of Patricia Russo, Bates Nos. HP-SEC-02153704 - HP-SEC-02153827

- October 18, 2013 interview of Jorge Salazar, Bates Nos. HP-SEC-02153828 - HP-SEC-02153837

- October 17, 2013 interview of Manish Sarin, Bates Nos. HP-SEC-02159009 to HP-SEC-02159320

- October 3, 2013 interview of Joel Scott, Bates Nos. HP-SEC-02155330 to HP-SEC-02155339

- November 6, 2013 interview of Dominique Senequier, Bates Nos. HP-SEC-02153838 - HP-SEC-02153909

- November 26, 2013 interview of Mike Sullivan, Bates Nos. HP-SEC-02159321 to HP-SEC-02159390

- April 29, 2014 interview of Mike Sullivan, Bates Nos. HP-SEC-02159391 to HP-SEC-02159485

- October 16, 2013 interview of Meeta Sunderwala, Bates Nos. HP-SEC-02155340 to HP-SEC-02155343

- November 21, 2013 interview of G. Kennedy Thompson, Bates Nos. HP-SEC-02155344 to HP-SEC-02155432

- November 1, 2013 interview of Bill Veghte, Bates Nos. HP-SEC-02153910 - HP-SEC-02154022

- December 20, 2013 interview of Jeff Veis, Bates Nos. HP-SEC-02154023 - HP-SEC-02154035

- October 29, 2013 interview of Emma Walton, Bates Nos. HP-SEC-02159486 to HP-SEC-02159803

- November 11, 2013 interview of Meg Whitman, Bates Nos. HP-SEC-02155433 to HP-SEC-02156148

- December 6, 2013 interview of Ralph Whitworth, Bates Nos. HP-SEC-02154036 - HP-SEC-02154088

- June 12, 2013 interview of Chris Yelland, Bates Nos. HP-SEC-02156149 to HP-SEC-02156149

- June 14, 2013 interview of Chris Yelland, Bates Nos. HP-SEC-02159804 to HP-SEC-02159839

- December 3 and 27, 2013 interview of Jan Zadak, Bates Nos. HP-SEC-02159840 to HP-SEC-02159953

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
August 25, 2017
Page 4

The following summaries were prepared by Morgan, Lewis & Bockius LLP:

- April 10, 2013 interview of Julie Dolan, Bates Nos. HP-SEC-02159954 to HP-SEC-02160098

- April 10, 2013 interview of Elio Gambetta, Bates Nos. HP-SEC-02160099 to HP-SEC-02160196

- February 15, 2013 interview of Nigel Hutchinson, Bates Nos. HP-SEC-02160197 to HP-SEC-02160208

- April 11, 2013 interview of Fernando Lucini, Bates Nos. HP-SEC-02160209 to HP-SEC-02160321

- April 11, 2013 interview of Tom Rimmer, Bates Nos. HP-SEC-02160322 to HP-SEC-02160362

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

This is the second in a series of productions of non-privileged witness statements, which HPE is providing on a voluntary basis.  As indicated above, we will continue to produce additional materials on a rolling basis under the same conditions as set forth above.

Sincerely,

*Martha B. Stolley* /JEH

Martha B. Stolley

Enclosure

# Morgan Lewis

**Martha B. Stolley**
Partner
+1.212.309.6858
martha.stolley@morganlewis.com

October 4, 2017

**VIA FEDEX**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:      United States v. Hussain

Dear Mr. Reeves and Mr. Leach:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.  In response to your previous request, HPE is voluntarily producing, on a rolling basis, written factual summaries and accompanying exhibits of witness interviews conducted by Morgan, Lewis & Bockius LLP and Proskauer Rose LLP, in connection with their investigation into pre-acquisition accounting irregularities at Autonomy Corporation plc.  To that end, please find enclosed a computer disc containing relevant materials, Bates Nos. HP-SEC-02160518 to HP-SEC-02160924.

The following summaries were prepared by Proskauer Rose LLP:

- November 6, 2013 interview of Kevin Asher, Bates Nos. HP-SEC-02160518 to HP-SEC-02160625

- October 18, 2013 interview of Andrew Gersh, Bates Nos. HP-SEC-02160626 to HP-SEC-02160924

Pursuant to the express terms of your request, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request

**Morgan, Lewis & Bockius** LLP

101 Park Avenue
New York, NY  10178-0060
United States

☎ +1.212.309.6000
🖷 +1.212.309.6001

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
October 4, 2017
Page 2

only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

Sincerely,

Martha B. Stolley

Enclosure

# Morgan Lewis

**Susan D. Resley**
Partner
+1.415.442.1351
susan.resley@morganlewis.com

January 31, 2018

**VIA SECURE FILE TRANSFER**

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
Assistant United States Attorney
United States Attorney's Office for the Northern
District of California
450 Golden Gate Avenue
San Francisco, CA  94102

Re:    *United States v. Sushovan Tareque Hussain*, No. 16 CR 00462 (CRB)

Dear Mr. Reeves and Mr. Leech:

As you know, we represent Hewlett-Packard Enterprise ("HPE") in the above-referenced matter.
Enclosed please find revised witness interview summaries prepared by Morgan Lewis & Bockius LLP
("Morgan Lewis") and Proskauer Rose LLP ("Proskauer"), produced at Bates-numbers
HPE00058291 – HPE00058834.  Certain redactions have been removed from the following
summaries:

1.     Andreessen, Marc (11/14/2013)
2.     Apotheker, Léo (11/21/2013)
3.     Avant, Don (04/10/2013)
4.     Babbio, Lawrence (11/26/2013)
5.     Baldauf, Sari (11/11/2013)
6.     Bischoff, Thomas (09/18/2013)
7.     Branch, Betsy (10/22/2013)
8.     Eads, Richard (10/24/2013)
9.     Ferko, Ivan (05/29/2013)
10.    Fieler, Steve (10/15/2013)
11.    Gupta, Raj (11/19/2013)
12.    Hogenson, Brent (9/30/2013)
13.    Holston, Michael (10/10/2013)
14.    Johnson, Cindy (11/6/2013)
15.    Kadifa, George (09/26/2013)
16.    Letelier, Sergio (05/08/2013)
17.    Porrini, Paul (10/01/2013)

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower
San Francisco, CA  94105
United States

Adam A. Reeves, Esq.
Robert S. Leach, Esq.
January 31, 2018
Page 2

18. Reiner, Gary (11/07/2013)
19. Robison, Shane (12/12/2013)
20. Rockwell, Ed (10/01/2013)
21. Scott, Joel (10/03/2013)
22. Senequier, Dominique (11/06/2013)
23. Veghte, Bill (11/01/2013)
24. Walton, Emma (10/29/2013)
25. Whitworth, Ralph (12/06/2013)
26. Zadak, Jan (12/03/2013 and 12/27/2013)

We are also producing the non-privileged factual summary of Proskauer's July 9, 2013 interview of John Blank, Meeta Sunderwala, Allison Strathmeier and Lynda Wong, Bates-numbered HPE00058835 – HPE00058839.

Additionally, we enclose an amended privilege log which sets forth additional detail concerning the individuals whom each witness identified as being present and/or having received the relevant privileged communication or work product, to the extent that information is available.

These amended summaries and the privilege log were produced to counsel for Defendant Sushovan Hussain on January 29, 2018.

Pursuant to the express terms of your original request for witness interview summaries in this matter, we are providing only documents and materials that contain factual, non-privileged information about what each witness said.  We are not producing documents or materials that contain or reflect content that is protected under the work product doctrine or attorney-client privilege or any other privilege belonging to HPE or its predecessor HP.

Furthermore, please be advised that by producing these materials, HPE does not intend to waive the protection of the attorney work product doctrine, attorney-client privilege, or any other applicable privilege.  You agree that you will not assert that HPE's production of these materials constitutes a waiver of the protection of the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege.

Lastly, we request that your office use the information and materials produced pursuant to this request only in the criminal case captioned *U.S. v. Hussain* - 16-00462, and that you designate HPE's productions as "Protected Materials" pursuant to the Northern District of California District Court's January 18, 2017 Amended Protective Order.

Sincerely,

*/s/ Susan D. Resley*

Susan D. Resley

Cc:    Martha Stolley, Esq.
         Michael Li-Ming Wong, Esq.

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Martha B. Stolley**
Partner
212.309.6858
mstolley@morganlewis.com

April 2, 2014

**VIA FEDERAL EXPRESS**

ENF-CPU
U.S. Securities and Exchange Commission
100 F St., N.E. Mailstop 5973
Washington, DC 20549-5973

*Re:*   *In the Matter of Hewlett-Packard Company (SF-3853)*

Dear Mr. Habermeyer:

As you know, we represent Hewlett-Packard Company ("H-P" or the "Company") in the above-referenced matter.  We write on behalf of our client in further response to the U.S. Securities and Exchange Commission's (the "Commission") subpoena dated January 30, 2014 (the "H-P Subpoena").  Please find enclosed a CD containing responsive documents, Bates labeled HP-SEC-00834438 – HP-SEC-00855355.  Also included on the enclosed CD is an overlay file that the Commission may use to update the "CUSTODIAN" field for the de-duplicated documents.[1] This overlay file may be applied to H-P's past productions to update the "CUSTODIAN" field on the documents the Commission has already received.

*1.     All e-mails from, to or copied to Meg Whitman or Cathie Lesjak, for the period May 1, 2012 through November 30, 2012, relating to Autonomy, Mike Lynch or Sushovan Hussain.*

Enclosed please find responsive documents Bates labeled HP-SEC-0000834438 – HP-SEC-00834455.

---

[1]      As discussed in a telephone call with the Commission on March 24, 2013, any data loaded to H-P's review platform has been "de-duplicated" across custodians.  The metadata on any produced documents includes a field titled "CUSTODIAN," indicating that such de-duplication has occurred.

Almaty  Beijing  Boston  Brussels  Chicago  Dallas  Dubai*  Frankfurt  Harrisburg  Houston  Irvine  London  Los Angeles  Miami
Moscow  New York  Palo Alto  Paris  Philadelphia  Pittsburgh  Princeton  San Francisco  Tokyo  Washington  Wilmington

*In association with Mohammed Buhashem Advocates & Legal Consultants

DB1/ 78294767.1

Morgan Lewis
COUNSELORS AT LAW

Jason M. Habermeyer, Esq.
April 2, 2014
Page 2

*4.     All documents, including handwritten notes and calendar entries, relating to the
November 11, 2011 "CFO update" meeting between Ernst & Young and Cathie Lesjak.*

Enclosed please find responsive documents Bates labeled HP-SEC-00834456 – HP-SEC-
00834463.  Also responsive to this request are previously produced documents Bates labeled HP-
SEC-00667703 -- HP-SEC-00667707; HP-SEC-00667950 – HP-SEC-00667954; HP-SEC-
00676181 – HP-SEC-00676185; and HP-SEC-00681173 – HP-SEC-00681177.

*6.     All documents, including handwritten notes, relating to mentions of Autonomy in calls
between H-P management and H-P investors from August 18, 2011 to December 31, 2012.*

Enclosed please find responsive documents Bates labeled HP-SEC-00834464 – HP-SEC-
00834493.

*7.     All documents relating to H-P policies, procedures, guidelines or standards for due
diligence in connection with mergers or acquisitions.*

Enclosed please find responsive documents Bates labeled HP-SEC-00834494 – HP-SEC-
00836329.

*10.    All documents relating to H-P's accounting policy for testing long-lived assets and
goodwill for impairment.*

Enclosed please find responsive documents Bates labeled HP-SEC-00836330 – HP-SEC-
00837020.

*11.    All documents relating to assessments of the Autonomy reporting unit carrying value
compared to fair value.*

Enclosed please find responsive documents Bates labeled HP-SEC-00837021 – HP-SEC-
00838258.

*12.    All communications with Duff & Phelps relating to Autonomy.*

Enclosed please find responsive documents Bates labeled HP-SEC-00838259 – HP-SEC-
00841028.

*13.    All documents relating to H-P's interpretation or application of U.S. GAAP in the
context of the Q4-2012 impairment of the Autonomy asset group's long-lived assets and the
Autonomy reporting unit's goodwill.*

Enclosed please find responsive documents Bates labeled HP-SEC-00841029 - HP-SEC-
00850857.

2

DB1/ 78294767.1



Jason M. Habermeyer, Esq.
April 2, 2014
Page 3

*14.    All documents relating to H-P's efforts in 2012 to "rebaseline" Autonomy's historical financial performance.*

Enclosed please find responsive documents Bates labeled HP-SEC-00850858 – HP-SEC-00852570.

*15.    All internal communications relating to hardware resale transactions or IDOL OEM classifications from July 2011 to November 20, 2012.*

Enclosed please find responsive documents Bates labeled HP-SEC-00852571 – HP-SEC-00854048.

*16.    All communications between H-P and Ernst & Young LLP relating to hardware resale transactions or IDOL OEM classifications from July 2011 to November 20, 2012.*

Enclosed please find responsive documents Bates labeled HP-SEC-00854049 – HP-SEC-00855355.

Finally, in response to Request 2 of your March 19, 2014 email, please find enclosed a bates labeled copy of the report prepared at Morgan Lewis & Bockius LLP's request by PricewaterhouseCoopers LLP ("PwC"), as well as the appendices and exhibits referenced therein (collectively, the "PwC Interim Report"), all of which were previously produced to the Commission on March 29, 2013.  The PwC Interim Report is Bates labeled HP-SEC-00855356 – HP-SEC-00859837.

\* \* \* \* \* \* \* \*

The materials and the information contained herein (HP-SEC-00834438 – HP-SEC-00859837) represent information that is confidential within the contemplation of the applicable provisions of the Freedom of Information Act ("FOIA") and the rules of the Commission which implement that Act, 17 C.F.R. § 200.83, ("Rule 83") and is furnished solely for the use of the Commission. Accordingly, we request the documents, and the information contained therein, be afforded confidential treatment pursuant to FOIA and the rules of the Commission implementing the Act. Pursuant to Rule 83, a request for confidential treatment has also been delivered to the Commission's FOIA Office.  In accordance with Rule 83, please notify the undersigned of any request for disclosure of the materials made pursuant to the FOIA.  After completion of the investigation concerning the above referenced matter, we ask that all confidential materials be returned to us.

The requests set forth in the preceding paragraphs also apply to any memoranda, notes, transcripts or other writings of any sort whatsoever that are made by, or at the request of, any employee of the SEC and which (1) incorporate, include or relate to any of this letter and its

3



Jason M. Habermeyer, Esq.
April 2, 2014
Page 4

enclosures; or (2) refer to any conference, meeting, or telephone conversation between H-P, its current or former employees, representatives, agents, auditors or counsel on the one hand and employees of the SEC on other relating to this letter and its enclosures.

This letter is not intended to and does not waive any applicable privilege or other legal basis under which information may be protected from disclosure. If it is concluded that any of the enclosed materials disclose privileged matter, such disclosure is inadvertent. By the production of this letter and its enclosures, H-P does not intend to and has not waived the attorney-client privilege or any other protections.

To further promote confidentiality, the enclosed CD is being produced with password protection. The password will be sent separately via email to ENF-CPU@sec.gov. As we have stated in previous communications with the Commission, H-P's search for responsive documents is ongoing, and H-P will supplement its response to the H-P Subpoena, including its partial responses to the enumerated items above, on a rolling basis. Thank you for the extension of time in which to respond to the H-P Subpoena.

Finally, we note that H-P is making every effort to produce documents as quickly and as efficiently as possible. However, the inadvertent disclosure of material protected by the attorney-client, work product or any other applicable privilege may occur during the course of these productions. We respectfully request that the Commission allow for the "clawback" of any such privileged materials upon prompt notification by H-P.

Please feel free to contact me should you have any questions.

Very truly yours,

Martha B. Stolley

Enclosures

cc:    Jason M. Habermeyer (without enclosures)
       Attorney, Division of Enforcement
       U.S. Securities and Exchange Commission
       San Francisco Regional Office
       44 Montgomery Street, Suite 2800
       San Francisco, CA 94104

4