Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
James Purce (Admitted Pro Hac Vice)
Samantha J. McCarthy (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and<br>STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY CONCERNING THE LEGALITY OF RECORDING THE JULY 28, 2010 SCOTT–HOGENSON CALL**<br><br>Court: Courtroom 6 – 17th Floor<br>Date Filed: April 16, 2024<br>Trial Date: March 18, 2024 |

Case No. 3:18-cr-00577-CRB
DEFENDANT MICHAEL RICHARD LYNCH'S MOTION IN LIMINE TO EXCLUDE
TESTIMONY CONCERNING THE LEGALITY OF RECORDING THE JULY 28, 2010
SCOTT–HOGENSON CALL

Defendant Michael Richard Lynch moves to preclude irrelevant, misleading, and prejudicial testimony from Joel Scott regarding the purported illegality of recording Scott's July 28, 2010 phone call with Brent Hogenson. Scott testified without objection in *United States v. Hussain* about his concern that the recording—which he said was done at Lynch's request—was illegal. In fact, as a matter of law, the recording was not illegal, and accordingly the suggestion that Lynch asked Scott to do something illegal is highly prejudicial and improper. The testimony should be precluded under Federal Rules of Evidence 401, 403, and 702.

In *United States v. Hussain*, Scott testified that he recorded the call at Dr. Lynch's request, and opined that the recording violated California state law because, as Scott stated, "it's illegal to record a call in California without the other person being aware." *United States v. Hussain* Tr. 2638:12, 2641:5-19 (Joel Scott direct examination). The government then asked Scott how Lynch responded when, *after* Scott had recorded the call, Scott told Lynch that California is a two-party consent state. According to Scott, "He was initially very dismissive. He told me it was cute how I was worried about something like a mouse, something that they would have been concerned about 10 years earlier at the company. And I explained -- and then -- and he also said, 'Look, there's nothing to worry about. Autonomy, of course, will, you know, cover any -- if anything ever comes of this, like, Autonomy will cover you.'" *Id.* at 2641:13-23. There was no objection, and the testimony was admitted.

Dr. Lynch objects to the introduction of Scott's testimony on three grounds. First, Scott's testimony is irrelevant, both because his opinion is wrong—Scott's recording of the phone call violated no law, and Lynch therefore did not ask Scott to do something illegal in asking Scott to make the recording—and because, in any event, Scott did not tell Lynch that California was a two-party consent state until *after* Scott made the recording. Second, given its lack of probative value, and the likelihood that Scott's testimony will confuse the jury about the state of California law and create the false impression that Lynch was "aware" when he asked Scott to record the call that doing so was illegal, the testimony should be excluded under Rule 403. And third, Scott's statement concerning the legality of recording a phone call in California is an unnoticed expert legal opinion that is improper under both Federal Rule of Evidence 702 and Federal Rule

of Criminal Procedure 16. For these reasons, the Court should prohibit the government from eliciting from Scott testimony concerning the legality of recording the July 28, 2010 call with Hogenson, including his discussion with Lynch about that topic.[1]

I.  **Scott's Testimony Is Irrelevant Because It Is Based on an Incorrect Interpretation of California Law**

Scott's analysis of California law is incorrect; California Penal Code 632 does not prohibit recording a phone call in the circumstance. Because the recording was legal, Scott committed no crime, and Scott's opinion about the legality of his conduct is irrelevant.

California Penal Code 632, which is entitled "Invasion of Privacy," applies only to "confidential" communications, defined as follows:

> [A]ny communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes a communication made . . . in any other circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded.

Cal. Penal Code 632(c).

Unsurprisingly, California courts interpreting this provision have held that communications at the workplace are *not* "confidential communications" within the meaning of the statute when the employee had no reasonable expectation of privacy. For example, in *People v. Nazary*, 120 Cal. Rptr. 3d 143 (Cal. Ct. App. 2010), the owners of a gas station videotaped a confrontation with a manager. The court held that the manager had no reasonable expectation of privacy given that, among other things, he knew that he was under suspicion, and therefore the

---

[1] The application of the California "eavesdropping statute" at issue has no bearing on the admissibility of the recording in this proceeding. The Ninth Circuit "has established a clear and simple rule that evidence obtained from a consensual wiretap . . . is admissible in federal court proceedings *without regard to state law*." *United States v. Adams*, 694 F.2d 200, 201-02 (9th Cir. 1982) (emphasis added). And federal law requires only one party's consent, making the recording lawful under federal law. *Roberts v. Americable Int'l*, 883 F. Supp. 499, 503 (E.D. Cal. 1995) (citing 18 U.S.C. § 2511(2)(d)). Thus, in *Gonzalez v. City of McFarland*, the court held that a recording that violated California law was admissible because under *Adams*, such recordings were admissible based on their status under federal, not state, law. No. 13-cv-86, 2014 WL 3940295 (E.D. Cal. Aug. 12, 2014). Accordingly, whether Scott was right or wrong, his recording is admissible here.

communications during that confrontation were not "confidential communications" within the meaning of section 632.  *Id.* at 156-58.[2]

Here, it is undisputed that during the phone call at issue, Hogenson knew he was speaking to Joel Scott, an attorney who was then Autonomy's Chief Operating Officer – Americas, as well as two outside investigators from Discovery Economics, as part of an investigation Autonomy was conducting into allegations of misconduct by Hogenson or within Hogenson's division.  In that context, no employee could have a reasonable expectation of privacy; to the contrary, as Hogenson well understood, the call was, in part, an effort to obtain from him information that would be used for the purposes of the investigation.

**II.     Scott's Testimony Is Irrelevant Because He Did Not Advise Lynch that California Was a Two-Party Consent State Until After He Recorded His Call with Hogenson**

Scott's testimony about the legality of his having recorded the phone call is also irrelevant for another reason:  Even by Scott's own account, he did not tell Lynch that California was a "two-party consent" state until after Scott recorded his call with Hogenson.  If anything, Scott (who is a lawyer) should have raised any concerns he had with Lynch (who is not) before recording the call, but there is no evidence that he did so.  As a result, Lynch's request is simply not evidence that Lynch knowingly asked Scott to do something illegal, and Scott's opinion concerning the legality sheds no light on Lynch's state of mind at the time he made the request and is irrelevant.

---

[2] By contrast, in *Hernandez v. Hillsides Inc.* 211 P.3d 1063 (Cal. 2009), the court held that the employer violated its employees' reasonable expectation of privacy when it placed a hidden video camera inside the employees' semiprivate office, reasoning that "employees who retreat into a shared or solo office, and who perform work or personal activities in relative seclusion there, would not reasonably expect to be the subject of . . . secret filming by their employer." *Id.* at 1076.  Addressing the range of potential intrusions on privacy, the court explained that at one end of the spectrum are "settings in which work or business is conducted in an open and accessible space, within the sight and hearing not only of coworkers and supervisors, but also of customers, visitors, and the general public." *Id.* at 1075.  At the other end of the spectrum are places where employees maintain privacy interests, such as "areas in the workplace subject to restricted access and limited view, and reserved exclusively for performing bodily functions or other inherently personal acts." *Id.*

Case No. 3:18-cr-00577-CRB
DEFENDANT MICHAEL RICHARD LYNCH'S MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING THE LEGALITY OF RECORDING THE JULY 28, 2010 SCOTT–HOGENSON CALL

### III. Scott's Testimony Is Unduly Prejudicial and Risks Confusing the Jury

Although Scott's legal analysis is incorrect, and although Lynch had not been told that recording a phone call without all parties' consent was illegal under California law at the time he asked Scott to make the recording, there is a substantial risk that following Scott's testimony, the jury will be left with the incorrect impression that Lynch knowingly instructed Scott to do something illegal, unfairly shrouding Lynch's response to the Hogenson affair in a cloud of impropriety. Any probative value of Scott's testimony is far outweighed by the risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time, and the Court should exclude both Scott's legal opinion and his testimony about Lynch's request and related statements under Rule 403.

### IV. Scott's Testimony Is Improper Expert Legal Opinion Testimony under FRE 702, Which the Government Failed to Notice as Required by FRCrP 16

Finally, testimony concerning the legality of recording a phone call is expert opinion testimony, but the government failed to notice Scott as an expert, and he lacks the requisite expertise. Federal Rule of Evidence 701 permits a lay witness to provide opinion testimony only if it meets all of the following three criteria: it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Scott's testimony meets none of these requirements. It is based not on his perception, but rather on his interpretation of the California Penal Code; it is not helpful to determining a fact in issue because whether Lynch understood recording the call to be legal is irrelevant for the reasons set forth above; and it is based on "specialized knowledge" that Scott, a member of the California bar, possesses.

Instead, testimony about the legality of the phone call under California law is an expert opinion under Rule 702; a "lay witness may not . . . testify as to a legal conclusion, such as the correct interpretation of a contract." *United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001), *as amended* (Feb. 14, 2001) (district court abused its discretion in permitting lay witness to testify about applicability of the legal concept of "abandonment" of property). But Scott has not been noticed as an expert in this case, as is required by Federal Rule of Criminal Procedure

1  16(a)(1)(G).  The government's failure to qualify Scott as an expert is fitting because, as
2  discussed above, his analysis of the law is incorrect.  Because Scott's opinion testimony is
3  insufficiently reliable to meet the safeguards mandated by Rule 702(c) and (d),[3] and because it
4  has not been properly noticed as expert testimony under Rule 16, the government should be
5  prevented from eliciting Scott's opinion testimony.

---

[3] *See* Fed. R. Evid. 702(c)-(d) (". . . (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.").

Case No. 3:18-cr-00577-CRB
DEFENDANT MICHAEL RICHARD LYNCH'S MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING THE LEGALITY OF RECORDING THE JULY 28, 2010 SCOTT–HOGENSON CALL

Dated: April 16, 2024

Respectfully submitted,

*/s/ Jonathan Baum*
Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
James Purce (Admitted Pro Hac Vice)
Samantha J. McCarthy (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

Case No. 3:18-cr-00577-CRB
DEFENDANT MICHAEL RICHARD LYNCH'S MOTION IN LIMINE TO EXCLUDE TESTIMONY CONCERNING THE LEGALITY OF RECORDING THE JULY 28, 2010 SCOTT–HOGENSON CALL