# EXHIBIT 5

**To:**     Levine, Marc A (Controllership Organization)[marc.levine@hp.com]
**Cc:**     Sunderwala, Meeta[meeta.sunderwala@hp.com]; kevin.asher@ey.com[kevin.asher@ey.com]
**From:**  Branch, Betsy
**Sent:**  Sun 12/23/2012 5:28:41 PM
**Importance:**     **Normal**
**Subject:**  RE: Cathie

Marc,

I agree.  Whether or not we qualify it somehow, it still says the "majority of" - and references the accounting treatment.  I am not comfortable leaving this in there.  My recommendation is to go with the wording that was in the prior draft (which I believe Kevin just forwarded to you).

I will look at making some edits to the goodwill footnote to strengthen the timing discussion.

Betsy


-----Original Message-----
From: kevin.asher@ey.com [mailto:kevin.asher@ey.com]
Sent: Sunday, December 23, 2012 2:15 PM
To: Levine, Marc A (Controllership Organization); Branch, Betsy; Sunderwala, Meeta
Subject: RE: Cathie


Marc

I doesn't this works and wouldn't recommend that you head in this direction.



Kevin



Kevin



-------- Original Message --------

From :     "Levine, Marc A (Controllership Organization)"
<marc.levine@hp.com>
To :             "Branch, Betsy" <betsy.branch@hp.com>, "Sunderwala, Meeta"
<meeta.sunderwala@hp.com>, "kevin.asher@ey.com" <kevin.asher@ey.com> Cc :
Sent on : 12/23 03:00:01 PM EST
Subject : Cathie



Spoke with Cathie.


1.     She's suggesting we modify the legal language to qualify the use of 'majority'. Can we say something along the lines of the following, or is the term 'majority' – qualified or not – unacceptable?

Autonomy Acquisition Matters. On November 20, 2012, HP announced that it recorded a non-cash charge for the impairment of goodwill and intangible assets within its Software segment of approximately $8.8 billion in the fourth quarter of its 2012 fiscal year. HP also announced that, based on the findings of an ongoing investigation, the company modeled that the majority of this impairment charge related to accounting improprieties, misrepresentations to the market and disclosure failures at Autonomy that occurred prior to HP's acquisition of Autonomy, misrepresentations made to HP in connection with its acquisition of Autonomy, and the impact of those improprieties, failures and misrepresentations on the expected future financial performance of the Autonomy business over the long-term. HP has provided information to the U.K. Serious Fraud Office and to the SEC related to these accounting improprieties, disclosure failures and misrepresentations. On November 21, 2012, representatives of the U.S.
Department of Justice advised HP that they had opened an investigation relating to Autonomy. HP is cooperating with the three investigating agencies.

2.     We still need to strengthen the timing language to more emphatically support our case regarding Q4 FY12. Can you suggest something?


Marc



HP Corporate Controller   |   Office: +1.916.785.6819   |   Mobile: +1.916.812.0186   |   mail to: Marc.Levine@hp.com



The contents of this message and any attachments to it are confidential and may be legally privileged. If you have received this message in error you should delete it from your system immediately and advise the sender. To any recipient of this message within HP, unless otherwise stated you should consider this message and attachments as "HP CONFIDENTIAL".



Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

The information contained in this message may be privileged and confidential and protected from disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.

Notice required by law:  This e-mail may constitute an advertisement or solicitation under U.S. law, if its primary purpose is to advertise or promote a commercial product or service.  You may choose not to receive advertising and promotional messages from Ernst & Young LLP (except for Ernst & Young Online and the ey.com website, which track e-mail preferences through a separate process) at this e-mail address by forwarding this message to no-more-mail@ey.com.  If you do so, the sender of this message will be notified promptly. Our principal postal address is 5 Times

Square, New York, NY 10036. Thank you.  Ernst & Young LLP

**FOIA CONFIDENTIAL TREATMENT REQUESTED**

**HP-SEC-01590888**