| | |
|---|---|
| Jonathan M. Baum (SBN: 303469)<br>**Steptoe LLP**<br>One Market Street<br>Steuart Tower, Suite 1070<br>San Francisco, CA  94105<br>Telephone:  (510) 735-4558<br>jbaum@steptoe.com<br><br>Reid H. Weingarten<br>Brian M. Heberlig<br>Michelle L. Levin<br>Nicholas P. Silverman<br>Drew C. Harris<br>(Admitted Pro Hac Vice)<br>**Steptoe LLP**<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 506-3900 | Christopher J. Morvillo<br>Celeste L.M. Koeleveld<br>Daniel S. Silver<br>(Admitted Pro Hac Vice)<br>**Clifford Chance US LLP**<br>31 West 52nd Street<br>New York, NY 10019<br>Telephone:  (212) 878-3437<br>christopher.morvillo@cliffordchance.com<br><br>*Attorneys for Defendant*<br>*Michael Richard Lynch* |

# UNITED STATES DISTRICT COURT

# NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL RICHARD LYNCH and STEPHEN KEITH CHAMBERLAIN,<br><br>Defendants. | Case No.: 3:18-cr-00577-CRB<br><br>Judge: Hon. Charles Breyer<br><br>**DEFENDANT MICHAEL RICHARD LYNCH'S REPLY IN SUPPORT OF MOTION FOR ADMISSION OF FULL AUDIO RECORDING**<br><br>Court:  Courtroom 6 – 17th Floor<br>Date Filed:  May 27, 2024<br>Trial Date:  March 18, 2024 |

1  In its brief filed earlier tonight, the Government states that it "opposes admission of any
2  portion of the call beyond the 4-minute clip played during Mr. Scott's testimony." (Dkt. No. 525
3  at 1.) This flatly contradicts the argument the Government made last month when Mr. Scott was
4  on the stand and this very same issue was being argued. Tr. 6669: 23-25.

6  **THE COURT:** Why wouldn't it come in?
7  **MR. REEVES:** Well, we're happy to have it all come in or avoid the recording.

9  The Government now argues for the first time that "[t]he audio recording is hearsay," and
10 that it "is cumulative and confusing and thus excludable under Federal Rule of Evidence 403."
11 (*Id.* at 1-2.) Counsel for Dr. Lynch has already explained that the recording is being offered not
12 for its truth about what Mr. Hogenson did in 2009-2010 when managing the US finance division,
13 but instead to show Mr. Scott's state of mind when he fired Mr. Hogenson. Tr. 6668:19-22 (MR.
14 BAUM: "[Y]ou hear that he is sincere in his desire to fire Mr. Hogenson because he thinks it's
15 justified, and that state of mind of Mr. Scott is very important."). This evidence is relevant in
16 order to rebut the Government's argument that Scott only fired Hogenson because he was
17 pressured to do so by Autonomy's management in order to retaliate against him for being a
18 whistleblower. The Court agreed. Tr. 6669:19-20 (THE COURT: "But I don't know why it
19 wouldn't come in at this point. I think it's become relevant.").
20 The Government's citation to the *Noushfar* case is also misleading. 78 F.3d 1442 (9th
21 Cir. 1996). In that case, the Ninth Circuit held it was improper for the court to "allow[] the jury
22 to take to the jury room **fourteen tapes** that had not been played in the courtroom." *Id.* at 1444
23 (emphasis added). In that case, the fourteen tapes at issue "had never been presented in open
24 court," while in this case, the jury has already heard a portion of the tape, as well as hearing
25 testimony from both Mr. Hogenson and Mr. Scott about the conversation reflected on the tape.
26 *Id.* at 1445. Additionally, the Ninth Circuit's ruling in *Noushfar* was based on the defendant's

1  rights under Rule 43 and the Confrontation Clause. Neither argument applies here because the
2  tapes are being offered by the defendant.
3        To be clear, Dr. Lynch is offering the whole 58-minute tape so the jury will have the
4  recording available if it wishes to confirm that the section played was not taken out of context.
5  Just as entire documents like Autonomy's annual reports have been admitted into evidence even
6  though only small sections of those reports have been read aloud during the trial, Dr. Lynch asks
7  the Court to admit the whole recording.

| | |
|---|---|
| Dated: May 27, 2024 | Respectfully submitted, |

/s/ Jonathan Baum
Reid H. Weingarten (Admitted Pro Hac Vice)
Brian M. Heberlig (Admitted Pro Hac Vice)
Michelle L. Levin (Admitted Pro Hac Vice)
Nicholas P. Silverman (Admitted Pro Hac Vice)
Drew C. Harris (Admitted Pro Hac Vice)
**Steptoe LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900

Jonathan M. Baum (SBN: 303469)
**Steptoe LLP**
One Market Street
Steuart Tower, Suite 1070
San Francisco, CA 94105
Telephone: (510) 735-4558
jbaum@steptoe.com

Christopher J. Morvillo (Admitted Pro Hac Vice)
Celeste L.M. Koeleveld (Admitted Pro Hac Vice)
Daniel S. Silver (Admitted Pro Hac Vice)
**Clifford Chance US LLP**
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-3437
christopher.morvillo@cliffordchance.com

*Attorneys for Defendant*
*Michael Richard Lynch*

---

DEFENDANT MICHAEL RICHARD LYNCH'S REPLY IN SUPPORT OF MOTION FOR ADMISSION OF FULL AUDIO RECORDING
3:18-CR-00577-CRB
3