**Volume 46**

**Pages 10972 - 10986**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
   vs.                          )  NO. 3:18-CR-00577-CRB
                                )
MICHAEL RICHARD LYNCH and       )
STEPHEN KEITH CHAMBERLAIN,      )
                                )
          Defendants.           )
_____)
```

San Francisco, California
Wednesday, June 5, 2024

**TRANSCRIPT OF JURY TRIAL PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:
        PATRICK D. ROBBINS
        UNITED STATES ATTORNEY
        450 Golden Gate Avenue
        San Francisco, California 94102
   **BY:** **ROBERT S. LEACH**
       **KRISTINA GREEN**
       **ADAM A. REEVES**
       **ASSISTANT UNITED STATES ATTORNEYS**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:   Rhonda L. Aquilina, No. 9956, RMR, CRR, CRC
              Jennifer Coulthard, No. 14457, RMR, CRR, FCRR
              Official United States Court Reporters

**APPEARANCES:  (CONTINUED)**

For Plaintiff:
          U.S. DEPARTMENT OF JUSTICE
          Antitrust Division
          450 Golden Gate Avenue, Room 10-0101
          Post Office Box 36046
          San Francisco, California 94102
   BY: **ZACHARY G.F. ABRAHAMSON**
       **TRIAL ATTORNEY**

For Defendant Lynch:
          CLIFFORD CHANCE US LLP
          31 West 52nd Street
          New York, New York 10019
   BY: **CHRISTOPHER MORVILLO, ATTORNEY AT LAW**
       **DANIEL SILVER, ATTORNEY AT LAW**
       **CELESTE L. KOELEVELD, ATTORNEY AT LAW**

          STEPTOE & JOHNSON LLP
          1330 Connecticut Avenue, NW
          Washington, D.C. 20036
   BY: **BRIAN M. HEBERLIG,  ATTORNEY AT LAW**

          STEPTOE & JOHNSON
          1114 Avenue of the Americas, Floor 45
          NEW YORK, NY 10036
   BY: **MICHELLE LEVIN, ATTORNEY AT LAW**

          STEPTOE & JOHNSON LLP
          One Market Plaza
          Steuart Tower, Suite 1070
          San Francisco, California 94105
   BY: **JONATHAN M. BAUM, ATTORNEY AT LAW**


For Defendant Chamberlain:
          BIRD, MARELLA, RHOW, LINCENBERG,
           DROOKS & NESSIM LLP
          1875 Century Park East, 23 Floor
          Los Angeles, California 90067
   BY: **GARY S. LINCENBERG, ATTORNEY AT LAW**
       **MICHAEL C. LANDMAN, ATTORNEY AT LAW**
       **RAY SEILIE, ATTORNEY AT LAW**

| | |
|---|---|
| 1 | **Wednesday - June 5, 2024**                                          **9:00 a.m.** |
| 2 | **P R O C E E D I N G S** |
| 3 | --oOo-- |
| 4 | (Proceedings heard outside the presence of the jury:) |
| 5 | **THE COURT:** Okay. Let the record reflect the parties |
| 6 | are present, jury is not present. |
| 7 |     Good morning. |
| 8 | **MR. LEACH:** Good morning, Your Honor. |
| 9 | **MR. MORVILLO:** Good morning, Your Honor. |
| 10 | **MR. LEACH:** We have conferred about the note we |
| 11 | received yesterday, Your Honor. |
| 12 | **THE COURT:** Right. |
| 13 | **MR. LEACH:** I think there is agreement on some |
| 14 | documents that can go back to the jury, and I think there's |
| 15 | disagreement on others. |
| 16 | **THE COURT:** Okay. So let's look at the documents that |
| 17 | there is agreement on. |
| 18 | **MR. LEACH:** I'm tendering to the clerk the ones where |
| 19 | I think there is agreement. |
| 20 | **THE COURT:** Okay. I have before me then trial |
| 21 | Exhibit 428. |
| 22 | **MR. LEACH:** Yes. This is the 2009 Annual Report. I |
| 23 | think that's agreed to. |
| 24 | **THE COURT:** Okay. |
| 25 | **MR. MORVILLO:** Yeah, that's agreed to, Your Honor. |

1  Yes.
2          **THE COURT:**  Trial Exhibit 1352.
3          **MR. LEACH:**  That's the 2010 Annual Report, and I think
4  there's agreement on that.
5          **MR. MORVILLO:**  Also agreed.
6          **THE COURT:**  Okay.
7      Then Exhibit 1512, which is a --
8          **MR. LINCENBERG:**  Count 2.
9          **MR. LEACH:**  This is the wire associated with Count 2,
10 Your Honor.
11         **THE COURT:**  Okay.
12         **MR. MORVILLO:**  That's agreed.
13         **THE COURT:**  1531.
14         **MR. LEACH:**  1531 is a press release for the fourth
15 quarter of 2010, which is the wire alleged in Count 3.
16         **MR. MORVILLO:**  That is also agreed.
17         **THE COURT:**  You know what we might do is write on it
18 like Count 2, Count 3, so they associate the -- or not, I don't
19 know.  I mean, maybe not.
20     Count 3.  I'm just trying to -- they said all the counts,
21 right?
22         **MR. LEACH:**  They asked for all the counts, Your Honor.
23         **THE COURT:**  All right.  1727.
24         **MR. LEACH:**  This is an April 4th, 2011 email.  It's
25 the wire alleged in Count 6.

1  THE COURT: Okay. 1788?

2  MR. LEACH: This is the first quarter of 2011 press
3  release, the wire alleged in Count 7.

4  THE COURT: 2023.

5  MR. LEACH: This is the Q2 2011 press release, which
6  is the wire alleged in Count 8.

7  THE COURT: 2130.

8  MR. LEACH: This is an email dated August 4th, 2011.
9  It's the wire alleged in Count 13.

10  THE COURT: 2146.

11  MR. LEACH: The Government's position is this is the
12  wire alleged in Count 14. I think counsel for Dr. Lynch
13  indicated there's some ambiguity because the indictment alleges
14  "to MS," and in this email MS is in the CC line. I don't think
15  that's significant, and I'm not sure if there's really an
16  objection on this one.

17  MR. MORVILLO: We're just seeking clarification that
18  this is, in fact, the email referenced in the indictment.

19  MR. LEACH: Yes, it is.

20  MR. MORVILLO: It seems to be. It seems to have the
21  same subject line, and it seems to copy Mr. Sarin. It just --
22  the indictment says that it's from AK to MS, and this is from
23  AK to Emma Walton, not MS, but he's copied. So is that a typo?

24  MR. LEACH: I think the indictment is using "to" in
25  the colloquial sense, that it's to them and not necessarily a

```
 1  reference to the CC line as opposed to the --
 2          THE COURT:  All right.
 3          MR. MORVILLO:  I just want to make sure there's not
 4  another document --
 5          MR. LEACH:  No.
 6          MR. MORVILLO:  -- with the same subject matter from
 7  Mr. Kanter to Mr. Sarin.
 8          MR. LEACH:  Correct.
 9          MR. MORVILLO:  Okay.
10          THE COURT:  2146.  2412. 2-4-1-2.
11          MR. LINCENBERG:  I'm sorry, I didn't hear that, Your
12  Honor.
13          THE COURT:  2412.
14          MR. LEACH:  2412 and 2414 are the wires alleged in
15  Count 15.
16          THE COURT:  Okay.
17     All right.  Okay.  And we'll talk about whether to --
18  whether to label them "Count," as they relate --
19          MR. LEACH:  We would have no problem with that, Your
20  Honor.
21          THE COURT:  I mean, I'm now talking about the wires as
22  distinct from the annual report -- well, the annual reports.
23  The annual reports were not the subject of a count, were they?
24          MR. LEACH:  They were not, Your Honor.
25          THE COURT:  Right.  Okay.
```

1   **MR. MORVILLO:** But they've asked for them
2   specifically.
3       **THE COURT:** They've asked for those specifically, but
4   I mean, I thought that --
5       Okay. Well, let's go to the ones that aren't in -- that
6   there's some disagreement and try to figure out what -- what
7   the disagreement is.
8       **MR. LEACH:** Okay. I'm happy to tender those to the
9   Court.
10      **THE COURT:** Okay. So these are in.
11      And now these are in dispute.
12      Okay. So not in any particular order.
13      **MR. LEACH:** I think the first dispute relates to
14  count --
15      **THE COURT:** 2710. I'm just reading them off the top.
16  Is that where you want me to start?
17      **MR. LEACH:** Yes. Yes.
18      Count 4, Your Honor, alleges a wire relating to a video
19  conference call involving participants in Palo Alto, California
20  and the United Kingdom on February 3rd, 2011.
21      Exhibit 2710 evidences that Halo call. It's not
22  technically the call itself, but I think it's documentary
23  evidence evidencing the call, and I think it's what the jury is
24  looking for in the note and should be provided to them.
25      **MR. MORVILLO:** We disagree, Your Honor. We think that

1  what the jury is looking for are the specific wires that are
2  predicates for the offenses charged in Counts 2 through 15, and
3  for this one this is evidence that a call happened, but it is
4  not the wire in question.
5      There are lots of documents and testimony about what
6  happened on a particular date.
7          **THE COURT:** Yeah.  I mean, that's the problem I have,
8  is that if you start pulling in evidence related to the wire,
9  as distinct from the wire itself, where do you draw the line?
10 I don't think you can draw the line.
11     Now, we may want to say -- in the note we may want to say
12 there is not a document or it was a Halo call for which there
13 is no transcript, or something like that.
14         **MR. MORVILLO:** We agree, actually, Your Honor, that
15 there can be a proper instruction given to them about these
16 issues.
17         **THE COURT:** I mean, I think -- I want to explain -- I
18 think it's -- I think it's appropriate to explain to the jury
19 why we're not responding to their note, because of course they
20 can think, oh, there was no evidence of that.
21         **MR. LEACH:** That's our concern, Your Honor.
22         **THE COURT:** And that that -- that's right.  Well, so I
23 think you could say there was -- there is evidence, something
24 like that, of a Halo call which took place on February 3rd,
25 2011.  There is no transcript of that call.

```
 1              MR. MORVILLO:  Or there's no document reflecting that
 2   wire, something to that effect.
 3              THE COURT:  Well, I don't know that I want to say
 4   that, because there is a document.  I'd just say there's no
 5   transcript.  Maybe that's a better way of saying it.
 6         I mean, it was a statement in a Halo call, right?  That's
 7   what the subject is or -- am I right, or no?
 8              MR. MORVILLO:  Well, it's unclear.
 9              THE COURT:  Yeah?
10              MR. MORVILLO:  The crime charged is that there was a
11   wire on that date that was the Halo call.
12              THE COURT:  Well, what is the -- the wire is the call
13   itself?
14              MR. MORVILLO:  Correct.
15              MR. LEACH:  The wire is the call itself, Your Honor.
16              MR. MORVILLO:  Not what was said, not who
17   participated.
18              THE COURT:  Okay.  So I think one could say there was
19   a wire call -- there was a call -- well, I don't know if you
20   can really say a wire call or a call reflected in a wire on
21   February -- you should suggest some language.
22         Anyway, let's -- we'll go back.  I don't know.  Anyway,
23   I'm not going to send in the document.  I will, however, want
24   an explanation to be given to the jury as to what it is.
25              MR. MORVILLO:  We will confer with the Government as
```

```
 1  to the proper explanation.
 2          THE COURT:  Sorry?
 3          MR. MORVILLO:  We'll confer with the Government as to
 4  the proper explanation.
 5          THE COURT:  Yeah, just so you can get some language as
 6  to what it is.  We can work on it in a minute.
 7          MR. MORVILLO:  We think that same principle applies to
 8  Counts 5 and 8 as well as Count 4.
 9          THE COURT:  Yes.  Doesn't it?
10          MR. LEACH:  I agree the principle applies, Your Honor.
11  The same for Count 9 through 12.
12          THE COURT:  Okay.  All right.  Go ahead.
13          MR. LEACH:  There is a stipulation relating to some of
14  the diligence calls, and this is Exhibit 17504 --
15          THE COURT:  Well, wait.  Am I finished?  I'm now -- I
16  just want to proceed with the stack, because the stack is the
17  Government's proposal, right?
18          MR. LEACH:  It is, Your Honor.  But I can represent
19  that the remainder are in the same category as number 4.
20          THE COURT:  Oh, okay.
21          MR. LEACH:  It's -- it's --
22          THE COURT:  Okay.  All right.  Then why don't you go
23  back to the drawing board and work out a response in the note
24  that I can then write or type, or something like that, and give
25  to the jury along with the other documents.
```

| | |
|---|---|
| 1 | **MR. MORVILLO:** We will do that. There's one open issue, which I think Mr. Leach is about to address. |
| 3 | **THE COURT:** Yes. |
| 4 | **MR. LEACH:** With respect to Counts 9 through 12, these are the diligence calls in August of 2011. There is a stipulation that says on these various dates a conference call for HP was hosted. I believe this is evidence of the wires themselves, and I think it would be appropriate to include the stipulation in what we're sending back to the jury. I'm happy to -- |
| 11 | **THE COURT:** Yeah, I want to look at it. |
| 12 | **MR. LEACH:** Ms. Scott. |
| 13 | **THE CLERK:** Oh, sorry. |
| 14 | **THE COURT:** Well, I think something like this is actually helpful. |
| 16 | **MR. MORVILLO:** I agree. |
| 17 | **THE COURT:** It's helpful. |
| 18 | **MR. MORVILLO:** We don't object to the stipulation going back, Your Honor. |
| 20 | **THE COURT:** Yeah. |
| 21 | **MR. MORVILLO:** What we do object to are the other documents like the ones we just discussed. |
| 23 | **THE COURT:** Well, I'm not going to do the other document. |
| 25 | **MR. MORVILLO:** Yes. |

| | |
|---|---|
| 1 | **MR. LEACH:** I understand the Court's position on that. |
| 2 | **THE COURT:** Yeah.  Okay.  So this will go in.  And |
| 3 | then if there's any -- |
| 4 | **MR. MORVILLO:** We will confer on language. |
| 5 | **THE COURT:** -- on language as to why there's not |
| 6 | further documentation. |
| 7 | Now, let's talk about whether I ought to write on these |
| 8 | documents "Count 1, Count 2, Count 6, Count 12."  I mean, there |
| 9 | are sort of pluses and minuses.  It's not evidence -- well, it |
| 10 | is and it isn't.  It is and it isn't. |
| 11 | I'm just -- I'm trying to make it -- I'm trying to move |
| 12 | things along so they get this piece of paper they don't know -- |
| 13 | but maybe they could figure it out just by looking -- |
| 14 | **MR. MORVILLO:** I think it's self-explanatory, Your |
| 15 | Honor. |
| 16 | **THE COURT:** Maybe it's self -- maybe if you just look |
| 17 | at the form of the verdict that's enough, and they see the |
| 18 | date, they see the date.  Okay.  Never mind. |
| 19 | I mean, I don't know.  I've talked myself out of it. |
| 20 | **MR. LEACH:** We're fine either way, Your Honor. |
| 21 | **THE COURT:** Either way.  Yeah.  Okay.  Let's not |
| 22 | complicate it.  I mean, let's keep it the way it is.  I don't |
| 23 | touch anything, you know. |
| 24 | Okay.  So go talk. |
| 25 | **MR. LEACH:** We will, Your Honor. |

```
 1            THE COURT:  Now.
 2            MR. MORVILLO:  You want us to do it in front of you?
 3            (Laughter)
 4            THE COURT:  No.  Well, I don't think that's a good
 5   idea.
 6        Okay.  I'll be in the neighborhood.
 7            (Discussion held off the record.)
 8            THE COURT:  Okay.  Parties are here, jury is not.
 9        Mr. Leach.
10            MR. LEACH:  Your Honor, we've conferred.  Our proposed
11   language is as follows.  I've written it on a note here, if you
12   want me to pass it up after.
13            THE COURT:  Okay.
14            MR. LEACH:  We propose the Court include a response to
15   the note that says:
16             "We are sending back paper copies of the wires
17        associated with Counts 2, 3, 6, 7, 8, 13, 14 and 15.  With
18        respect to Counts 4 and 5 the wires alleged are video
19        conferences."
20            MR. MORVILLO:  What about 9 through 12?
21            MR. LEACH:  And there's a stipulation with respect to
22   9 through 12.
23            THE COURT:  Okay.  But what is the -- what if they
24   say, well, does that mean it's not relevant to Count 1?
25            MR. LEACH:  Count 1 alleges --
```

```
1       THE COURT:  They didn't ask for Count 1.
2       MR. MORVILLO:  They didn't ask for that.
3       THE COURT:  They didn't ask.  That's the answer to
4   that question.
5                        (Laughter)
6       THE COURT:  Okay.  That's fine.  Is that okay?
7       MR. MORVILLO:  That's okay with the defense.
8       THE COURT:  All right.  Okay.  We'll write it on
9   the -- just look at it and make sure.
10      Okay.  So we'll write it on the note and send it back,
11  okay?
12      MR. MORVILLO:  And you have copies of the documents
13  that are going back, Judge?
14      THE COURT:  I think Ms. Scott does, right?  Right
15  there.
16      MR. MORVILLO:  You're sending one copy back, right?
17      THE COURT:  Pardon me?
18      MR. MORVILLO:  One copy?
19      THE COURT:  One copy.
20      THE CLERK:  Do you want to check?
21      MR. MORVILLO:  Sure.
22      THE COURT:  Okay.  Now, I have a question.
23      Okay.  So let Elisa do that.  Write that on there, okay?
24      How many people in the room are associates, not partners,
25  associates.  Stand up.  Stand up.  Stand up.
```

1      (Audience stands.)
2      **THE COURT:** Associates? Great. Okay. I want all of
3  you to come forward, just the associates. I don't want any
4  partners here.
5      Okay. There you go. Great. Come on. Or paralegals,
6  paralegals, assistants ...
7      **THE CLERK:** Off the record?
8      **THE COURT:** Yeah, off the record.
9      (Discussion held off the record.)

|   |   |
|---|---|
| 1 | CERTIFICATE OF REPORTER |
| 2 | I certify that the foregoing is a correct transcript |
| 3 | from the record of proceedings in the above-entitled matter. |
| 4 | |
| 5 | Dated:  June 5, 2024 |

_____

Rhonda L. Aquilina, CSR #9956, RMR, CRR, CRC
U.S. Court Reporter

**UNITED STATES COURT REPORTERS**